UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: FCA US LLC MONOSTABLE
ELECTRONIC GEARSHIFT LITIGATION

MDL No. 2744

Case Number 16-md-02744
Honorable David M. Lawson
Magistrate Judge David R. Grand

_____/

**PRETRIAL ORDER NO. 2: APPOINTMENT OF LEAD AND LIAISON COUNSEL**

On October 18, 2016 the Court entered an order scheduling an initial status conference and invited the parties to submit applications for lead and liaison counsel.  In response, counsel for the plaintiffs filed a joint motion for the appointment of a leadership structure for the plaintiffs.  The Court and the parties discussed the motion and the leadership structure at the initial status conference in open court on November 10, 2016.  After consideration, the Court now establishes the leadership structure for representation of the plaintiffs in the consolidated cases before the Court, and establishes the procedures set forth below.

Accordingly, it is **ORDERED** that the plaintiffs' omnibus motion for appointment of leadership structure [dkt. #9] is **GRANTED IN PART**.

It is further **ORDERED** as follows:

**I.** **Appointment of Lead Counsel**.  The Court designates the following counsel as plaintiffs' Lead Counsel and chair of the Plaintiffs' Steering Committee (PSC):

> E. Powell Miller
> The Miller Law Firm, P.C.
> 950 West University Drive, Suite 300
> Rochester, Michigan 48307
> 248-841-2200
> epm@millerlawpc.com

The Court vests Mr. Miller, as Lead Counsel and PSC Chair, with the authority and duty to coordinate and oversee the PSC responsibilities set forth below; to schedule PSC meetings and keep minutes or transcripts of these meetings; to appear at periodic Court-noticed status conferences and hearings; to sign and file all pleadings relating to all actions; and to bind the PSC in scheduling settlement discussions and discovery, setting agendas, entering into stipulations, and in other necessary interactions with the settlement master (if any), defense counsel, and the PSC.  Mr. Miller also shall have the authority to retain the services of any attorney not part of the PSC to perform any common benefit work, provided the attorney so consents and is bound by the PSC's compensation structure.  He shall perform other necessary PSC administrative and logistical functions and carry out any other duty as the Court may order.

**II.     Appointment of Plaintiffs' Steering Committee**.    The Court designates the following counsel members of the Plaintiffs' Steering Committee (PSC):

Steve W. Berman
Hagens, Berman, Sobol, Shapiro, LLP
1918 Eighth Avenue, Suite 3300
Seattle, Washington 98101
206-623-7292
steve@hbsslaw.com

Daniel E. Gustafson
Gustafson Gulek PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
612-333-8844
dgustafson@gustafsongluek.com

Joseph H. Meltzer
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087
610-667-7706
jmeltzer@ktmc.com

Robert K. Shelquist
Lockridge Grindal Nauen P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, Minnesota 55401
612-339-6900
rkshelquist@loclaw.com

Gregory F. Coleman
Greg Coleman Law PC
800 South Gay Street, Suite 1100
Knoxville, Tennessee 37929
865-247-0080
greg@gregcolemanlaw.com

The PSC is responsible for creating its own structure, including establishing subcommittees, subject to the Court's approval. The Court recognizes that changes to the PSC's organization may be necessary as the litigation progresses and new details emerge.

**III.    Appointment of Liaison Counsel**. The Court designates the following counsel as plaintiffs' Liaison Counsel:

>David Honigman
>Mantese Honigman PC
>1361 East Big Beaver Road
>Troy, Michigan 48083
>248-457-9200
>dhonigman@manteselaw.com

**IV.    Terms of Appointment**. The appointments of Lead and Liaison Counsel and the PSC are personal to the individual attorney appointed. Although the Court has considered PSC members' resources and expects they will draw upon their firms and co-counsel to assist them with their duties, each member is personally responsible for his or her duties. The Court may add or replace members upon request from the PSC, or on its own motion, if and as circumstances warrant.

It is intended and expected by the Court that, as to all matters common to the coordinated cases, and to the fullest extent consistent with the independent fiduciary obligations owed by any and all plaintiffs' counsel to their clients and any putative class, pretrial proceedings shall be conducted by and through the PSC.

The Court will make the final determination as to the compensation and reimbursement of plaintiffs' counsel. All time keepers carrying out work for the plaintiffs' common benefit, including PSC members, who may look to any common fund or agreement for reimbursement or compensation shall maintain detailed and contemporaneous time records. The Court will provide further details in a subsequent Order.

**V.    Duties of Lead Counsel.** Lead Counsel, in consultation with the PSC as appropriate, shall do the following:

- Establish and maintain a depository for orders, pleadings, hearing transcripts, and all documents served upon plaintiffs' counsel, and make such papers available to plaintiffs' counsel upon reasonable request;

- Maintain in conjunction with their accountant records of receipts and disbursements advanced by PSC members and received by the PSC and report in writing to the PSC concerning disbursements and receipts;

- Coordinate the initiation and conduct of discovery on behalf of all plaintiffs consistent with the requirements of the Federal Rules of Civil Procedure relating to discovery or any other subsequent order of this Court;

- Designate counsel to schedule depositions, set agendas and otherwise interact with defense counsel, various plaintiffs' counsel, and the settlement master (if one is appointed);

- Determine (after consultation with other members of the PSC and other co-counsel as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings;

- Conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized;

- Delegate specific tasks to other counsel in a matter to ensure that pretrial preparation for the plaintiffs is conducted effectively, efficiently, and economically;

- Enter into stipulations, with opposing counsel, necessary for the conduct of the litigation;

• Prepare and distribute to the parties periodic status reports;

• Maintain adequate time and disbursement records covering service of designated counsel and enforce guidelines approved by the Court as to the keeping of time records and expenses;

• Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

• Perform such other duties as may be incidental to proper coordination of the plaintiffs' pretrial activities or authorized by further Order of the Court; and

• Submit, if appropriate, suggestions for establishing additional committees and counsel for designation by the Court.

Counsel for plaintiffs who have individual or divergent positions because of the status of their clients may present written and oral argument with leave of the Court and provided that in doing so they do not repeat arguments, questions, or actions of the Lead Counsel.

**VI.** **Duties of Liaison Counsel**.  Liaison Counsel shall do the following:

• Maintain and distribute to co-counsel, to defendant's counsel, and to the Court an up-to-date service list regularly;

• Receive and, as appropriate, distribute to co-counsel Orders from the Court and documents from opposing parties and counsel;

• Assist in the coordination of activities, discovery, meetings and hearings and assist in resolving scheduling conflicts among the parties; and

• Coordinate, as appropriate, the pretrial activities in this proceeding with parallel state court litigation involving the product defects alleged in master complaint to be filed in this case.

                                        s/David M. Lawson
                                        DAVID M. LAWSON
                                        United States District Judge

Dated:   November 16, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 16, 2016.

                                      s/Susan Pinkowski
                                      SUSAN PINKOWSKI