UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: FCA US LLC MONOSTABLE
ELECTRONIC GEARSHIFT LITIGATION

MDL No. 2744

Case Number 16-md-02744
Honorable David M. Lawson
Magistrate Judge David R. Grand

_____/

**PRETRIAL ORDER NO. 8: PROTECTIVE ORDER**

The parties have submitted a proposed protective order in which they ask the Court to regulate the designation and use during this litigation of documents that they believe may contain confidential materials.

Accordingly, it is **ORDERED** as follows:

**I.   PURPOSES AND LIMITATIONS.**  Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  The parties have stipulate to and asked the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties acknowledge that this Protective Order is subject to the requirements and limitations of the Local Rules of the Eastern District of Michigan.

The parties further acknowledge, as set forth in Section 11.4 below, that this Protective Order does not entitle them to file confidential information under seal.  Eastern District of Michigan Local Rule 5.3 sets forth the procedures that must be followed when a party seeks permission from the court to file material under seal.

Discovery in this case may involve the production of trade secrets or other confidential research, development, commercial, financial, technical and/or proprietary commercial information. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. To expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to protect information the parties believe should be kept confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, a protective order for such information is prudent. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner.

**II.    DEFINITIONS.** As used in this Order, the following terms will have the meaning ascribed below:

A. Action: In re: FCA US LLC MONOSTABLE ELECTRONIC GEARSHIFT LITIGATION, Case No. 16-md-02744-DML-DRG, pending in the United States District Court for the Eastern District of Michigan, Southern Division, including all actions transferred by the Judicial Panel on Multidistrict Litigation.

B.  Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

C.  Confidential Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that may qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above and as follows: such designated trade secrets, or other confidential research, pricing, development, technical, procedural, financial or commercial information or personal-identifying information that satisfies the criteria imposed by Federal Rule of Civil Procedure 26(c)(1)(G). Any party or non-party (the "Designating Party") may designate as "Confidential" any document, information contained in a document, information revealed during a deposition or information revealed in an interrogatory answer or any other discovery response that contains Confidential Information that they produced or that was produced by a non-party but contains Confidential Information relating to the Designating Party.

D.  Documents to be designated Confidential: Only such documents that qualify as "Confidential Information" shall be accorded the protections of this Protective Order to the extent they contain Confidential Information and provided such documents are affirmatively designated as "Confidential."  Any documents to be designated as "Confidential" may be so designated by labeling the documents with the term "Confidential" prior to their production.  Similarly, documents produced on DVD, CD, or other media may be designated as "Confidential" by labeling the media as "Confidential" or placing the electronic file in a folder labeled "Confidential," if it is not reasonably practicable to label the documents themselves as "Confidential."  Labeling "Confidential" on the cover of any multi-page document shall so designate all pages of such document, unless otherwise indicated by the designating party.  In the case of documents and

information on which it is not reasonably practicable to place the legend "Confidential" as set forth above, designation of information may be made by: (1) informing all Receiving Parties in writing, which shall specifically identify the document (by Bates-stamp, where available), deposition or hearing transcript pages, interrogatory response or other information that is being designated; (2) stating on the record during a deposition, hearing or other proceeding that all or a specific part of the transcript contains Confidential Information; or (3) such other reasonable means that provide timely notice to Receiving Parties of the designation, with particularity as to the information being designated.

      E.  Counsel: Counsel of Record and House Counsel (as well as their support staff).

      F.  Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

      G.  Disclosure and Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

      H.  Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation within the meaning of Federal Rule of Civil Procedure 26(a)(2) or Federal Rule of Evidence 702.

      *I.*  Final Disposition.  Final Disposition shall be deemed to be the later of (A) dismissal of all claims and defenses in this Action, with or without prejudice; or (B) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of

this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

J. House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Counsel of Record or any other outside counsel.

K. Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

L. Counsel of Record: attorneys (and theiir support staffs) who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party.

M. Party: any named party to the Action, and all of their respective officers, directors, employees, consultants, retained experts, and Counsel of Record (and their support staffs).

N. Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

O. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

P. Protected Material: any Disclosure or Discovery Material that is designated as "Confidential."

Q. Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**III.    Scope**. The protections conferred by this Order cover Protected Material (as defined above), and (A) any information copied or extracted from Protected Material; (B) all copies,

excerpts, summaries, or compilations of Protected Material; and (C) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. This Order does not restrict the disclosure or use of any information or documents lawfully obtained by the Receiving Party through means or sources outside of this Action.

