UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: FCA US LLC MONOSTABLE
ELECTRONIC GEARSHIFT LITIGATION

MDL No. 2744

Case Number 16-md-02744
Honorable David M. Lawson
Magistrate Judge David R. Grand

_____/

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DENYING MOTION FOR PROTECTIVE ORDER

This matter is before the Court on the plaintiffs' objections to Magistrate Judge David R. Grand's order denying their motion for a protective order specifying that their depositions must be taken either (1) in the largest city within 75 miles of an individual plaintiff's place of residence; or (2) by use of video conference facilities under Federal Rule of Civil Procedure 30(b)(4). In his order denying the plaintiffs' motion, the magistrate judge reviewed with exemplary detail and clarity the factual background of the dispute and the applicable principles of law, and he concluded that the motion should be denied because the plaintiffs had not articulated any factual basis to show that any of them would suffer a "clearly defined and serious injury" sufficient to warrant the relief sought. After reviewing the record of proceedings and the plaintiffs' objections, the Court agrees, and the objections therefore will be overruled.

Under 28 U.S.C. § 636(b)(1), a magistrate judge has the authority "to hear and determine any pretrial matter pending before the court," with the exception of certain dispositive motions. 28 U.S.C. § 636(b)(1)(A). Federal Rule of Civil Procedure 72 allows parties fourteen days after service of an order entered by a magistrate judge to file their objections to the order. Fed. R. Civ. P. 72(a). The act of filing objections, however, does not stay the force of the magistrate judge's order, which "remains in full force and effect." E.D. Mich. LR 72.2. Upon receiving objections, the Court

reviews an order by a magistrate judge on a nondispositive matter to determine whether the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (stating that upon receipt of timely objections, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law"); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). A decision is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). Where there are two plausible views, a decision cannot be "clearly erroneous." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985).

The plaintiffs have failed to identify any clear error in the magistrate judge's ruling, and the Court agrees with the magistrate judge's conclusion that the plaintiffs have failed to articulate any sufficient basis for a finding that there is "good cause" to impose the geographic limitations on the taking of their depositions that the plaintiffs propose. "Under Federal Rule of Civil Procedure 26(c)(1), a district court may grant a protective order . . . to protect a party or entity from 'annoyance, embarrassment, oppression, or undue burden or expense.'" *In re Ohio Execution Protocol Litigation*, 845 F.3d at 236 (quoting Fed. R. Civ. P. 26(c)(1)). "To sustain a protective order under Rule 26(c), the moving party must show 'good cause' for protection from one (or more) harms identified in Rule 26(c)(1)(A) 'with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Ibid.* (quoting *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012)). "The enumerated harms available to support a protective order are 'annoyance, embarrassment, oppression, or undue burden or expense.'" *Ibid.* (quoting Fed. R. Civ. P. 26(c)(1)). "Good cause exists if 'specific prejudice or harm will result' from the absence of

a protective order." *Ibid.* (quoting *Father M. v. Various Tort Claimants (In re Roman Catholic Archbishop)*, 661 F.3d 417, 424 (9th Cir. 2011)).

As an initial matter, the plaintiffs' reliance on the geographic specifications for the places of taking depositions by subpoena under Federal Rule of Civil Procedure 45 is misplaced. Rule 45 is procedurally inapplicable in the context of a party's deposition, which may be taken upon issuance of a written notice, without need for a subpoena:

> *Depositions of parties, and officers, directors, and managing agents of parties need not involve use of a subpoena.* Under Rule 37(d)(1)(A)(i), failure of such a witness whose deposition was properly noticed to appear for the deposition can lead to Rule 37(b) sanctions (including dismissal or default but not contempt) without regard to service of a subpoena and without regard to the geographical limitations on compliance with a subpoena. *These amendments do not change that existing law; the courts retain their authority to control the place of party depositions* and impose sanctions for failure to appear under Rule 37(b).

Fed. R. Civ. P. 45, Advisory Committee Notes re: 2013 Amendments. (emphasis added); *see also* Fed. R. Civ. P. 37(d)(1)(A) ("The court where the action is pending may, on motion, order sanctions if . . . a party . . . fails, *after being served with proper notice*, to appear for that person's deposition." (emphasis added)). The "100 mile rule" under Rule 45(c)(1) has no bearing under the circumstances and is immaterial to the question where a party's deposition may or should be noticed.

