### *Appendix F:   Plaintiffs' Proposed Special Verdict Forms for Unjust Enrichment*

*Set forth below are suggested interrogatories that would be presented on Special Verdict Forms at Trial.  This form is meant to be illustrative only, and not comprehensive.  Plaintiffs may suggest changes to the special interrogatories herein.  Moreover, the absence of any claim or state from the suggested classes is not intended to constitute a waiver of any claims currently, or in the future, brought in this action.*

## UNJUST ENRICHMENT CLASS #1

### THE RESTATEMENT'S BASIC TEST

A party is enriched if she receives a benefit.  A party is unjustly enriched if the retention of the benefit would be unfair.  A party obtains restitution when she is restored to the position she formerly occupied either by the return of something which she formerly had or by the receipt of its equivalent in money.  Ordinarily, the measure of restitution is the amount of enrichment received by the defendant.  If the loss suffered differs from the amount of benefit received, the measure of restitution may be more or less than the loss suffered or more or less than the enrichment.[1]

Some states (Illinois, Maryland, and Michigan) incorporate the *Restatement's* definition of unjust enrichment to determine liability.

### A.  LIABILITY

Plaintiffs claim that FCA was unjustly enriched.

Do you find by a preponderance of the evidence the following:[2]

**(i)     Did the plaintiffs confer a benefit on FCA?**

       Yes ☐            No ☐

**(ii)    Did FCA accept a benefit from the plaintiffs?**

       Yes ☐            No ☐

**(iii)   Under the circumstances, would it be unfair for FCA to retain the benefit?**

---

[1]   *Restatement (First) of Restitution* § 1 (1937) ("*Restatement*").

[2]   *See* 21B Am. Jur. *Pleading & Practice Forms Restitution & Implied Contracts* §12.1.

2

Yes ☐            No ☐

B. RESTITUTION

**Have plaintiffs proved by a preponderance of the evidence the amount that should be restituted to plaintiffs and the class?**

Yes ☐            No ☐

If "yes," complete the following blank: The [Court/Jury] finds that the appropriate amount of restitution for Plaintiffs and the Unjust Enrichment Class #1 is $_____. (If you answered "no," do not complete the blank.)

# UNJUST ENRICHMENT CLASS #2

### THE RESTATEMENT'S TEST AND APPRECIATION OF THE BENEFIT

Some states (Florida, Nevada, Oregon, Pennsylvania, Washington, and Wisconsin) use the *Restatement's* definition of unjust enrichment and require that the defendant appreciate the benefit to determine liability.

### A. LIABILITY

Plaintiffs claim that FCA was unjustly enriched.

Do you find by a preponderance of the evidence the following:

**(i)     Did the plaintiffs confer a benefit on FCA?**

    Yes ☐    No ☐

**(ii)    Did FCA accept a benefit from the plaintiffs?**

    Yes ☐    No ☐

**(iii)   Under the circumstances, would it be unfair for FCA to retain the benefit?**

    Yes ☐    No ☐

**(iv)   Did the FCA appreciate the benefit it was receiving from the plaintiffs and the subclass?**

    Yes ☐    No ☐

### B. RESTITUTION

**Have plaintiffs proved by a preponderance of the evidence the amount that should be restituted to plaintiffs and the class?**

    Yes ☐    No ☐

If "yes," complete the following blank: The [Court/Jury] finds that the appropriate amount of restitution for Plaintiffs and Unjust Enrichment Class #2 is $_____.  (If you answered "no," do not complete the blank.)

# UNJUST ENRICHMENT CLASS #3

### THE RESTATEMENT'S TEST AND REQUIRES AN INADEQUATE REMEDY AT LAW

Some states (Arizona, Colorado, Iowa, Massachusetts, New Jersey, New York, North Carolina, Ohio, and Utah) require that there be an inadequate remedy at law before bringing an unjust enrichment claim.

### A. LIABILITY

Plaintiffs claim that FCA was unjustly enriched.

Do you find by a preponderance of the evidence the following:

**(i)    Did the plaintiffs confer a benefit on FCA?**

Yes ☐         No ☐

**(ii)   Did FCA accept a benefit from the plaintiffs?**

Yes ☐         No ☐

**(iii)  Under the circumstances, would it be unfair for FCA to retain the benefit?**

Yes ☐         No ☐

**(iv)   Do the plaintiffs and the subclass have an adequate remedy at law?**

Yes ☐         No ☐

### B. RESTITUTION

**Have plaintiffs proved by a preponderance of the evidence the amount that should be restituted to plaintiffs and the class?**

Yes ☐         No ☐

If "yes," complete the following blank:  The [Court/Jury] finds that the appropriate amount of restitution for Plaintiffs and Unjust Enrichment Class #3 is $_____.
(If you answered "no," do not complete the blank.)

# UNJUST ENRICHMENT CLASS #4

## RESTATEMENT TEST AND REQUIRES WRONGFUL CONDUCT

Some states (Missouri and Texas) require that a defendant engage in wrongful conduct in order to bring an unjust enrichment claim.

### A. LIABILITY

Plaintiffs claim that FCA was unjustly enriched.

Do you find by a preponderance of the evidence the following:

**(i)     Did the plaintiffs confer a benefit on FCA?**

Yes ☐        No ☐

**(ii)    Did FCA accept a benefit from the plaintiffs?**

Yes ☐        No ☐

**(iii)   Under the circumstances, would it be unfair for FCA to retain the benefit?**

Yes ☐        No ☐

**(iv)    Did FCA engage in wrongful conduct?**

Yes ☐        No ☐

### B. RESTITUTION

**Have plaintiffs proved by a preponderance of the evidence the amount that should be restituted to plaintiffs and the class?**

Yes ☐        No ☐

If "yes," complete the following blank: The [Court/Jury] finds that the appropriate amount of restitution for Plaintiffs and the Unjust Enrichment Class #4 is $_____. (If you answered "no," do not complete the blank.)