## *Appendix H:   Plaintiffs' Proposed Special Verdict Forms for Fraudulent Concealment*

*Set forth below are suggested interrogatories that would be presented on Special Verdict Forms at Trial.  This form is meant to be illustrative only, and not comprehensive.  Plaintiffs may suggest changes to the special interrogatories herein.  Moreover, the absence of any claim or state from the suggested classes and subclasses is not intended to constitute a waiver of any claims currently, or in the future, brought in this action.*

### I. FRAUDULENT CONCEALMENT EXCLUSIVE OR SUPERIOR KNOWLEDGE CLASS

Plaintiffs claim that FCA fraudulently concealed the Defect from Plaintiffs.

Do you find by clear and convincing evidence the following:

**(i)  Did FCA conceal a material fact from plaintiffs?**

Yes ☐         No ☐

**(ii)  Did FCA have a duty to disclose the whole truth based on its exclusive or superior level of knowledge?**

Yes ☐         No ☐

**(iii)  Did FCA intend that its concealment be relied on by plaintiffs?**

Yes ☐         No ☐

**(iv)  Did FCA's conduct cause plaintiffs to justifiably rely on FCA's silence?**

Yes ☐         No ☐

**(v)  Did FCA's conduct cause plaintiffs to lose money?**

Yes ☐         No ☐

**(vi)  Have Plaintiffs proved the amount of money lost as a result of FCA's conduct?**

Yes ☐         No ☐

If "yes," complete the following blank: The Court awards damages to Plaintiffs and the Fraudulent Concealment Exclusive or Superior Knowledge Class in the amount of $_____.  (If you answered "no," do not complete the blank.)

Washington and Wisconsin require that the plaintiff was objectively reasonable in relying on FCA's silence (instead of justifiably relying on such silence).

> **(a) Did the Washington and Wisconsin plaintiffs reasonably rely on FCA's silence?**
>
> Yes ☐            No ☐
>
> If "no," do not include damages in Washington and Wisconsin in your damage award.

California and Colorado require the plaintiff to prove the foregoing elements based on a preponderance of the evidence instead of by clear and convincing evidence.

> **(b) If you find that the plaintiffs did not prove the foregoing elements by clear and convincing evidence, do you nonetheless find that the California and Colorado plaintiffs proved the elements by a preponderance of the evidence?**
>
> Yes ☐            No ☐
>
> If "no," stop.  If "yes," decide whether damages are recoverable by the California and Colorado plaintiffs and subclasses.

## II.  FRAUDULENT CONCEALMENT PARTIAL DISCLOSURE CLASS

Plaintiffs claim that FCA fraudulently concealed the Defect from Plaintiffs.

Do you find by a clear and convincing evidence the following:

**(i) Did FCA make a material representation that suppressed the truth or conceal a material fact from plaintiffs?**

Yes ☐          No ☐

**(ii) Did FCA have a duty to disclose the whole truth by virtue of making a partial disclosure about the safety of the shifter?**

Yes ☐          No ☐

**(iii) Did FCA know that is partial disclosure was untrue?**

Yes ☐          No ☐

**(iv) Did FCA intend that its misrepresentation or concealment be relied on by plaintiffs?**

Yes ☐          No ☐

**(v) Did FCA's conduct cause plaintiffs to justifiably rely on FCA's misrepresentation or silence?**

Yes ☐          No ☐

**(vi) Did FCA's conduct cause plaintiffs to lose money?**

Yes ☐          No ☐

**(vii) Have Plaintiffs proved the amount of money lost as a result of FCA's conduct?**

Yes ☐          No ☐

If "yes," complete the following blank: The Court awards damages to Plaintiffs and the Fraudulent Concealment Partial Disclosure Class in the amount of $_____.  (If you answered "no," do not complete the blank.)

Michigan, New Jersey, Wyoming require that the plaintiff was objectively reasonable in relying on FCA's silence or partial disclosure (instead of justifiably relying on such).

010621-21 1092064 V1

      **(a) Did the Michigan, New Jersey, and Wyoming plaintiffs reasonably rely on FCA's silence or partial disclosure?**

      Yes ☐      No ☐

    If "no," do not include damages in Michigan, New Jersey, or Wyoming in your damage award.

Florida requires the plaintiff to prove the foregoing elements based on a preponderance of the evidence instead of by clear and convincing evidence.

      **(b) If you find that the plaintiffs did not prove the foregoing elements by clear and convincing evidence, do you nonetheless find that the Florida plaintiff proved the elements by a preponderance of the evidence?**

      Yes ☐      No ☐

    If "no," stop.  If "yes," decide whether damages are recoverable by the Florida plaintiff and subclass.