UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: FCA US LLC MONOSTABLE
ELECTRONIC GEARSHIFT LITIGATION

MDL No. 2744

Case Number 16-md-02744
Honorable David M. Lawson
Magistrate Judge David R. Grand

_____/

**PRETRIAL ORDER NO. 19: CONSOLIDATION OF NEWLY FILED
PERSONAL INJURY CASE AND MODIFIED FILING PROCEDURE
FOR PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

The Court held a status conference on January 17, 2019, attended by lead and liaison counsel for the plaintiffs and counsel for the defendant on both the economic loss and personal injury cases. The Court approved the proposed agenda submitted by the parties. Counsel reported on the initiation of a new personal injury action that recently was filed in this district and transferred to the undersigned. Lead counsel for the plaintiffs indicated that, due to the failure by counsel to allow for sufficient lead time before completing the motion for class certification, the parties would be unable to comply with the procedure set forth in Pretrial Order No. 8 governing the filing of materials under seal. After hearing the parties' presentation about the difficulties that counsel now face in meeting the class certification motion filing deadline, the Court advised them that it would, in this instance only, allow a modified procedure for filing of certain exhibits to the motion, in order to facilitate the timely progress of the litigation. The parties also requested extensions of the deadlines and page limits for their briefing on the class certification motion, which the Court granted in part.

Accordingly, it is **ORDERED** as follows:

**I.     Tag-Along Complaint — New Economic Loss Case.** The case of *Lalli v. FCA US, LLC*, No. 19-10046, was newly filed in this district and transferred to the undersigned as a

companion matter.  As provided for in Pretrial Order No. 1, it is consolidated with the present action ("Any 'tag-along actions' transferred to this Court, or directly filed in the Eastern District of Michigan, will be consolidated automatically with this action without the necessity of future motions or orders.").  Service of the complaint shall be completed and the defendant shall answer or otherwise respond to the complaint within the time allowed by the applicable Federal Rules of Civil Procedure.  The parties agree that arrangements will be made forthwith to facilitate an inspection of the plaintiff's vehicle and to schedule her deposition.

      **II.**    **Filing Procedure for Class Certification Motion.**  To facilitate the timely progress of the litigation, the Court will permit the parties to follow a modified procedure for filing exhibits, in this instance only.  With respect to all future motion practice, counsel must comply, and plan their work well in advance to ensure that they can comply, with the procedure regarding the filing of material under seal set forth in Pretrial Order Number 8.  For the class certification motion only, the motion may be filed with two copies of any supporting exhibits that contain material that the defendant has designated as confidential.  Redacted copies of any exhibits that contain information deemed confidential shall be filed along with the motion.  Unredacted copies of the same exhibits shall be filed separately and conditionally under seal for review by the Court.  The plaintiffs must file a master index of all exhibits **on or before February 7, 2019**, which shall include an itemization of all exhibits or portions of exhibits comprising any material designated by the defendant as confidential.  If the defendant believes that any of the designated material should be maintained under seal, then **on or before February 21, 2019** it must file a properly supported motion to seal under E.D. Mich. LR 5.3, identifying the particular items or portions of items that it believes should be sealed, accompanied by a detailed factual presentation and legal

authority to justify the sealing. If the sealing motion is granted, then the redacted items, in their unredacted form, will be considered by the Court when adjudicating the motion. If the sealing motion is denied, then the filing party may file the item, but not under seal, or withdraw the item. The parties must meet and confer in accordance with Local Rule 7.1(a) to ascertain whether the plaintiffs will oppose any requests by the defendant for sealing particular materials. Lack of opposition does not assure that the sealing motion will be granted. The response to the sealing motion, if it is opposed, and the reply, if any, shall be filed within the time allowed by the applicable local rules.

      **III.**    **Extension of Briefing Schedule and Page Limits for Class Certification Motion.** The defendant's response to the plaintiffs' motion for class certification must be filed **on or before March 4, 2019**, and the plaintiffs' reply must be filed **on or before March 22, 2019**. The plaintiffs are allowed a cumulative total of 60 pages for briefing in support of the motion, which they may divide as they see fit between the initial motion brief and the reply. The defendant's brief in opposition shall not exceed 50 pages in length, regardless of the length of the initial motion brief.

      **IV.**    **Status Conference Schedule**. The schedule for additional status conferences is set forth below.

> February 19, 2019 at 3:00 p.m.
> March 20, 2019 at 2:00 p.m.
> April 23, 2019 at 2:30 p.m.
> May 22, 2019 at 3:00 p.m.

Proposed agenda items may be submitted one week in advance of each scheduled status conference. As in the past, the Court may cancel a conference if there appears to be no need for it. Status conferences must be attended in person by lead and liaison counsel for the plaintiffs and

by lead defense counsel on the economic loss and personal injury parts of the case. Other counsel for the plaintiffs may attend. The conferences will be conducted in open court and a record will be made.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date:    January 29, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 29, 2019.

s/Susan K. Pinkowski
SUSAN K. PINKOWSKI

---