**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE: FCA US LLC MONOSTABLE
ELECTRONIC GEARSHIFT
LITIGATION

MDL No. 2744

Case No: 16-md-02744
Honorable David M. Lawson
Magistrate Judge David R. Grand

_____/

**FCA US LLC'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO SEAL CERTAIN DOCUMENTS AND INFORMATION IN AND ATTACHED TO PLAINTIFFS' RESPONSES TO FCA US LLC'S MOTIONS TO EXCLUDE**

Plaintiffs' Response is based on blatant misquotations of Sixth Circuit case law, bald assertions regarding FCA US LLC's ("FCA US") business practices, and an incorrect summary of the breadth of the document that FCA US seeks to maintain under seal. FCA US has demonstrated compelling reasons for closure, namely, that the Lextant report details the factors, methodologies, and strategies FCA US employs when designing and selecting complex vehicle componentry, and the specific approach Lextant Corp. takes when performing studies for its clients. Further, the Lextant report is based on information, preferences and goals regarding FCA US's dealings with suppliers that FCA US's competitors are not privy to. Moreover, the Lextant report contains analyses and assessments of a specific product of a third party competitor of FCA US, about which FCA US's competitors are not aware. As a result, the report's disclosure would create a clearly defined and serious injury to both FCA US and third-party Lextant Corp. FCA US has also demonstrated that closure will not unduly burden the public interest in accessing court records. Therefore, this Court should grant FCA US's Motion to Seal.

Plaintiffs rely on *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan* for the proposition that:

> "Competitively-sensitive financial and negotiating information" is an inadequate reason for sealing a document. "'Financial and negotiation information' is not entitled to protection as a legitimate trade secret."

1

Pls.' Resp. at 4 (quoting *Shane Grp. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 307-08 (6th Cir. 2016)). However, Plaintiffs misquoted *Shane* by omitting the full sentence without the proper use of ellipses. *Shane* actually says "financial and negotiating information **about a practice since outlawed by the Michigan Legislature** is not entitled to protection as a legitimate trade secret." *Shane Grp.*, 825 F.3d at 308 (emphasis added to Plaintiffs' omission). In other words, *Shane* did not even come close to announcing a general rule that the competitively-sensitive nature of "financial and negotiating information" is insufficient to justify closure, or that such information "is not entitled to protection as a legitimate trade secret." Indeed, competitively-sensitive financial and negotiation information has long been recognized as deserving of both closure and trade secret protection, and such recognition is undisturbed by *Shane*.

Plaintiffs' argument that FCA US's motion should be denied because its request to seal is not narrowly tailored is also unavailing. In fact, courts in the Sixth Circuit have held that *Shane* is distinguishable in situations where a movant seeks to seal a single document, as is the case here. *See Netjets Ass'n of Shared Aircraft Pilots v. NetJets, Inc.*, No. 2:14-cv-2487, 2016 U.S. Dist. LEXIS 130837, *4 (S.D. Ohio Sept. 23, 2016) ("Plaintiff's argument asks too much of the authority on which it relies. Unlike [*Shane*], this case involves a small amount of

2

information from one document that has been redacted and sealed from the public view.") (Unpublished cases attached as Exhibit A).

In *Shane*, the Sixth Circuit Court of Appeals addressed "whether the district court abused its discretion when … it sealed from public view most of the court filings and exhibits that underlay the proposed settlement in this case." *Shane Grp.*, 825 F.3d at 304-05. Specifically, the district court sealed various filings, including 194 exhibits. *See* 825 F.3d at 308. The material fully under seal included a motion for class certification and all 90 of its exhibits, along with the response brief and its 42 exhibits. *Id*. at 303, 306. It also included the entire report of class counsel's damages expert. *Id*. at 303-04. That is a far cry from the instant situation, where FCA US seeks to seal *one* report created by a third-party.

Another case relied upon by Plaintiffs, *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589 (6th Cir. 2016), is similarly distinguishable. There, the court, much like in *Shane*, dealt with an entirely sealed docket, which concealed everything about the case, including its "mere existence." *Rudd*, 834 F.3d at 594-95. In fact, the *Rudd* court actively noted that its holding was factually distinct from a situation where "the sealing order… applied only to two documents." *Id.* Furthermore, the proponent of sealing in *Rudd* failed to "point to any trade secret, or privacy right of third parties, that a seal might legitimately protect." *Id.* at 594. Here, as stated above, FCA US only seeks to seal one

3

document, and FCA US has pointed to both its own trade secrets and the privacy interests of third-party Lextant Corp. as being at risk for disclosure if the Lextant study is not sealed. Therefore, *Rudd* is distinguishable.

