# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **IN RE: FCA US LLC MONOSTABLE ELECTRONIC GEARSHIFT LITIGATION** | Case No. 16-md-02744 |
| | Honorable David M. Lawson |
| **MDL No. 2744** | Magistrate Judge David R. Grand |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO FCA US LLC'S "MOTION TO SEAL CERTAIN INFORMATION IN AND ATTACHED TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND CLASS REPRESENTATIVES" (ECF No. 311)**

# **TABLE OF CONTENTS**

STATEMENT OF THE ISSUE PRESENTED ....................................................... ii

TABLE OF AUTHORITIES ................................................................................ iii

MOST CONTROLLING AUTHORITIES ........................................................... iv

INTRODUCTION ..................................................................................................1

ARGUMENT .........................................................................................................2

    I.    FCA Fails to Meet the Heavy Burden Required to Seal the Documents. ......2

        A.    FCA's Private Interests Do Not Overcome the Public's Right of Access .............................................................................................................3

        B.    FCA Does Not Narrowly Tailor the Proposed Sealing of the Contested Exhibits to Protect FCA's Purported Interest Nor Does FCA Provide Adequate Detail and Support. ....................................................................10

        C.    Lextant's Purported Interests Do Not Tip the Scale in FCA's Favor...11

CONCLUSION ....................................................................................................11

## **STATEMENT OF THE ISSUE PRESENTED**

Whether the Court should deny FCA US LLC's request to place certain documents, which were cited in Plaintiffs' Motion for Class Certification and Appointment of Class Counsel and Class Representatives, or attached as exhibits thereto, under seal when they do not contain information that is privileged, confidential, proprietary, or a trade secret?

| | |
|---|---|
| Plaintiffs Answer: | Yes |
| FCA Answers: | No |
| The Court should answer: | Yes |

Case 2:16-md-02744-DML-DRG ECF No. 324 filed 03/07/19 PageID.13013 Page 4 of 20

# **TABLE OF AUTHORITIES**

**Cases**

*Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544 (7th Cir. 2002) .......................... 3, 10
*Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165 (6th Cir. 1983) .........
 ................................................................................................................ 3, 6, 8, 9
*Cincinnati Ins. Co. v. Richfield Corp., Inc.*, No. 2:16-CV-14342, 2017 WL 5957765
 (E.D. Mich. Aug. 16, 2017) ................................................................................. 9
*Flexsys Am. LP v. Kumho Tire U.S.A., Inc.*, No. 5:05CV156, 2010 WL 2813423
 (N.D. Ohio July 15, 2010) .................................................................................... 9
*In re Cendant Corp.*, 260 F.3d 183 (3d Cir. 2001) ........................................ 3, 4, 7, 9
*In re Knoxville News–Sentinel Co.*, 723 F.2d 470 (6th Cir. 1983) ......................... 3, 8
*Med. Ctr. at Elizabeth Place, LLC v. MedAmerica Health Sys. Corp.*, No. 3:12-CV-
 26, 2012 WL 12929563 (S.D. Ohio June 22, 2012) ........................................... 9
*Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589 (6th Cir.
 2016) .................................................................................................................. 3, 6
*Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016)
 ........................................................................................................................ passim

**Rules**

E.D. Mich. L.R. 5.3 .................................................................................................... 3

## **MOST CONTROLLING AUTHORITIES**

*Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016)

*Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589 (6th Cir. 2016)

E.D. Mich. L.R. 5.3

**INTRODUCTION**

FCA US LLC ("FCA") again makes the extraordinary request for this Court to seal and redact non-confidential and non-proprietary information and documents – this time in Plaintiffs' Motion for Class Certification and Appointment of Class Counsel and Class Representatives ("Motion for Class Certification"). *See* ECF Nos. 298, 315. FCA seeks to deprive the public, including all putative Class Members, of their right to access documents and information damaging to FCA's defense contained in over half of the exhibits attached to one of the most important pleadings in this class action litigation. FCA's self-serving request should be denied.

