UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: FCA US LLC MONSTABLE
ELECTRONIC GEARSHIFT LITIGATION,

    MDL No. 2744   Case No. 16-md-02744
                Honorable David M. Lawson
                Magistrate Judge David R. Grand

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' SECOND MOTION TO COMPEL DISCOVERY (ECF No. 447)

This is a multi-district putative class action lawsuit brought by a group of individuals who purchased, leased, or own vehicles manufactured by Defendant FCA LLC ("FCA") that are equipped with an allegedly defective monostable electronic gearshift. On August 13, 2019, Plaintiffs filed a Second Motion to Compel Discovery that has been referred to the undersigned for hearing and determination. ECF Nos. 447, 454. The motion was fully briefed (ECF Nos. 458, 461), and the Court held oral argument on the motion on September 23, 2019.

For the detailed reasons stated on the record, **IT IS ORDERED** that Plaintiffs' Second Motion to Compel Discovery **(ECF No. 447)** is **GRANTED IN PART AND DENIED IN PART** as follows:

- Interrogatory No. 6 and Request Nos. 52 and 53 – Denied as moot; counsel advised the Court that the parties resolved these issues.
- Interrogatory Nos. 1 and 3 – Granted.
- Interrogatory No. 4 and Request No. 44 – Granted, subject to the limitation stated on the record.

- Interrogatory No. 7 – Granted in that FCA shall either produce the underlying study discussed at the hearing or represent that after a reasonable search, FCA was unable to locate the study.
- Request Nos. 41-43 – Granted as stated on the record.
- Request Nos. 45-46 – Denied without prejudice.
- Request Nos. 47-48 – Granted.
- Request No. 49 – Granted subject to limitation stated on the record.
- Request Nos. 50-51 – Granted, provided that FCA shall supplement its prior production as appropriate.

The Court also highlights an issue which seemed to permeate many of the parties' disputes. Although it is reasonable to assume in a case like this one that the vast majority FCA's document productions will be of electronically stored information, that does not obviate FCA's obligation to use additional reasonable means to ensure its document production is full and complete. To that end, in its "Pretrial Order No. 9: Protocol for Discovery of ESI," the Court explained:

> The producing party may not substitute electronic search protocols for its obligation under applicable rules to otherwise make a reasonable and diligent search for responsive documents. For example, if the producing party keeps a file of documents that it knows is intended to primarily hold documents that would likely be directly responsive to a discovery request, it must search the entire file and may not substitute such search with an electronic search term query; and the provisions for Non-Email ESI and Email ESI searches in paragraphs IV(B) and IV(C) below do not limit or otherwise avoid the Producing Party's obligation under this provision and under the Rules.

ECF No. 90, PageID.3079

FCA shall bear this principle in mind in searching for and producing the documents and information ordered herein. To the extent this Order compels FCA

to produce additional documents or provide additional information to Plaintiffs, FCA shall do so by **October 25, 2019**.

**IT IS SO ORDERED.**

Dated: September 24, 2019　　　　　　s/David R. Grand
Ann Arbor, Michigan　　　　　　　　　DAVID R. GRAND
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 24, 2019.

　　　　　　　　　　　　　　　　　s/Eddrey O. Butts
　　　　　　　　　　　　　　　　　EDDREY O. BUTTS
　　　　　　　　　　　　　　　　　Case Manager