UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: FCA US LLC MONOSTABLE
ELECTRONIC GEARSHIFT LITIGATION

MDL No. 2744

Case Number 16-md-02744
Honorable David M. Lawson
Magistrate Judge David R. Grand

_____/

SARAH LALLI,

                Plaintiff,

v.

FCA US, LLC,

                Defendant.

Case Number 19-10046

_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

Sarah Lalli, a citizen of Florida, filed this action in this district against FCA US, LLC (Chrysler) on January 7, 2019, seeking damages for the diminished value of a 2014 Jeep Grand Cherokee equipped with a monostable shifter. She pleaded claims on behalf of herself and a proposed class of Florida buyers of the class vehicles for violations of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.201 *et seq.*, fraudulent concealment, breach of express warranty (under Florida law and the Magnuson-Moss Warranty Act), and unjust enrichment. The case has been joined in this MDL proceeding as a tag-along action by the Judicial Panel on Multidistrict Litigation.

Chrysler responded with a motion to dismiss all of the claims, arguing several legal theories. For the reasons stated below, the motion will be granted in part and denied in part.

I.

Lalli purchased her Grand Cherokee as a new vehicle from a Chrysler dealer in Vero Beach, Florida on December 17, 2014. It was equipped with a monostable shifter. She does not contend that she suffered any injury caused by the vehicle's operation. She seeks only economic loss damages.

Lalli is not the first Florida plaintiff joined in these proceedings. The Court previously dismissed, by the consent of the parties, the claims of former Florida plaintiff Justine Andollo, which had been pleaded in Counts XVIII-XXI of the plaintiffs' second amended consolidated master complaint. Andollo's claims were dismissed because she disappeared and did not participate in discovery. Andollo pleaded the same causes of action described above on behalf of a class of Florida plaintiffs. Her claims were incorporated into a complaint that joined as plaintiffs numerous other individuals from various states. The multi-state action including Andollo was filed in this district on April 28, 2017. *Andollo v. FCA US, LLC*, No. 17-11376, ECF No. 1, PageID.127-138. The claims pleaded on behalf of the Florida plaintiff and absent class members in that case were materially identical to those brought by Lalli in her separate action in 2019.

Chrysler argues that the FDUTPA claim is untimely and not subject to any tolling rules, (2) the fraudulent concealment claim is barred by Florida's economic loss doctrine, (3) the breach of express warranty claim cannot be maintained because the plaintiff does not allege that she conveyed any pre-suit notice of the warranty claim to the defendant, and (4) under Florida law an unjust enrichment claim based on the same factual premises as a breach of contract (warranty) claim must be dismissed as defectively pleaded. Lalli disputes each of these arguments.

II.

Chrysler's motion is based on Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A "claim is facially plausible when a plaintiff 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matthew N. Fulton, DDS, P.C. v. Enclarity, Inc.*, 907 F.3d 948, 951-52 (6th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).

When reviewing the motion, the Court "must 'construe the complaint in the light most favorable to the plaintiff[] [and] accept all well-pleaded factual allegations as true.'" *Id.* at 951 (quoting *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017)). Consideration of a motion to dismiss under Rule 12(b)(6) is confined to the pleadings. *Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). Assessment of the facial sufficiency of the complaint ordinarily must be undertaken without resort to matters outside the pleadings. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010).

A.  FDUTPA Claim

It is undisputed here that the plaintiff's FDUTPA claim was filed outside the applicable limitations period, which under the Florida statute is four years from the date of purchase of the allegedly defective product. Fla. Stat. § 95.11(3)(f). "Section 95.11(3)(f), Florida Statutes (1996), covers '[a]n action founded on a statutory liability,' which [applies to a] FDUTPA claim." *South Motor Co. of Dade County v. Doktorczyk*, 957 So. 2d 1215, 1216-17 (Fla. Dist. Ct. App. 2007).

