# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE: FCA US LLC MONOSTABLE
ELECTRONIC GEARSHIFT
LITIGATION

MDL No. 2744

Case No: 16-md-02744
Honorable David M. Lawson
Magistrate Judge David R. Grand

THIS DOCUMENT APPLIES TO
DEDRA MANEOTIS ONLY
_____/

DEADRA MANEOTIS,

    Plaintiff,

v.

FCA US LLC,

    Defendant.

No. 2:17-cv-10351-DML-DRG

Plaintiff's Response to FCA US LLC's ("FCA US") Motion to Exclude Testimony of Craig Rosenberg does not establish that Rosenberg's testimony will aid the trier of fact in this case, as it merely recites the reasons Plaintiff believes that Rosenberg can testify to the alleged risks associated with the Monostable shifter. These arguments miss the mark. Plaintiff has brought claims against FCA US under Colorado law. As such, her proffered expert's testimony must aid the trier of fact in applying the risk-benefit test to the Monostable shifter. *Walker v. Ford Motor Co.*, 406 P.3d 845, 847 (Colo. 2017) ("[T]he proper test under which to assess the design's dangerousness was the risk-benefit test."). Plaintiff's election to use her Response to insist that their proffered expert's experience in an amorphously defined "transportation" sector is sufficient to qualify him as an automotive industry expert on complex vehicle components demonstrates that she has not considered the claims she must prove at trial or the elements Colorado law requires her to prove.

Rosenberg's report, which is a rehashing of his report in the separate economic-loss cases, cannot aid the trier of fact in applying the risk-benefit test because Rosenberg does not compare the Monostable shifter to a contemporary shifter. Nor does Rosenberg make any attempt to quantify the Monostable shifter's benefits, which is a necessary analytical step in the risk-**benefit** test. *Heineman v. Am. Home Prods. Corp.*, Civil Action No. 13-cv-02070-MSK-CBS, 2015 U.S. Dist. LEXIS 30445, at *28 (D. Colo. Mar. 11, 2015) ("Without a methodology or use of

experience, training etc. to formulate the benefit component of the risk-benefit comparison, the comparison is not a product of a reliable methodology.").

Plaintiff argues that Rosenberg's report is automatically admissible in this product liability case because it is based on a past FCA US human factors study. Plf.'s Resp. at 3. Plaintiff is wrong, and she unsurprisingly cites no authority for this "good for you, good for me" proposition. The similarities between the two studies do not automatically make Rosenberg's report helpful to the trier of fact applying Colorado law. In fact, a comparison to the Lextant studies shows that Rosenberg's study is *not* helpful to a jury applying Colorado's risk-benefit test, because the Lextant study was not designed to highlight the numerous technical benefits of an electronic shifter. The Lextant study did not highlight these benefits because FCA US *already knew* the technical benefits associated with a mechanical shifter, including improved gas mileage and reduced emissions. Thus, in modeling his study on the Lextant study, Rosenberg ignored a host of technological data that establish the benefits of using a Monostable electronic shifter. This renders his opinion unhelpful to the trier of fact, and it should be excluded.

Plaintiff also argues that Rosenberg is qualified to testify, despite his lack of automotive experience, based on this Court's holding relating to the economic loss track of the present litigation. Plf.'s Resp. at 6. Specifically, Plaintiff relies on this Court's holding that "[FCA US] has not explained how any novel or exotic

2

principles of 'automobile design' are required in order for an expert to evaluate the simple interfaces presented and determine if they reliably inform the driver whether the control inputs he or she intended have been received by the car." ECF 423 at 18-19. That holding is inapposite here, where Rosenberg's testimony must aid the trier of fact in applying a risk-benefit analysis. The benefits of the Monostable shifter hinge on complicated issues of engineering, involving—at minimum—the vehicle's weight, the process by which the shifter links to the transmission, and the space those linkages occupy in the vehicle. Under *Daubert* and Fed. R. Evid. 702, "the question before the trial court [is] specific, not general. The trial court ha[s] to decide whether this particular expert ha[s] sufficient specialized knowledge to assist the jurors 'in deciding the particular issues in the case.'" *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 157 (1999). Phrased another way, "the expert's qualifications must be both (i) adequate in a general, qualitative sense … and (ii) specific to the matters he proposes to address as an expert." *Graves v. Mazda Motor Corp.*, 675 F. Supp. 2d 1082, 1093 (W.D. Okla. 2009) *citing Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 695 (10th Cir. 2001). Plaintiff's argument, at its heart, stands for the proposition that an expert can aid the jury in determining whether the risks of the Monostable shifter outweigh its benefits without any understanding or analysis of the benefits. Therefore, Plaintiff's discussion of Dr. Rosenberg's prior work in the amorphous "transportation sector"—where he designed military-grade software, Unmanned

3

Aerial Vehicles, and trade study simulations for air traffic management—does not establish by a preponderance of proof that Dr. Rosenberg possesses the specific, automotive-related qualifications required to actually asses the benefits the Monostable shifter offers, and therefore fails the foundational requirements of Rule 702(a).

