**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT**

| | |
|---|---|
| IN RE: FCA US LLC MONOSTABLE ELECTRONIC GEARSHIFT LITIGATION<br><br>MDL No. 2744 | Case No. 16-md-02744-DML-DRG<br>Hon. David M. Lawson |

_____

| | |
|---|---|
| SOPHIE MANNARINO, as Administrator for the Estate of MICHAEL J. MANNARINO, aka MICHAEL J. MANNARINO, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>FCA US LLC,<br><br>    Defendant. | Case No. 2:18-cv-10173-DML-DRG |

_____

### FCA US LLC'S MOTION FOR LEAVE TO FILE A REPLY BRIEF IN SUPPORT OF ITS <u>MOTION FOR CLARIFICATION OR RECONSIDERATION</u>

FCA US respectfully moves for leave to file a short reply brief in support of its recent motion for clarification or reconsideration. *See* ECF No. 633. FCA US asks to file a short reply—in line with the ordinary practices on motions in this Court—to address some of the new points raised in Plaintiff's response. A copy of the proposed reply is attached as Exhibit 1.

1

As Eastern District of Michigan Local Rule 7.1(a) requires, FCA US requested concurrence from Plaintiff's counsel on June 24, 2020. Plaintiff's counsel responded that they were "not consenting" because "[t]here is no right to reply."

        Respectfully submitted,

        BUSH SEYFERTH PLLC

        By: /s/ Michael R. Williams
        Cheryl A. Bush (P37031)
        Michael R. Williams (P79827)
        Frank A. Dame (P81307)
        100 W. Big Beaver Rd. Suite 400
        Troy, MI 48084
        (248) 822-7800
        bush@bsplaw.com
        williams@bsplaw.com
        dame@bsplaw.com

        *Attorneys for FCA US LLC*

Dated: June 24, 2020

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - DETROIT

IN RE: FCA US LLC MONOSTABLE
ELECTRONIC GEARSHIFT
LITIGATION

MDL No. 2744

Case No. 16-md-02744-DML-DRG
Hon. David M. Lawson

_____

**SOPHIE MANNARINO, as
Administrator for the Estate of
MICHAEL J. MANNARINO, aka
MICHAEL J. MANNARINO, JR.,**

    **Plaintiff,**

Case No. 2:18-cv-10173-DML-DRG

v.

**FCA US LLC,**

    **Defendant.**

_____

## BRIEF IN SUPPORT OF FCA US LLC'S MOTION FOR LEAVE TO FILE A REPLY BRIEF IN SUPPORT OF ITS MOTION FOR <u>CLARIFICATION OR RECONSIDERATION</u>

## ISSUE PRESENTED

Should the Court permit FCA US to file a short reply brief in support of its recent motion for clarification or reconsideration?

**FCA US answers:** "Yes."

**Plaintiff answers:** "No."

## **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

E.D. Mich. L.R. 7.1(d)(1)

E.D. Mich. L.R. 7.1(h)(2)

Ordinarily, movants are permitted file reply briefs in support of their motions. *See* E.D. Mich. L.R. 7.1(d)(1). But responses and replies cannot be filed on motions for reconsideration unless the Court permits them. *See* E.D. Mich. L.R. 7.1(h)(2). FCA US asks this Court to permit it to file a reply here. The short reply—attached as Exhibit 1—would aid the Court in addressing FCA US's motion. The reply provides additional legal authority on key points and addresses factual developments that occurred after FCA US filed its motion.

## BACKGROUND

Plaintiff was required to provide expert disclosures by February 24, 2020. *See* ECF No. 515, PageID.21673. She did not. FCA US then filed a motion to exclude Plaintiff's undisclosed experts. *See* ECF No. 571. After finding that Plaintiff had violated the Court's discovery orders (and imposing a monetary sanction), the Court offered Plaintiff a limited extension of dates: Plaintiff was to disclose her experts by May 22 and provide expert reports by June 30. *See* ECF No. 625, PageID.28965.