This Protective Order shall not apply to information that (D) was, is, or becomes public knowledge (not by any way of a violation of this Protective Order), or (E) the Requesting Party establishes was already in the Requesting Party's rightful and lawful possession at the time of the disclosure.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**IV.    Duration.** After Final Disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. This Court shall retain jurisdiction of this Action after Final Disposition for the purpose of enforcing the terms of this Order.

**V.    Designating Protected Material.**

A. Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that the Designating Party and its counsel in good faith believe qualifies under the appropriate standards.

If a Designating Party learns that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

B.  Manner and Timing of Designations.  Except as otherwise stated in this Order, or as otherwise stipulated or ordered, Disclosure and Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

1. For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "Confidential" (hereinafter "Confidential legend"), to each page that contains Protected Material.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the Inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "Confidential legend" to each page that contains Protected Material.

2. For testimony given in depositions, the Designating Party may identify the Disclosure or Discovery Material that constitutes Protected Material on the record before the close of the deposition, but a party may designate all or part of the deposition as "Confidential" within twenty-one (21) days after receipt of the deposition transcript.  During the 21-day period following receipt of the deposition transcript, it shall be treated as Protected Material unless otherwise agreed

to by the parties. The originals and all copies of the deposition transcript must bear the "Confidential legend."

3. For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the "Confidential legend." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

C. Inadvertent Failures to Designate. The inadvertent production by any party of any qualified information without a "Confidential legend" shall be without prejudice to any claim that such material should be treated as Protected Material and such party shall not be held to have waived any rights by such production or disclosure. In the event that such production occurs, counsel for the producing party may designate the documents as Protected Material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**VI.     Challenging Confidentiality Designations.**

A. Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's pretrial orders.

B. Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 7.1 and 37.1. As part of that process, the Designating Party must assess whether designation of a portion of the material as "Confidential" is a viable alternative to designation of the entire document.

C.  Unless otherwise provided by law, the burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

D.  Resolution of Challenges to Designations. No party to this action is obliged to challenge the protected status of any document or testimony at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge.  If a Requesting Party challenges any designation by a Designating Party of any document or testimony as Confidential Information, such party shall consult in good faith with the Designating Party and try to resolve the matter on an informal basis and shall identify specifically the challenged document(s) by Bates number and the reasons that party believes the documents are not Confidential Information. If no agreement is reached, the Producing Party shall have 30 days to seek an order prohibiting disclosure of the disputed material other than as permitted by this Order. The Producing Party shall identify (with as much specificity as is practicable) the document or testimony that the Producing Party contends is entitled to protection. Any document or testimony as to which such a motion is made shall continue to be treated as Confidential Information until the Court renders a decision or the motion is otherwise resolved.

**VII. Access to and Use of Protected Material.**

A. Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. The Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIII below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B. Disclosure of "Confidential" Information or Items. Unless the Court orders otherwise, or a Designating Party consents in writing, a Receiving Party may disclose any information or item designated "Confidential" only to:

1. The Receiving Party's Counsel of Record in the Action, and employees of Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

2. The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

3. The Receiving Party's Experts to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), except that, for Experts who were employed by any competitor of FCA US, LLC within two (2) years from the date of this order, Protected Material may be disclosed to such Experts only after counsel for FCA US, LLC are given at least 21 days prior written notice of the identity of the Expert, along with the Expert's curriculum vitae; if within 14 days after receiving such notice, counsel for FCA US, LLC objects to disclosure, no disclosure may occur until the objection is resolved;

      4. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court;

      5. Any court reporter or videographer reporting a deposition;

      6. Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      7. The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

      8. During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (a) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (b) the witness signs the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

      9. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**VIII. Protected Material Subpoenaed or Ordered Produced in Other Litigation.** If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "Confidential," that Party must:

    A. Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    B. Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

    C. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "Confidential" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

  **IX. Non-Party's Protected Material Sought to Be Produced in this Litigation.**

    A. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "Confidential." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

B. If a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1. Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2. Promptly provide the Non-Party with a copy of the Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3. Make the information requested available for inspection by the Non-Party, if asked.