In their first objection, the plaintiffs argue that the magistrate judge applied an inappropriately strict standard for establishing "good cause," where he held that the plaintiffs had not articulated any "clearly defined and serious injury" sufficient to justify protective relief. The magistrate judge did not err in his elaboration of the good cause standard, because the Sixth Circuit explicitly has endorsed the verbatim criteria that he applied. "The burden of establishing good cause for a protective order rests with the movant," and "[t]o show good cause, a movant for a protective order must articulate specific facts showing '*clearly defined and serious injury*' resulting from the

discovery sought and cannot rely on mere conclusory statements." *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (quoting *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C.1987) (emphasis added; internal quotation marks omitted)).

The magistrate judge also did not err in finding that the plaintiffs failed to supply in support of their motion any evidence to show that any of them would suffer a clearly defined and serious injury — or any discernible hardship at all. The plaintiffs' motion was not supported by affidavits of any of the named plaintiffs, and the plaintiffs did not even proffer any specific information relating to their individual financial or personal circumstances. The only support in the motion for the plaintiffs' unelaborated claims of "hardship" was a table compiled by plaintiffs' counsel listing the distances between the plaintiffs' places of residence and Detroit, Michigan, and the summary assertion that "[r]equiring 35 Plaintiffs to travel over 500 miles and 20 to travel over 1,000 miles is an undue burden and expense." Those conclusory representations, unsupported by any specific facts or evidence, are insufficient to support a finding that any individual plaintiff would suffer a clearly defined and serious injury as a result of being compelled to travel to the forum in which they chose to file their lawsuits to be deposed. District courts routinely have denied similar motions for protective relief by plaintiffs who failed to offer any particularized evidence about their circumstances to support claims of hardship. As one such court observed:

> The only evidence submitted by plaintiffs was a declaration by Plaintiff Alonzo Zambrano, one of the two plaintiffs whose depositions Defendant United States seeks to take in San Diego. Without laying a proper foundation, Plaintiff Zambrano purports to offer conclusory and summary information about the financial situation of the crew members collectively, without addressing the specific financial situations of Plaintiff Cedeno or himself, both of whom are presumably in different financial situations than the remainder of the crew members. Significantly, Plaintiff Zambrano's affidavit does not even address whether, and to what extent, traveling to San Diego for a deposition would impose a financial hardship on him.

*Tobar v. United States*, No. 07-817, 2014 WL 4793023, at *2 (S.D. Cal. Sept. 25, 2014) (denying plaintiff's motion for protective order and to quash notices of depositions of two citizens of Ecuador to be taken in San Diego, California); *c.f. Madej v. Maiden*, No. 16-658, 2017 WL 3446489, at *6 (S.D. Ohio Aug. 11, 2017) ("[I]n light of Plaintiffs' allegations *relating to the potential harm she may sustain from traveling*, the Court finds that good cause exists to conduct Mrs. Madej's deposition outside her home." (emphasis added)). "In assessing the motion, 'the court should balance the costs and burdens to each side.'" *United States v. $160,066.98 from Bank of America*, 202 F.R.D. 624, 626 (S.D. Cal. 2001). The plaintiffs here have made no effort to inform the Court's consideration of the balance of costs and burdens, since they have offered no specific factual basis to illuminate any serious hardship that any individual plaintiff would suffer as a result of being compelled to travel to the Eastern District of Michigan to be deposed.

In their second objection, the plaintiffs argue that requiring them to travel to the Eastern District of Michigan — the forum where the majority of them elected to sue the defendant — would be "perverse" in the context of a putative class action, and would defeat the objective of the multi-district litigation process of minimizing expense and streamlining pre-trial proceedings in a complex litigation involving claims and parties pending in various districts nationwide. The magistrate judge did not err in concluding that those policy-based considerations advanced by the plaintiff do not warrant a departure under the circumstances from the well-accepted general rule that the forum where an action is pending is an appropriate location for the deposition of a party.

"A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1). "A district court has wide discretion to

establish the time and place of depositions." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994). "Pursuant to Federal Rule of Civil Procedure 30(b)(1), the party noticing the deposition initially selects the deposition's location." *Madej*, 2017 WL 3446489, at *6 (citing Fed. R. Civ. P. 30(b)(1); 8A Wright & Miller, Federal Practice & Procedure § 2112 at 73 (2d ed. 1994) ("[T]he examining party may set the place for deposition of another party wherever he or she wishes, subject to the power of the court to grant a protective order under Rule 26(c)(2) designating a different place.")). "[T]he general rule [is] that the proper location of a plaintiff's deposition . . . is in the forum where the litigation is pending." *Scooter Store, Inc. v. Spinlife.com, LLC*, No. 10-18, 2011 WL 2118765, at *2-3 (S.D. Ohio May 25, 2011) (quoting 8A Wright & Miller, Federal Practice & Procedure § 2112 (3d ed. 2010) ("The basis for requiring plaintiff to come to the forum for the taking of his or her deposition in most cases is that plaintiff has selected the forum.")).

The plaintiffs contend that they should not be compelled to be deposed in Michigan because they never sought to do business with the defendant here. But that argument disregards the self-evident fact that many of them did choose to *sue* the defendant in this district, evidently because they, or their counsel, deemed it expedient and economical to elect a forum where no questions would arise concerning the Court's ability to exercise personal jurisdiction over the defendant. The plaintiffs also argue that the "usual practice" is to depose witnesses near where they reside. However, as noted above, the cases recognize that the general rule with respect to parties is otherwise, particularly where the question is whether a plaintiff should be deposed in the forum where he or she chose to sue. The plaintiffs also assert that it would be counter to the objectives of efficiency and expediency in the MDL process to require dozens of them to travel to this district for their depositions, rather than requiring several of the defendant's attorneys to travel to states where

the plaintiffs reside. The magistrate judge did not err in rejecting that position, where he observed that "holding all depositions in one central location may increase the possibility of completing multiple depositions on the same day, or completing numerous depositions on consecutive days," and that "[t]his would condense the amount of time it would take to depose the [46] Plaintiffs, as opposed to if counsel had to travel throughout the country for each deposition."

Finally, the plaintiffs assert that it would be "perverse," in the context of a putative class action brought to recover individually nominal damages for inconvenience and lost time due to the plaintiffs' accommodations of the defendant's unsuccessful attempts to repair its defective products, to impose costs and inconvenience on the plaintiffs in the course of discovery that may exceed their individual damages. But that argument carries little weight where, as here, no class has yet been certified, there have been no plans put forth by any party to depose any absent class members, and the only depositions presently contemplated are those of the named individual plaintiffs, some or all of whom presumably will seek to be approved as class representatives. The individual plaintiffs chose to sue the defendant in the Eastern District of Michigan, and, in contrast with potential absent class members who as yet may not even be aware of this consolidated litigation, the named plaintiffs presumably contemplated the costs and inconvenience to them that could result from their choice of forum. Moreover, as to those individual plaintiffs who may be designated to serve as class representatives, the cost and burden of the litigation for them due to their individual involvement in discovery and other pretrial proceedings can be addressed by appropriate individual incentive awards if the litigation results in a beneficial class recovery.

Finally, the plaintiffs assert that their request to have depositions taken by use of video conference facilities is reasonable and expressly allowed by Federal Rule of Civil Procedure

30(b)(4). That may be so, but whether the plaintiffs' proposal is reasonable is immaterial to the question whether they have elaborated a sufficiently serious and specific hardship to warrant protective relief from the Court compelling a departure from the general rule that the forum of the litigation is an entirely appropriate location for the taking of party depositions.

Nevertheless, although the plaintiffs have not established a sufficient basis for the Court to intervene and grant the protective relief that they seek, the Court urges the parties and their counsel, as did the magistrate judge, to give due consideration to the general principles of civility, fair dealing, and simple common sense, and to the overriding objective, which all of the parties and their attorneys must keep first in mind at all stages of the case, of facilitating "the just, speedy, and inexpensive determination" of this consolidated litigation, and all of its pendent matters. The Court also advises counsel for all of the parties to keep always in mind their professional obligations to follow those guiding principles in the context of their efforts to reach sensible accommodations as to the scheduling and location of all depositions to be taken in this litigation.

The plaintiffs have failed to put forth any factual basis to justify the relief sought in their motion for a protective order, and the magistrate judge did not err in reciting or applying the pertinent principles of law that preclude the relief that they seek.

Accordingly, it is **ORDERED** that the plaintiffs' objections to the magistrate judge's order denying their motion for protective order [dkt. #149] are **OVERRULED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   September 22, 2017

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 22, 2017.

                                              s/Susan Pinkowski
                                              SUSAN PINKOWSKI