Plaintiffs' misconstrue *Shane* a second time by arguing that FCA US has no basis for notifying this Court that Lextant Corp. has an interest in sealing the Lextant report. Plaintiffs state that "*Shane* held with respect to a third party, 'there is no statutory or regulatory privilege that protects their information from disclosure.'" Pls.' Resp. at 8 (*Shane Grp.*, 825 F.3d at 308). However, that quotation from *Shane* is not nearly as far-reaching as Plaintiffs imply. The full sentence reads: "Here, as to the third-party hospitals, there is no statutory or regulatory privilege that protects their information from disclosure, and the particulars of years-ago negotiations are unlikely to amount to a trade secret." *Shane Grp.*, 825 F.3d at 308. Thus, *Shane* does not stand for the proposition that a court may only seal third-party information on the basis of a statutory or regulatory privilege. Rather, the case merely states that *in that instance* there was no statutory or regulatory privilege at play, which happened to be one of the factors supporting the court's conclusion that the information was protected from disclosure.

The Lextant report is appropriate for sealing because the report contains descriptions of Lextant Corp.'s own experimental methodologies and data, as well as data about a third-party competitor of FCA US to which it is not privy. In fact,

4

the Lextant report is protected by a confidentiality agreement between FCA US and Lextant Corp. The Lextant report also contains confidential information pertaining to the methods non-party Lextant Corp. uses to perform analysis and prepare work product for its clients. As a result, disclosure of the Lextant-related materials would give Lextant's own competitors access to its proprietary methods that would otherwise only be available to Lextant's clients. Further, the Lextant report plainly contains commercially sensitive information, including analyses and assessments about the product of FCA US's competitor, that, if disclosed, will harm FCA US. Courts routinely permit redacted and under seal filings to protect the type of confidential and commercially sensitive information at issue here. *See, e.g.*, *Cincinnati Ins. Co. v. Richfield Corp.*, No. 2:16-cv-1432, 2017 U.S. Dist. LEXIS 218021 (E.D. Mich. Aug. 16, 2017) (granting motion to seal for "confidential documents containing commercially sensitive information that, if filed publicly, could harm the business interests of General Motors and other businesses in the automotive industry with which it contracts"); *see also Med. Ctr. at Elizabeth Place, LLC v. MedAmerica Health Sys. Corp.*, No. 12-cv-26, 2012 U.S. Dist. LEXIS 86673, at *2-3 (S.D. Ohio June 22, 2012) (sealing confidential business information because it "could be used by Defendants' competitors in an effort to gain strategic advantage" if disclosed)

5

The impact of disclosure on Lextant, standing alone, is a sufficient basis to seal the document and permit redaction of the limited references to the document contained in other pleadings. *See Shane Grp.*, 825 F.3d at 308 ("the privacy interests of innocent third parties should weigh heavily in a court's balancing equation"). Preventing "harm to third parties whose only involvement in the case is business dealings with the defendant is a sufficiently justifiable reason to seal the records." *Kentucky v. Marathon Petro. Co. LP*, No. 3:15-CV-354-DJH , 2018 U.S. Dist. LEXIS 106176, *22 (W.D. Ky. June 26, 2018) (citing *In re Knoxville News-Sentinel Co., Inc.*, 723 F.3d 470 (6th Cir. 1983)). Here, Lextant Corp.'s only involvement in this action is through its business dealings with FCA US.

Furthermore, Plaintiffs' assertion that FCA US has not shown "that it has any right to even assert such a claim on behalf of Lextant Corp." is misplaced and perplexing. Pls.' Resp. at 5. FCA US is not trying to enforce rights on behalf of Lextant Corp. Rather, FCA US is simply making the court of aware of innocent third-party rights that may be implicated by the motion to seal, which it is *required* to do under the local rules. *See* E.D. Mich. Local Rule 5.3. (requiring motions to seal to contain a "description of any non-party or third-party privacy interests that *may* be affected if the documents or portions thereof to be sealed were publicly disclosed on the court docket") (emphasis added).

6

Lastly, Plaintiffs fault FCA US for including "portions of documents that are not cited, attached, or otherwise referenced in Plaintiffs' two Response briefs." However, FCA US did so out of an abundance of caution. While the Parties convened to discuss confidential information, FCA US ultimately did not receive final confirmation of which pages would be cited. In order to avoid waiving any argument, FCA US included all references to the Lextant study that Plaintiffs may have conceivably included in their Responses in its Motion to Seal.

## CONCLUSION

For the reasons stated above, and for the reasons stated in its Motion to Seal Certain Documents and Information in and Attached to Plaintiffs' Responses to FCA US LLC's Motions to Exclude, FCA US requests that this Court grant its motion to seal.

        Respectfully submitted,

        DYKEMA GOSSETT, PLLC

        By:   */s/ Fred J. Fresard*
                 Fred J. Fresard (P43694)
                 39577 Woodward Avenue, Suite 300
                 Bloomfield Hills, MI 48304
                 (248) 203-0700
                 ffresard@dykema.com

Dated: March 7, 2019        *Attorneys for Defendant FCA US LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 7, 2019, I caused a true and correct copy of the foregoing Reply to be filed and served electronically via the ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by e-mail or first class mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

Dated: March 7, 2019  By: */s/ Fred J. Fresard*
James P. Feeney (P13335)
Fred J. Fresard (P43694)
Brittany J. Mouzourakis (P78812)
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0700
jfeeney@dykema.com
ffresard@dykema.com
bmouzourakis@dykema.com

1