FCA's request centers around sealing or redacting the following documents and information, including citations and references in Plaintiffs' Motion for Class Certification: (1) generalized marketing studies commissioned by FCA and performed by non-party Lextant Corp., and any mention of the Lextant studies by Plaintiffs' experts or FCA personnel in FCA records, such as emails or presentations; (2) emails discussing negative user feedback and comments regarding the monostable shifter ultimately installed in the Class Vehicles; (3) miscellaneous documents, such as FCA presentations, relating to the decision and timeline for implementation of the monostable electronic shifter in the Class Vehicles; (4) portions of Class Plaintiffs' expert Craig Rosenberg, PhD's report related to the monostable gear shifter and citing in part the Lextant marketing studies; and (5)

1

deposition testimony relating to job descriptions, personnel identifications, discussions of gear shifters in relation to the decision to install the monostable gear shifter in the Class Vehicles, and attendance at gear shifter evaluations, including the Lextant marketing studies (collectively, the "Contested Exhibits").

FCA argues that this information should be sealed as it is "confidential, proprietary, and commercially sensitive." Def. Motion to Seal, ECF 311 at PageID 12722, p. 9. FCA fails to meet the heightened standard necessary to overcome the public's interest and right to access.  It relies on broad and conclusory statements and weak and generalized legal authority to claim that the Contested Exhibits are confidential and warrant sealing or redaction. FCA's dislike of the damaging contents of the Contested Exhibits is not a compelling reason to overcome the high threshold to seal or redact the documents, thereby depriving the public and putative Class Members of the ability to review and assess the facts and information in this case. The Contested Exhibits should not be sealed and kept from the public view and FCA's instant Motion should be denied in its entirety.

## ARGUMENT

### I. FCA Fails to Meet the Heavy Burden Required to Seal the Documents.

FCA fails to satisfy its burden to seal or redact from the public the Contested Exhibits in and attached to Plaintiffs' Motion for Class Certification. Local Rule 5.3 provides that "[t]he Court may grant a motion to seal *only* upon a finding of a

***compelling reason*****….**" E.D. Mich. L.R. 5.3(b)(3)(C)(i) (emphasis added). In determining whether a compelling reason is present, the Sixth Circuit has held that:

> The courts have long recognized . . . a "strong presumption in favor of openness" as to court records. *Brown & Williamson*, 710 F.2d at 1179. The burden of overcoming that presumption is borne by the party that seeks to seal them. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). ***The burden is a heavy one: "Only the most compelling reasons can justify non-disclosure of judicial records."*** *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983).

*Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (emphasis added). Even if a compelling reason were to exist, "the seal itself must be narrowly tailored to serve that reason." *Id*. Therefore, FCA "must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id*. at 305-06 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). Here, FCA fails to meet this heightened standard both legally and factually. Like the parties attempting to seal in *Shane,* FCA's "asserted bases" for sealing are "brief, perfunctory and patently inadequate." *Id.* at 306.

    A. <u>FCA's Private Interests Do Not Overcome the Public's Right of Access.</u>

In order for the Court to consider sealing documents, the "court must balance [FCA's] privacy interests against the public's right of access, recognizing our judicial system's strong presumption in favor of openness." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016). In fact, "the

3

greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane*, 825 F.3d at 305.

As applicable here, "in class actions—where by definition 'some members of the public are also parties to the case'—the standards for denying public access to the record 'should be applied . . . with particular strictness.'" *Id*. (quoting *In re Cendant Corp*., 260 F.3d 183, 194 (3d Cir. 2001)). Similar to *Shane*, the instant class action, based "on credible allegations" affecting hundreds of thousands of individuals, "is a case in which the public has a keen and legitimate interest." *Id*. at 302. "Class members cannot participate meaningfully in the process contemplated by Federal Rule of Civil Procedure 23(e) unless they can **review … the court record**." *Id*. at 309 (emphasis added). Sealing the Contested Exhibits attached to or cited in Plaintiffs' Motion for Class Certification deprives a putative class member of access to vital information contained in one of the most critical briefs in this matter. *Id*. at 304.

Further, only a very narrow scope of information can "overcome the presumption of access." *Id*. at 308.

> "In civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault)," is typically enough to overcome the presumption of access. *Baxter*, 297 F.3d at 546; see also *Brown & Williamson*, 710 F.2d at 1180 ("In such cases, a court should not seal records unless public

4

>  access would reveal legitimate trade secrets, a recognized
>  exception to the right of public access to judicial records").

*Id*.

FCA has not proffered any compelling evidence, and cannot credibly claim, that the Contested Exhibits contain the trade secrets of either FCA or Lextant Corp. Yet, FCA moves to seal the Lextant studies and any mention of those studies in FCA records included as exhibits to Plaintiffs' Class Certification Briefing and in Plaintiffs' expert's report. (Contested Exhibits C, D, E, F, G, L and S).[1] FCA's assertions that the Lextant studies, and citations and references to the same, contain "confidential or sensitive commercial information relating to FCA US's vehicle development strategies, negotiations with suppliers, and sales practices" are not borne out by the documents at issue. The studies do not reference or otherwise contain any information that was provided by, or uniquely within the possession of, FCA. Moreover, the studies say nothing about shifter procurement and development, such that a competitor could discern FCA's internal processes for product development, supplier negotiation, or sales. The Lextant studies merely provide an analysis of consumer opinions of various shifters, some of which were *already* incorporated into FCA (and non-FCA) vehicles at the time the study was

---

[1] The Lextant study was the subject of FCA's Motion to Seal Confidential Documents in Daubert Filings (ECF No. 298), Plaintiffs hereby incorporate the arguments asserted in Plaintiffs' Response Brief (ECF No. 315) to FCA's motion.

commissioned. In other words, FCA is claiming that consumer opinions about now-antiquated, publicly-known technology is "proprietary." Also, Plaintiffs' expert's opinions regarding this now publicly-known technology are not proprietary to the Defendant and FCA does not otherwise meet its burden to overcome the presumption of access. (Contested Exhibit S, Selected Pages from Report of Craig Rosenberg, Ph.D.). *See Shane* at 306 (The Sixth Circuit refused to seal class plaintiffs' expert report.)

None of the Contested Exhibits contain the type of information typically given protection by courts, such as trade secrets or recognized privileges. *Id*. Emails (Contested Exhibits J and N) that provide negative user feedback and comments regarding the monostable shifter, while potentially damaging to FCA's defenses and positions in this action, are not the type of documents that can overcome the presumption of public access. *Rudd*, 834 F.3d at 594 ("Simply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records'" (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983))).

Likewise, the deposition testimony and other FCA presentation documents about the electronic shifter do not contain trade secrets and are not otherwise the type of documents that meet the heightened burden for sealing. (Contested Exhibits

6

B, E, H, I, and K), Exhibits B, E and K are the deposition testimony of FCA engineering employees regarding job descriptions, identification of personnel, discussion of gear shifters in relation to the decision to install the monostable gear shifter in the Class Vehicles and their attendance at gear shifter evaluations, including the Lextant marketing studies. Exhibits H and I are Product Committee Minutes and Presentation Slides relating to the decision and timeline for implementation of the monostable electronic shifter in the Class Vehicles.

FCA's argument that Documents B, E, H, I and K are "confidential" and contain "commercially sensitive information" that could harm its business interests because the information could be used by its competitors to gain a strategic advantage is unavailing. Def. Motion to Seal, ECF 311, PageID 12732 at p. 19. This is particularly unpersuasive when the testimony and documents involve mundane, non-confidential matters such as job history, the names of employees, and the now publicly-known technology that is installed in the Class Vehicles. *See Shane*, 825 F.3d at 307-08 ("'[C]ompetitively-sensitive financial and negotiating information'" is an inadequate reason for sealing a document; and is "not entitled to protection as a legitimate trade secret.") Any potential harm to FCA is "in disclosure of poor management in the past. That is hardly a trade secret." *Id.* quoting *Joy v. North,* 692 F.2d 880, 894 (2d Cir. 1982). FCA has not met its burden for sealing.

7

Additionally, "'in delineating the injury to be prevented, specificity is essential.'" *Id.* at 307-08 (quoting *Cendant*, 260 F.3d at 194). Here, like in *Shane*, FCA at best provides "brief, perfunctory, and patently inadequate" bases and reasons for sealing the Contested Exhibits. *Id.* at 306. Blanket labels of 'confidential' and 'sensitive business information' do not provide the necessary specificity to afford FCA privacy from the public. *See Id.* at 307-08.

Moreover, as noted in *Shane*, in certain cases,

> the public's interest is focused not only on the result, but also on ***the conduct giving rise to the case***. In those cases, "secrecy insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption." . . . And in any of these cases, the public is entitled to assess for itself the merits of judicial decisions. Thus, "[t]he public has an interest in ascertaining what evidence and records the District Court and this Court have relied upon in reaching our decisions."

*Id.* at 305 (quoting *Brown*, 710 F.2d at 1179-81) (emphasis added). The public, including all of the putative class members, have an interest in the conduct giving rise to the claims in this case and whether the class is certified.

FCA does not dispute its own interests must outweigh the public's interests. *See* ECF No. 311 at PageID 12728, p. 15; *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983) ("[T]rial courts have always been afforded the power to seal their records ***when interests of privacy outweigh the public's right to know***." (emphasis added)). However, FCA's assertion that a "showing that 'disclosure will

8

work a clearly defined and serious injury'" will satisfy the burden is incorrect, as such a showing will not, standing alone, overcome the burden to seal a document. *Shane*, 825 F.3d at 307 (quoting *Cendant*, 260 F.3d at 194). Moreover, even if showing a clearly defined serious injury *was* sufficient, FCA has not met this burden.

FCA also relies on *Flexsys Am. LP v. Kumho Tire U.S.A., Inc.*, No. 5:05CV156, 2010 WL 2813423 (N.D. Ohio July 15, 2010) to lessen its burden to seal documents under the assertion that FCA's private business information, such as the Contested Exhibits, are not necessary to understand the Court's forthcoming ruling. ECF No. 311 at PageID 12734, p. 21. To the contrary, the Contested Exhibits, particularly the Lextant studies and the contested emails, go to the heart of this case and strongly support Plaintiffs' claims. Moreover, in *Flexsys*, the issue pertained to a request to redact only portions of a judicial opinion that contained information related to a patent pending process – not the entire document. *Flexsys*, 2010 WL 2813423, at *3. Even then, the Court refused to redact the opinion, and instead elected to revise the opinion to prevent the lack of public access. *Id.*

Further, FCA's reliance on *Cincinnati Ins. Co. v. Richfield Corp., Inc.*, No. 2:16-CV-14342, 2017 WL 5957765 (E.D. Mich. Aug. 16, 2017) is inapposite as we do not know the reasons the court sealed two documents and the court did not "set forth specific findings and conclusions 'which justify nondisclosure to the public[.]'" *Shane*, 825 F.3d at 306 (quoting *Brown*, 710 F.2d at 1176). Likewise,

9

FCA's reliance on *Med. Ctr. at Elizabeth Place, LLC v. MedAmerica Health Sys. Corp.*, No. 3:12-CV-26, 2012 WL 12929563 (S.D. Ohio June 22, 2012) is misplaced. The defendants in *Med. Ctr.* sought only to redact "detailed financial information" that was not even cited to in the motion to dismiss briefing at issue, whereas here FCA seeks to redact information that is cited and relied upon by Class Plaintiffs.

Accordingly, FCA has not satisfied the heavy burden to seal the Contested Exhibits and prevent access to the public.

> B. <u>FCA Does Not Narrowly Tailor the Proposed Sealing of the Contested Exhibits to Protect FCA's Purported Interest Nor Does FCA Provide Adequate Detail and Support.</u>

The Sixth Circuit clearly states that, if a compelling reason does exist to seal a document, the proposed seal "must be narrowly tailored to serve that reason" and that FCA "must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane*, 825 F.3d at 305-06 (quoting *Baxter*, 297 F.3d at 545). Here, however, contrary to Sixth Circuit precedent, FCA does not seek to narrowly seal or redact portions of the Lextant studies, deposition testimony, or other exhibits that pertain to FCA's purported confidential information. Instead, FCA seeks to seal the entirety of the Lextant studies, redact any and all references, quotations, or citations to the Lextant studies in other documents, redact all deposition testimony (including general testimony about the witness's occupation), and seal the entirety of other highly relevant exhibits. ECF No. 311 at PageID 12723-

10

12727, pp. 10-14. This is not a "modest, targeted request" as FCA once again asserts. *Id.* at PageID 12733, p. 20. Nor does this request analyze, in detail, the Contested Exhibits with respect to FCA's purported confidential information. It is a request to seal information that damages FCA's defenses and positions in this case.

C. <u>Lextant's Purported Interests Do Not Tip the Scale in FCA's Favor.</u>

FCA further claims that the Lextant studies contain confidential information pertaining to Lextant Corp. A review of the studies shows such assertion to be wrong. Furthermore, as *Shane* held with respect to a third party, "there is no statutory or regulatory privilege that protects their information from disclosure." *Shane*, 825 F.3d at 308. FCA also does not provide the Court with any detail regarding the nature of the confidential information that pertains to Lextant Corp., or any injury that Lextant would suffer if the studies were disclosed to the public. Moreover, FCA has not established any authorization or duty to act on behalf of Lextant Corp. Accordingly, FCA does not satisfy the burden or overcome the strong presumption of access in order to seal the Lextant studies and any references or citations thereto.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs request that this Court deny FCA's "Motion to Seal Certain Information In and Attached To Plaintiffs' Motion For Class Certification and Class Representatives" (ECF No. 311).

Dated: March 7, 2019               Respectfully submitted,

**THE MILLER LAW FIRM, P.C.**

/s/ *E. Powell Miller*
E. Powell Miller (P39487)
Sharon S. Almonrode (P33938)
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: (248) 841-2200
Fax: (248) 652-2852
epm@millerlawpc.com
ssa@millerlawpc.com

*Plaintiffs' Lead Counsel and*
*Chair of Plaintiffs' Steering Committee*

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Joseph H. Meltzer
Peter A. Muhic
Tyler S. Graden
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
jmeltzer@ktmc.com
pmuhic@ktmc.com
trgaden@ktmc.com

**HAGENS BERMAN SOBOL**
**SHAPIRO LLP**
Steve W. Berman
Sean R. Matt
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tel: (206) 623-7292
Fax: (206) 623-0594
steve@hbsslaw.com
toml@hbsslaw.com

12

Christopher R. Pitoun
301 N. Lake Ave, Suite 920
Pasadena, CA 91101
Tel: (213) 330-7150
Fax: (213) 330-7152
christopherp@hbsslaw.com

**GUSTAFSON GLUEK PLLC**
Daniel E. Gustafson
Jason S. Kilene
David A. Goodwin
Raina C. Borrelli
Canadian Pacific Plaza
120 S. Sixth St., Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
jkilene@gustafsongluek.com
dgoodwin@gustafsongluek.com
rborrelli@gustafsongluek.com

**LOCKRIDGE GRINDAL NAUEN P.L.LP.**
Robert K. Shelquist
Rebecca A. Peterson
100 Washington Ave., Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
Fax: (612) 339-0981
rkshelquist@locklaw.com
rapeterson@locklaw.com

**GREG COLEMAN LAW PC**
Gregory F. Coleman
Lisa A. White
Mark E. Silvey
Adam E. Edwards
First Tennessee Plaza
800 S. Gay Street, Suite 1100

Knoxville, Tennessee 37929
Tel: (865) 247-0080
Fax: (865) 533-0049
greg@gregcolemanlaw.com
lisa@gregcolemanlaw.com
mark@gregcolemanlaw.com
adam@gregcolemanlaw.com

*Plaintiffs' Steering Committee*

**MANTESE HONIGMAN PC**
David Honigman
Douglas Toering
Gerard V. Mantese
1361 E. Big Beaver Rd.
Troy, MI 48083
Tel: (248) 457-9200
Fax: (248) 457-9201
dhonigman@manteselaw.com
dtoering@manteselaw.com
gmantese@manteselaw.com

*Plaintiffs' Liaison Counsel*

14

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2019, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

/s/ *E. Powell Miller*