The plaintiff cites cases recognizing the general rule that an amended pleading relates back to the original pleading even if it adds a new plaintiff, where the defendant was on notice of the

claims and the new party asserts materially identical claims. *See* Fed. R. Civ. P. 15(c)(1). But she has not cited any authority for the novel proposition that an entirely separate lawsuit can be rendered timely by "relation back" to pleadings filed by another plaintiff in a different case, where the original plaintiff's claims in the separate action were dismissed for want of prosecution. And federal courts have rejected the invitation to apply Rule 15 "by analogy" to the situation where an untimely claim is raised in the first instance in an entirely separate lawsuit, rather than in an amended pleading in a timely-commenced action involving other parties. "Rule 15 does not permit an amendment in one case to relate back to the filing of an earlier complaint in a separate action." *Beem v. Ferguson*, 713 F. App'x 974, 982 (11th Cir. 2018) (citing *Dade County v. Rohr Industries, Inc.*, 826 F.2d 983, 989 (11th Cir. 1987); *Velez-Diaz v. United States*, 507 F.3d 717, 719 (1st Cir. 2007) ("Rule 15(c), by its terms, applies to amended pleadings in the same action as an original, timely pleading; the pleading sought to be amended may not be a pleading filed in a different case.")); *see also State Bank of Coloma v. Nat'l Flood Ins. Program*, 851 F.2d 817, 820 (6th Cir. 1988) ("[T]he plaintiffs never attempted to amend their complaint, as Rule 15(c) envisions. Instead, they simply filed a completely separate lawsuit against a party who was not previously named.").

Lalli also contends that the defendant should be equitably estopped from asserting its limitations defense due to is concealment of the defect. In her individual complaint, Lalli alleges that she and absent class members did not discover the alleged defect in the monostable shifter, and could not have discovered it with reasonable diligence, within the applicable limitations period. She then alleges two bases for tolling. First, she contends that the "delayed discovery rule" should be applied to excuse her untimely filing. However, Florida courts have held that the delayed discovery rule does not apply to claims under the FDUTPA. *Brexendorf v. Bank of Am.,*

*N.A.*, 319 F. Supp. 3d 1257, 1263 (M.D. Fla. 2018) ("Unlike fraud actions, the Delayed Discovery Doctrine does not apply to FDUTPA claims, even those founded on fraud.") (citing *Marlborough Holdings Grp., Ltd. v. Azimut-Benetti, Spa, Platinum Yacht Collection No. Two, Inc.*, 505 F. App'x 899, 906 (11th Cir. 2013) ("The delayed discovery rule [is] inapplicable to [] FDUTPA claims, as the FDUTPA is a statute and actions under it are 'founded on a statutory liability.'" (quoting *Brown v. Nationscredit Fin. Servs. Corp.*, 32 So. 3d 661, 662 n.1 (Dist. Ct. App. 2010) ("The statute of limitations for a FDUTPA claim is four years pursuant to section 95.11(3)(f), Florida Statutes, as it is based on a statutory liability.")))); *see also Licul v. Volkswagen Group of America, Inc.*, No. 13-61686, 2013 WL 6328734, at *6 (S.D. Fla. Dec. 5, 2013) ("As an initial matter, the delayed discovery rule is inapplicable to FDUTPA claims.").

Second, the plaintiff asserts that the limitations defense is precluded by equitable estoppel. But Florida courts have refused to recognize the propriety of equitable estoppel on facts such as those alleged here, where the plaintiff alleges that she had no knowledge of the defect within the limitations period, because "equitable estoppel presupposes that the plaintiff *knew of the facts underlying the cause of action* but *delayed filing suit* because of the defendant's conduct." *Koski v. Carrier Corp.*, 347 F. Supp. 3d 1185, 1193 (S.D. Fla. 2017) (emphasis added) (citing *Black Diamond Properties, Inc. v. Haines*, 69 So. 3d 1090, 1094 (Dist. Ct. App. 2011) ("The doctrine of equitable estoppel is inapposite given that Plaintiffs do not allege that they knew they had a cause of action, but failed to comply with the statute of limitations because they relied on fraudulent representations made by Defendants that led them to delay filing suit. To the contrary, Plaintiffs argued in the lower court proceedings that they did not comply with the statute of limitations because, until 2001, they did not recognize the basis for their false advertising claims."); *Ryan v. Lobo De Gonzalez*, 841 So. 2d 510, 518 (Fla. 4th Dist. Ct. App. 2003)).

Lalli finally argues that her untimely filing should be excused by the principle of class tolling recognized in *American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974), which held that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." That principle applies to Lalli's *individual* claims, but the Supreme Court recently held that *American Pipe* cannot be applied to rescue untimely *class* claims. *China Agritech, Inc. v. Resh*, --- U.S. ---, 138 S. Ct. 1800, 1804 (2018). Chrysler is correct that any putative class claims are time-barred and cannot be rescued by the principle of class tolling, but it has not cited any authority for the proposition that Lalli's individual claim cannot go forward now as permitted by *American Pipe*.

The Court will dismiss Lalli's putative class claims under the FDUTPA. She may proceed with her individual claim under that statute.

### B. The Economic Loss Rule

The economic loss rule is "a judicially created doctrine" originating in products liability cases intended to demarcate those claims that will support tort damages from those that will yield only contract damages. *In re Takata Airbag Prod. Liab. Litig.*, 193 F. Supp. 3d 1324, 1338 (S.D. Fla. 2016) (citing *Tiara Condo. Ass'n v. Marsh & McLennan Cos. Inc.*, 110 So.3d 399, 401 (Fla. 2013)). The rule states that when the damages are limited to economic loss — defined as "damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits" — the case must be brought as a breach of contract, and the plaintiff may recover only for "disappointed economic expectations." *Tiara Condo. Ass'n*, 110 So. 3d at 401 (quoting *Casa Clara Condominium Ass'n, Inc. v. Charley Toppino and Sons, Inc.*, 620 So.2d 1246 (Fla. 1993)).

But when the claimed damages are for personal injury or damage to other property, a tort action may be maintained. *Ibid.*

Numerous federal district courts in Florida have held that the state's economic loss doctrine generally bars actions in tort to recover for breach of a purely contractual obligation, and that this prohibition extends to product liability actions. *E.g.*, *Vazquez v. General Motors, LLC*, No. 17-22209, 2018 WL 447644, at *6 (S.D. Fla. Jan. 16, 2018) ("The parties agree that Plaintiffs' damages are purely economic. Fraudulent concealment claims in the products liability sphere that seek to recover only economic damages are clearly barred by Florida's economic loss rule."); *In re Takata Airbag Prod. Liab. Litig.*, No. 14-24009, 2017 WL 2406711, at *6 (S.D. Fla. June 1, 2017) ("[T]he economic loss doctrines in Florida and Pennsylvania bar claims for fraudulent concealment."). However, the Florida Supreme Court has limited the state's economic loss rule to products liability cases. *Tiara Condo. Ass'n*, 110 So. 3d at 400 (holding "that the application of the economic loss rule is limited to products liability cases").

Florida's intermediate appellate courts have applied that holding to conclude that the economic loss rule will not bar claims of fraudulent inducement such as are asserted here, where the defendant allegedly concealed facts to encourage a plaintiff to buy its product. *See Prewitt Enterprises, LLC v. Tommy Constantine Racing, LLC*, 185 So. 3d 566 (Dist. Ct. App. 2016) (holding that a "fraudulent misrepresentation claim . . . did not merge with the breach of contract claim and the independent tort rule does not support the trial court's grant of Appellee's motion for judgment notwithstanding the verdict").

The Court will deny the motion to dismiss the fraudulent concealment claim based on that doctrine.

### C. Breach of Express Warranty Claim

"To recover on a breach-of-warranty claim under Florida law, the 'buyer must within a reasonable time after he or she discovers or should have discovered any breach notify the seller of breach or be barred from any remedy.'" *In re Polaris Mktg., Sales Practices, & Prod. Liab. Litig.*, 364 F. Supp. 3d 976, 985 (D. Minn. 2019) (quoting Fla. Stat. § 672.607(3)(a)); *Dzielak v. Whirlpool Corp.*, 26 F. Supp. 3d 304, 323 (D.N.J. 2014) ("Pre-litigation notice [is] a requirement of New Jersey, Florida, Indiana, Michigan, Ohio, Texas, and Virginia law."). There is no dispute here that the plaintiff never gave the defendant any such notice.

The case law on this point is divided, and separate lines of non-binding decisions have reached conflicting conclusions on whether the failure to allege pre-suit notice of a warranty claim is fatal to a count for breach of express warranty under Florida law. However, the weight of more recent and better reasoned decisions falls on the side of recognizing pre-suit notice as a requirement of any viable express warranty pleading.

Florida law governs. The plaintiffs invoke the so-called "minimal diversity" jurisdiction of the Court under the Class Action Fairness Act of 2005, *see Siepel v. Bank of Am., N.A.*, 526 F.3d 1122, 1124 (8th Cir. 2008), but Lalli's complaint includes a federal claim under the Magnuson-Moss Warranty Act. The Court may adjudicate the state law claims under its supplemental jurisdiction. 28 U.S.C. § 1367(a). In doing so, the Court "is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction." *Super Sulky, Inc. v. U.S. Trotting Ass'n*, 174 F.3d 733, 741 (6th Cir. 1999). The Court looks first to the state statutes and "the controlling decisions of the highest court of the state." *Meridian Mut. Ins. Co. v. Kellman*, 197 F.3d 1178, 1181 (6th Cir. 1999) (citing *Erie*). "If the state's highest court has not addressed the issue, the federal court must attempt to ascertain how that court would rule if it were

faced with the issue." *Ibid.* "The Court may use the decisional law of the state's lower courts, other federal courts construing state law, restatements of law, law review commentaries, and other jurisdictions on the 'majority' rule in making this determination." And a "federal court should not disregard the decisions of intermediate appellate state courts unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Ibid.* (citing *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465 (1967)).

Chrysler cites a line of cases rooted in a published decision of the Florida Court of Appeals, *General Matters, Inc. v. Paramount Canning Co.*, 382 So. 2d 1262 (Fla. Dist. Ct. App. 1980). In that case, the court discussed at some length the rationale for requiring pre-suit notice of warranty claims, principally because the notice was intended to avoid a rush to litigation and provide the defendant a seasonable opportunity to correct defects. *Id.* at 1264.

The decisions that have followed the reasoning of *Paramount* have emphasized the aim of the notice requirement to foreclose litigation over disputes that might have been timely resolved if adequate notice were provided. *In re Polaris Mktg., Sales Practices, & Prod. Liab. Litig.*, 364 F. Supp. 3d 976, 985 (D. Minn. 2019) ("Neither Halvorsrod nor Rogers provided pre-suit notice to Defendants, as is required by their states' laws. Plaintiffs contend that Defendants' actual knowledge of the engine defect satisfies any pre-suit notice requirements, but Plaintiffs cite no Michigan or Florida legal authority to support this argument. And Plaintiffs' argument is inconsistent with case law in which courts in both Michigan and Florida, applying their respective state laws, have dismissed breach-of-warranty claims for failure to comply with the pre-suit notice requirement.") (citing *Jovine v. Abbott Labs., Inc.*, 795 F. Supp. 2d 1331, 1340 (S.D. Fla. 2011) ("Here, Plaintiff does not allege that he ever notified Defendants of the alleged breach of a warranty. Plaintiff, therefore, has failed to state a claim for breach of express warranty."));

*Sebastian v. Kimberly-Clark Corp.*, No. 17-442, 2017 WL 6497675, at *9 (S.D. Cal. Dec. 18, 2017) ("Plaintiffs bring the breach of express warranty claim as consumers who purchased products premised on misleading or deceptive content on Defendant's advertisements and product packaging. The Court concludes that these facts are analogous to Florida cases in which courts have concluded that notice was required to defendant-manufacturers in breach of express warranty actions.") (citing *Paramount*, 382 So. 2d at 1264; *Jovine*, 795 F. Supp. 2d at 1335; *Lamb v. Graco Children's Prod. Inc.*, No. 11-477, 2012 WL 12871963, at *1 (N.D. Fla. Jan. 24, 2012)); *Hummel v. Tamko Building Products, Inc.*, 303 F. Supp. 3d 1288, 1298 (M.D. Fla. 2017) ("This notice requirement 'is a valid precondition of imposing liability on a seller of goods' for breach of warranty." (quoting *Paramount*); *Oddo v. Arcoaire Air Conditioning & Heating*, No. 15-01985, 2017 WL 372975, at *8 (C.D. Cal. Jan. 24, 2017) ("The statutory notice requirements are intended to permit manufacturers to cure a defect before owners initiate legal action.") (dismissing Florida express warranty claim for lack of pre-suit notice); *Armadillo Distribution Enterprises, Inc. v. Hai Yun Musical Instruments Manufacture Co.*, No. 12-1839, 2015 WL 12732417, at *5 (M.D. Fla. Apr. 28, 2015) ("[I]t is the buyer's burden to show that it gave notice within a reasonable time."); *Dzielak v. Whirlpool Corp.*, 26 F. Supp. 3d 304, 323 (D.N.J. 2014) ("Pre-litigation notice [is] a requirement of New Jersey, Florida, Indiana, Michigan, Ohio, Texas, and Virginia law.").

Because the Florida courts so consistently have emphasized the importance of pre-suit notice, those courts all held that the failure to plead that notice was given before filing suit was fatal to any breach of warranty claim.

Ordinarily, "[w]here the buyer gives some notice of the breach, the issues of timeliness and sufficiency are questions of fact." *Iron Bridge Tools, Inc. v. Meridian Int'l Co.*, USA, No. 13-61289, 2016 WL 8716673, at *13 n.4 (S.D. Fla. Feb. 2, 2016). But in this case, the plaintiff

concedes that she did not supply any pre-suit notice to the defendant of her warranty claim. In *Paramount* the court held that pre-suit notice was a precondition of liability. 382 So. 2d at 1263-64.

Another line of decisions on which the plaintiff relies has held that pre-suit notice is not required where the defendant is a "manufacturer" of a product, as distinguished from a "seller." *In re Santa Fe Nat. Tobacco Co. Mktg. & Sales Practices & Prod. Liab. Litig.*, 288 F. Supp. 3d 1087, 1270 (D.N.M. 2017) ("Florida federal courts interpreting [Fla. Stat. § 627.607(3)(a)] have ruled that plaintiffs need not give notice to a product's manufacturer, because the statute requires only seller notification.") (citing *Felice v. Invicta Watch Co. of Am., Inc.*, No. 16-62772, 2017 WL 3336715, at *6 (S.D. Fla. Aug. 4, 2017) ("Florida courts recognize that notice is required to be given to the seller, not the manufacturer, under Florida law." (quotations omitted)) (collecting cases); *In re MyFord Touch Consumer Litig.*, 46 F. Supp. 3d 936, 977 (N.D. Cal. 2014) ("Ford's argument is predicated on the assumption that Florida law requires notice to the manufacturer. However, at least one district court has held that notice to a manufacturer is not required because the relevant Florida statute refers to notice to a seller, not a manufacturer."); *PB Prop. Mgmt., Inc. v. Goodman Mfg. Co., L.P.*, No. 12-1366, 2014 WL 12640371, at *4 (M.D. Fla. Aug. 14, 2014) ("Plaintiffs are correct in their assertion that notice is required to be given to the seller, not the manufacturer, under Florida law."); *Federal Ins. Co. v. Lazzara Yachts of North America, Inc.*, No. 09-607, 2010 WL 1223126, at *5 (M.D. Fla. Mar. 25, 2010) ("Pursuant to Florida's Uniform Commercial Code, '[t]he buyer must within a reasonable time after he or she discovers or should have discored any breach notify the seller of breach or be barred from any remedy.' A 'seller' is 'a person who sells or contracts to sell goods.' The plain language of the statute therefore does not

require notice to a manufacturer, such as Lazzara Yacht Corporation." (quoting Fla. Stat. §§ 672.607(3)(a), 672.103(l)(d))).

Those decisions all are rooted in the unpublished ruling of the *Lazzara* court, which summarily concluded that notice was not required only because a product's "manufacturer" was not expressly denominated as a party entitled to notice under Florida's enactment of the U.C.C. That holding is poorly reasoned and uncorroborated by any controlling decisions of Florida's native courts. The conclusion also is logically unsound, particularly in a case such as this, because it is self-evident that Chrysler, as the maker of the cars, did, at some point at least, "sell" them to the intermediate dealers, who in turn sold them to the plaintiffs. Chrysler, therefore, qualifies under the plain language of the statute as an entity who "sells or contracts to sell goods." There is no apparent reason why it should be excluded from that definition merely because it is *also* the maker of the cars in question. Fla. Stat. § 672.607(3)(a) ("The buyer must within a reasonable time after he or she discovers or should have discovered any breach notify the seller of breach or be barred from any remedy."); Fla. Stat. § 672.103(1)(d) ("'Seller' means a person who sells or contracts to sell goods.").

More importantly, in our case the warranty under which Chrysler is called to account is an express warranty it issued as the manufacturer of the cars; there is no alleged separate warranty made by the dealer who sold the cars to the plaintiffs. There is no sound reason why the issuer of the warranty should be entitled to notice in the case of a direct sale but called to account without the benefit of any notice in the case of a sale through a dealer. "Florida courts evaluate compliance with the notice requirement in light of the underlying reasons," *Clay v. CytoSport, Inc.*, No. 15-00165, 2018 WL 3648061, at *5 (S.D. Cal. July 31, 2018), and the same purposes of offering a seasonable opportunity to cure would be served in both instances. This is particularly true where

it is Chrysler's expressly-made warranty that is the premise of the claim, and not any representation made by the dealer with whom the plaintiffs transacted. "[T]he point of the notice requirement is to allow the *warrantor* an opportunity to cure the problem rather than defend a lawsuit," therefore, "[t]he reason for requiring notice applies to a manufacturer every bit as much as to a seller." *Sebastian v. Kimberly-Clark Corp.*, No. 17-442, 2017 WL 6497675, at *9 (S.D. Cal. Dec. 18, 2017) (quoting *Lamb v. Graco Children's Prod. Inc.*, No. 11-477, 2012 WL 12871963, at *2 (N.D. Fla. Jan. 24, 2012)) (emphasis added, quotation marks omitted).

The Court cannot find a reason to believe that Florida's Supreme Court would not follow the more developed and persuasive reasoning stated by the *Paramount* court, rather than the conclusion reached in the *Lazarra* decision. Under the more persuasive authority of the line of decisions following *Paramount*, the express warranty claim must be dismissed for want of any pre-suit notice. The Court will dismiss Count IV of Lalli's complaint (breach of express warranty under Florida's U.C.C.), as well as Count I under the Magnuson-Moss Warranty Act (which is dependent on the state-law express warranty claim).

D. Unjust Enrichment Claim

Chrysler contends that Lalli's unjust enrichment claim must be dismissed because it is based on the same factual premises as a breach of contract (warranty) claim. That argument is based in the general rule under Florida law that "a plaintiff cannot maintain a claim for unjust enrichment if there is an express warranty governing the plaintiff's rights." *Koski v. Carrier Corp.*, 347 F. Supp. 3d 1185, 1195 (S.D. Fla. 2017). Ordinarily a plaintiff is permitted to plead conflicting causes of action in the alternative, but "where the unjust enrichment claim relies upon the same factual predicates as a plaintiff's legal causes of action, it is not a true alternative theory of relief

but rather is duplicative of those causes of action and [must be dismissed]." *Id.* at 1196 (quotations omitted).

Lalli asserts that she is entitled to plead unjust enrichment and express warranty claims in the alternative notwithstanding that she may be barred from recovering under both theories. It is well settled, of course, that under federal pleading rules "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones," and "[i]f a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." Fed. R. Civ. P. 8(d)(2).

Florida courts have permitted alternative pleading of warranty and unjust enrichment claims particularly where there is a dispute over whether the warranty covers the defect alleged. *Tershakovec v. Ford Motor Co.*, 96 UCC Rep. Serv. 2d 273, 2018 WL 3405245, at *14 (S.D. Fla. July 12, 2018) ("Ford's primary argument . . . is that the express warranty does not apply in this case. To boot, Plaintiffs allege that the 'contract remedy is insufficient to make Plaintiffs . . . whole.' Thus, at this stage, Plaintiffs may maintain an unjust enrichment claim in the alternative to their breach of express warranty claim."); *Martorella v. Deutsche Bank Nat. Tr. Co.*, 931 F. Supp. 2d 1218, 1227 (S.D. Fla. 2013) ("'[A]n unjust enrichment claim can . . . be pled in the alternative if one or more parties contest the existence of an express contract governing the subject of the dispute.'" (quoting *In re Managed Care Litig.*, 185 F. Supp. 2d 1310, 1337-38 (S.D. Fla. Mar. 25, 2002)).

In this case, the defendant has argued, among other things, that the alleged "design defect" is not covered by the express warranty promise to redress defects in "materials and workmanship." Thus, there presently is a live dispute over whether the warranty covers the defect, and, if it does not, the unjust enrichment claim could proceed. The defendant never has conceded that the

warranty in question does cover the defect, and the pleading of the restitution claim in the alternative therefore is not foreclosed at this stage of the case. *Feldman v. BRP US, Inc.*, No. 17-61150, 2018 WL 8300534, at *9 (S.D. Fla. Mar. 28, 2018) ("If Defendant stipulates that an express warranty is applicable, then Plaintiff agrees to dismiss the unjust enrichment claim. At this stage of the litigation, the Court will allow both the contract and equitable claim to proceed in the alternative."). Moreover, because the express warranty claim must be dismissed for want of pre-suit notice, allowing the unjust enrichment count to proceed is appropriate since there no longer will be any live Florida warranty claim in Lalli's case. *Sclar v. OsteoMed, L.P.*, No. 17-23247, 2018 WL 559137, at *3 (S.D. Fla. Jan. 24, 2018) ("The Court dismissed supra Plaintiffs' breach of express warranty claim for failure to comply with pre-suit notice as required by Florida law. Thus, viewing the well-pleaded allegations in the light most favorable to Plaintiffs, the Court denies [the motion to dismiss the alternatively pleaded unjust enrichment claim].").

III.

Sarah Lalli's individual claim under the FDUTPA is timely under the rule of *American Pipe*, but the tardy filing of the putative Florida class claims cannot be excused by that rule or any other recognized tolling principle. The express warranty claim must be dismissed because the plaintiff does not allege that she provided any pre-suit notice of the claim, but the fraudulent concealment and unjust enrichment claims (on both individual and class bases) are sufficiently pleaded and may proceed.

Accordingly, it is **ORDERED** that the defendant's motion to dismiss (ECF No. 292) is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that the plaintiff's putative class claims under the FDUTPA, and the warranty claims in Counts I and IV are the defendant's motion, are **DISMISSED** in their entirety. The motion is **DENIED** in all other respects.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: March 18, 2020

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on March 18, 2020.

s/Susan K. Pinkowski  
SUSAN K. PINKOWSKI

---