Further, if it is true that Rosenberg is qualified to testify because the interfaces and devices at issue here are "simple," then Rosenberg's testimony should be excluded for a separate reason: his testimony does not reflect *expertise*. "[C]ourts must guard against invading the province of the jury on a question which the jury was entirely capable of answering without the benefit of expert opinion." *Am. Auto. Ins. Co. v. Omega Flex, Inc.*, 783 F.3d 720, 725 (8th Cir. 2015). In other words, expert testimony must not be "within the common knowledge of the average layman," and a point that can be deduced by "a person of ordinary experience" is not one that calls for expert analysis. *Bridger v. Union Ry. Co.*, 355 F.2d 382, 387 (6th Cir. 1966). Thus, "expert testimony not only is unnecessary but indeed may properly be excluded in the discretion of the trial judge 'if all the primary facts can be accurately and intelligibly described to the jury, and if they, as men of common understanding, are as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training, experience, or observation in respect of the subject under investigation."

4

*Salem v. U.S. Lines Co.*, 370 U.S. 31, 35 (1962). Courts have been especially aware that human factors evidence can veer into the realm of common sense. "[M]any human factors principles appeal to common sense. And, many experts misuse human factors expertise in litigation by … testifying about matters clearly within the jury's common knowledge[.]" Douglas R. Richmond, *Human Factors Experts in Personal Injury Litigation*, 46 Ark. L. Rev. 333, 337 (1993). Thus, thin human-factors testimony has often been excluded. *See, e.g., Am. Family Mut. Ins. Co. v. Techtronic Indus. N. Am., Inc.,* No. CIV.A. 12-2609-KHV, 2014 WL 2196416, at *3 (D. Kan. May 27, 2014) (collecting cases in which "common sense" human-factors testimony was excluded). By Plaintiff's own concession, that seems to have happened here.

Lastly, Plaintiff's attacks on the manner in which FCA US's motion was written amount to simple *ad hominem* attacks that are not helpful to the Court's work (though they have become unfortunately characteristic of Plaintiffs' approach in these *Monostable* cases as of late).

Rosenberg's failure—and inability—to analyze the benefits of the Monostable shifter not only render his opinion unhelpful; the failures also render the opinion inadmissible because it fails to meet the requirements of Rule 702(c). The District of Colorado excluded an expert's testimony where the expert lacked training and experience to analyze a product's benefit on the basis that such a comparison was "not a product of reliable methodology." *Heineman*, 2015 U.S. Dist. LEXIS

5

30445, at * 28. That same logic applies here. Rosenberg cannot design a study that reliably measures the benefits of the Monostable shifter because he lacks the technical know-how needed to test complex mechanical and electronic automotive components.

Similarly, Rosenberg's methodologies are not helpful because they do not accurately reflect the standard a jury must use to determine whether the Monostable shifter passes the risk-benefit test under Colorado law. *Armentrout v. FMC Corporation*, 842 P.2d 175, 184 (Colo. 1992) (holding that one aspect of the risk-benefit test is whether a substitute product was available that would meet the same need of the allegedly defective product). Specifically, Rosenberg compared a vehicle with a Monostable shifter to one with an electronic Polystable shifter. Yet Rosenberg never establishes that the electronic Polystable shifter was available at the time FCA US designed Ms. Maneotis's vehicle. And in truth, it wasn't. Furthermore, Rosenberg's opinion that some alternative shifter would have prevented Ms. Maneotis from failing to achieve park is "not tethered to reliable, measurable, scientific guideposts" that would allow a jury to concur that a different shifter would make a difference in this case. *Tr. Dep't of First Nat'l Bank of Santa Fe v. Burton Corp.*, No. 11-cv-01629-REB-CBS, 2013 U.S. Dist. LEXIS 130534, at *16 (D. Colo. Sep. 11, 2013). As such, Rosenberg's opinion is merely *ipse dixit*, and inadmissible. *General Eletric Co. v. Joiner*, 522 U.S. 136, 148 (1997) ("[N]othing

6

in either *Daubert* or the Federal Rules of Evidence requires a district court to admit evidence that is connected to existing data only by the ipse dixit of the expert.").

## **CONCLUSION**

For the above stated reasons, and the reasons stated in its original Motion, FCA US respectfully requests that this Court exclude the expert testimony and report of Craig Rosenberg, Ph.D.

    Respectfully submitted,

    BUSH SEYFERTH PLLC

    By: /s/ Cheryl A. Bush
    Cheryl A. Bush (P37031)
    Michael R. Williams (P79827)
    Frank A. Dame (P81307)
    100 W. Big Beaver Rd. Suite 400
    Troy, MI 48084
    (248) 822-7800
    bush@bsplaw.com
    williams@bsplaw.com
    dame@bsplaw.com

    *Attorneys for FCA US LLC*

Dated: March 30, 2020