On May 22, Plaintiff disclosed eleven experts. Because this broad disclosure did not appear consistent with what the Court intended in its extension order, FCA US filed a motion for clarification or reconsideration. *See* ECF No. 633. The Court ordered Plaintiff to respond, *see* ECF No. 640, and Plaintiff did so yesterday, *see* ECF No. 651. Plaintiff's response discloses new factual developments—including the withdrawal of certain experts—and makes new legal arguments. *Id.*

1

## **ANALYSIS**

"[A] district court has broad discretion to manage its docket." *Am. Civil Liberties Union of Kentucky v. McCreary Cty., Ky.*, 607 F.3d 439, 451 (6th Cir. 2010). In this district, briefing rules are generally governed by Local Rule 7.1 "[u]nless the court permits otherwise." E.D. Mich. L.R. 7.1(d)(1). Judges of this Court have allowed reply briefs in support of motions for reconsideration "in the interest of allowing Defendants a full opportunity to respond to Plaintiff's arguments opposing the motion for reconsideration." *Liberty Mut. Ins. Co. v. Devere Constr. Co.*, No. 16-CV-10423, 2016 WL 4800796, at *2 (E.D. Mich. Sept. 14, 2016).

"Reply briefs can be extremely helpful to the Court … where they actually address the arguments made in response." *Rahn v. Bank of Am., N.A.*, No. 1:15-CV-4485-ODE-JSA, 2016 WL 7325657, at *4 n.4 (N.D. Ga. June 24, 2016); *accord Christ v. Blackwell,* No. 2:10-CV-0760-EFB P, 2016 WL 4161129, at *3 (E.D. Cal. Aug. 4, 2016) ("[R]eply briefs are almost always helpful[.]"); *Westfield Ins. Co. v. Bellevue Holding Co.,* 856 F. Supp. 2d 683, 701 (E.D. Pa. 2012) ("[T]he Court often finds reply briefs useful to address matters raised in the responsive brief[.]"). A reply brief can also "help[] to focus the points of contention between the parties[.]" *Shipwash v. United Airlines, Inc.*, No. 3:13-CV-564-TAV-HBG, 2014 WL 12676181, at *1 (E.D. Tenn. Jan. 10, 2014). For these reasons, in this district, "parties seeking affirmative relief are generally permitted to submit a reply brief

after the opposing party's response brief." *Sec. & Exch. Comm'n v. Mulholland*, No. 12-CV-14663, 2017 WL 5507889, at *8 (E.D. Mich. Nov. 17, 2017) (granting leave to file a reply even though a court's order on supplemental briefing did not contemplate a reply).

Here, FCA US wishes to file a short reply to address only matters raised in Plaintiff's response. These include certain legal arguments—such as the prejudice resulting from Plaintiff's latest discovery disclosures—and factual matters—such as Plaintiff's withdrawal of several proposed experts. It will not repeat matters that were raised in FCA US's initial motion. Because FCA US is filing this reply just one day after Plaintiff filed her response, the reply would not delay the Court's resolution of the pending motion. Lastly, the reply brief would help crystallize the matters that are at issue.

## **CONCLUSION**

For these reasons, FCA US asks this Court to grant it leave to file a reply brief in support of its motion for reconsideration. The proposed reply, which complies with all Local Rules governing briefing, is attached as Exhibit 1.

3

                Respectfully submitted,

                BUSH SEYFERTH PLLC

                By: /s/ Michael R. Williams
                Cheryl A. Bush (P37031)
                Michael R. Williams (P79827)
                Frank A. Dame (P81307)
                100 W. Big Beaver Rd. Suite 400
                Troy, MI 48084
                (248) 822-7800
                bush@bsplaw.com
                williams@bsplaw.com
                dame@bsplaw.com

Dated: June 24, 2020              *Attorneys for FCA US LLC*