C. If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Confidential Information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

X. **Unauthorized Disclosure of Protected Material.** If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (A) notify in writing the Designating Party of the unauthorized disclosures, (B) use its best efforts to retrieve all unauthorized copies of the Protected Material, (C) inform the person or persons to whom

unauthorized disclosures were made of all the terms of this Order, and (D) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

**XI.     Inadvertent Production of Privileged or Otherwise Protected Material.**  When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  If the matter is presented to the Court under Rule 26(b)(5)(B), the question whether the disclosure constitutes or will be deemed a waiver or forfeiture of any claim of attorney-client privilege or work product protection will be resolved under Federal Rule of Evidence 502.  If counsel for a Receiving Party receives any material that appears on its face to be inadvertently produced and subject to a claim of privilege, attorney work product protection, or other protection, counsel for the Receiving Party will promptly inform counsel for the Producing Party and return, sequester, or destroy all copies of the subject materials.

This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**XII.     Miscellaneous.**

A.  Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

B. Right to Assert Other Objections. By agreeing to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. No Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C. No Admission. Designation by any party of information or documents as "Confidential," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. No party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that a party designated or failed to designate information or documents as "Confidential."

D. Filing Protected Material. This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to have filed under seal any paper or other matter must file and serve a motion that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (v) a memorandum of legal authority supporting the seal. See E.D. Mich. Local Rule 5.3. The movant shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. Whenever a motion to seal is filed, the movant shall submit a brief that states the particular reason the seal is required. If a

motion to seal is granted, the documents to be filed under seal shall be filed electronically by the movant.

  E. Filing Procedures. The following procedures shall apply regarding any paper sought to be filed under seal pursuant to this Protective Order.

  1. Any party that anticipates filing material that has been designated as Confidential Information, other than the Designating Party, must provide reasonable notice to the Designating Party of the proposed filing, so that the Designating Party will have ample time, if it so desires, to file a motion for leave to file the material in question under seal. The parties then shall comply with E.D. Mich. L.R. 7.1(a)(1)'s meet-and-confer requirement in connection with any anticipated motion for an order authorizing the filing of Confidential Information under seal, in a good faith attempt to reach an agreement regarding whether the Confidential Information should be filed under seal. If an agreement is reached, then the parties may file a joint motion for leave to file under seal, in conformance with paragraph XII(D) above and Eastern District of Michigan Local Rule 5.3. If an agreement is not reached, then the Designating Party may file a motion in compliance with 11.4 above and Local Rule 5.3.

  2. Retrieving sealed papers is required. A party who has filed material under seal must retrieve that material, not later than sixty days after the conclusion of the case, including any appeal.

  F. The production of Confidential Information or Items by FCA US or the plaintiffs shall not constitute a waiver of any privilege or other claim or right of withholding or confidentiality that it may have. The terms of this protective order do not preclude FCA US from providing confidential or protected information and documents to the National Highway Traffic Safety

Administration (NHTSA), either voluntarily or in connection with FCA US's obligations under the National Traffic and Motor Vehicle Safety Act of 1966 (Safety Act), 49 U.S.C. § 30101, et. seq.

**XIII. Final Disposition.** After Final Disposition of this Action, within 56 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 56-day deadline that (A) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (B) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section IV. There shall be no restrictions on the disclosure or use of documents or exhibits used in open court, unless the documents or exhibits were filed under seal and the Court has not lifted any such restriction on the same.

**XIV.** Any violation of this Order may be punished by all appropriate measures including, without limitation, contempt proceedings or monetary sanctions or both.

XV. This Protective Order shall not operate as an admission by any party that receives any particular document designated as Confidential Information that such document contains or reflects Confidential Information. This Protective Order shall operate unless and until superseded by another order of the Court.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 24, 2017

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 24, 2017.

s/Susan Pinkowski
SUSAN PINKOWSKI

**EXHIBIT A TO PROTECTIVE ORDER**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby declare(s) under penalty of perjury that I (we) have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Eastern District of Michigan in the case of *In re:  FCA US LLC Monostable Electronic Gearshift Litigation*, Case No. 16-2744, MDL No. 2744 assigned to the Honorable David M. Lawson.  The undersigned agrees to comply with and to be bound by all the terms of that Protective Order.

By signing this agreement, the undersigned solemnly promises that he/she/they will not disclose in any manner any information or item that is subject to that Protective Order to any person or entity except in strict compliance with the provisions of that Order.

Name:
Business Address:


Signature:_____
Printed Name:
Date: