# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE: FCA US LLC MONOSTABLE ELECTRONIC GEARSHIFT LITIGATION<br><br>MDL No. 2744<br>_____ | No. 16-md-02744-DML-DRG<br>Hon. David M. Lawson |
| SOPHIE MANNARINO, as Administrator for the Estate of MICHAEL J. MANNARINO, aka MICHAEL J. MANNARINO, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>FCA US LLC,<br><br>    Defendant.<br>_____ | No. 2:18-cv-10173-DML-DRG |

**REPLY IN SUPPORT OF FCA US LLC'S
<u>MOTION FOR CLARIFICATION OR RECONSIDERATION</u>**

                                      BUSH SEYFERTH PLLC

                                      Cheryl A. Bush (P37031)
                                      Michael R. Williams (P79827)
                                      Frank A. Dame (P81307)
                                      100 W. Big Beaver Rd. Suite 400
                                      Troy, MI 48084
                                      (248) 822-7800
                                      bush@bsplaw.com
                                      williams@bsplaw.com
                                      dame@bsplaw.com

Dated: June 24, 2020                         *Attorneys for FCA US LLC*

Plaintiff's response is most unfortunate.[1] One might've expected a mea culpa from her, something along the lines of "Yes, I never timely disclosed my experts," "Yes, I then induced the Court to exercise its judicial grace to reopen expert discovery based on the need for *two* experts," "Yes, I next tried to slip eleven separate experts into the case through the backdoor," but "Forgive me." Rather than taking that repentant route, much of Plaintiff's filing is devoted to attacks on FCA US, calling the company "hyperbolic," "hysterical," and more. Oftentimes, the irate tenor of a response is a silent concession that the fist-pounding party's positions lack merit. This proves to be one of those times. A dispassionate review of Plaintiff's response confirms that the reopening of expert discovery should be limited to Patrick Donahue and Richard Clarke.

***First***, though her response focuses heavily on prejudice, Plaintiff is both factually and legally mistaken on that subject.

As a legal matter, prejudice is largely beside the point. Recall that FCA US brought its motion under Federal Rule of Civil Procedure 37(c)(1), which contemplates that "exclusion of non-disclosed evidence" will be "automatic and mandatory … unless non-disclosure was justified or harmless." *Dickenson v.*

---

[1] The response also attaches certain confidential settlement communications. *See* ECF No. 651-3, PageID.29419. FCA US defers to the Court as to what remedy is appropriate for that disclosure. To be clear, the communication does not accurately reflect how settlement discussions have proceeded in this case—including mediations with retired Judge Gerald Rosen occurring at FCA US's behest.

1

*Cardiac & Thoracic Surgery of E. Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004). Thus, "[h]armlessness … is the key under Rule 37, not prejudice." *Sommer v. Davis*, 317 F.3d 686, 692 (6th Cir. 2003); *see also, e.g., SPX Corp. v. Bartec USA, LLC*, 574 F. Supp. 2d 748, 757 (E.D. Mich. 2008) ("A party requesting exclusion under Rule 37(c)(1) need not show prejudice[.]"). In arguing otherwise, Plaintiff cites only a New York state case governing motions to amend the complaint. *See* ECF No. 651, PageID.29408. That case obviously does not apply. For good reason: were Plaintiff's rule the right one, then parties could routinely ignore the deadlines until a time convenient for the disclosing party, make a late disclosure, and then cry "no harm, no foul." *See* ECF No. 634, PageID.29158 (The Court: "[Plaintiff's conduct] really does not show very much respect for the Court's deadlines; in fact, it flouts them."). That kind of gamesmanship should hardly be the norm.

As a factual matter, these additional late disclosures *do* prejudice FCA US. *See also id.* (The Court: "[Plaintiff's] failure to produce any expert report at all and advise the Defendant, who had to file a summary judgment motion, of the contents of an expert's anticipated testimony is manifestly … harmful"). The additional late disclosures impose further delay and expense for FCA US, coming as they do after the original close of discovery and after FCA US filed a summary judgment motion. But they also now require a mad scramble for the company as it must reevaluate its own experts to ensure that complete, responsive testimony will be provided. At least

2

with the accident reconstructionist, for example, FCA US would have already been ready. Not so with surprise guests like a videographer or an economist. In that way, this case is much like *SG Industries, Inc. v. RSM McGladrey, Inc.*, No. 10-CV-11119, 2011 WL 6090247, at *10 (E.D. Mich. Dec. 7, 2011), where the court was compelled to exclude experts that a party sought to disclose after discovery had closed. There, as here, the plaintiff:

> … made a calculated, deliberate decision to forego retention of an expert in the hope that it could settle this case without incurring the expense of an expert. Further, to allow Plaintiff to introduce an expert several months after the close of discovery would severely prejudice Defendant. Given that the lack of an expert was a significant basis for Defendant's motion for summary judgment, Defendant would have to reexamine its entire theory of defense. Thus, at stake for Defendant is not merely inconvenience or the costs associated with deposing the new expert, as Plaintiff contends. In addition, allowing a new expert witness in this case would further delay Defendant's right to a resolution of this case—a factor upon which a finding of prejudice may be based.

In short, Plaintiff's unapologetically non-compliant approach to expert discovery should not be excused for lack of prejudice (which is disputed). *See, e.g., Dixon v. Grand Trunk W. R.R. Co.*, No. 2:13-14340, 2017 WL 5166868, at *6 (E.D. Mich. Nov. 8, 2017) (excluding expert where "Plaintiff ha[d] provided no defense for his untimeliness and his efforts to downplay the prejudice to Defendant only ma[d]e the failure to disclose the witness more baffling").

***Second***, Plaintiff repeatedly insists that refusing to accept any one of these experts would be fatal to her case. Yet FCA US explained in its initial motion to

exclude that a district court may "order[] dismissal as the first and only [discovery] sanction." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 369 (6th Cir. 1997); *see also, e.g., Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir. 2001) (explaining that cases governing standards for dismissal as a discovery sanction should not govern Rule 37(c)(1) exclusion even where exclusion makes "it much more difficult, perhaps almost impossible," for a party to establish one part of his or her case). So, even if Plaintiff were right about the weight of the late testimony, that would not license her to use whatever testimony she wanted to, especially now that the Court has permitted her to use Donahue and Clarke. And a harsher sanction is especially appropriate in a case like this one, where it appears that a party is playing fast and loose with the discovery requirements.

In any event, limiting the new experts to Donahue and Clarke—the only two experts that Plaintiff discussed at the hearing and the Court addressed—would not be fatal to her case. The Court expressed reluctance to exclude all experts because "Plaintiff cannot proceed without a *liability* expert." ECF No. 634, PageID.29158 (emphasis added). But most of these new experts appear to be *damages* experts. *See* ECF No. 651, PageID.29405-406 (explaining that certain proposed "testimony is limited to the issues of damages"). And there are other issues. One witness—a videographer—apparently only intends to explain to the jury what is shown on a video. That sort of testimony is not even admissible. *See, e.g., Estate of Collins v.*

4

*Wilburn*, 253 F. Supp. 3d 989, 992 (E.D. Ky. 2017) ("[W]hen cases involve review of videotaped events, an expert's opinion should not be permitted when the expert is no better suited than the jury to interpret the video's contents."). Admissibility aside, this testimony (which plaintiff says she is offering to respond to "the opinions contained in FCA's expert reports") would not amount to critical evidence that would automatically doom Plaintiff's case if it were excluded. And as to each one of these experts, Plaintiff never specifically explains why expert testimony is needed to mount her case—especially given that she simultaneously argues that FCA US had all the information it needed on these subjects from Plaintiff's prior discovery. Plaintiff cannot have it both ways; she cannot insist that FCA US had a complete picture of her case from prior discovery while insisting that a batch of new expert testimony must be admitted because the jury could not otherwise understand her case. (For the record: a party's attempt to cite prior discovery is *not* enough to forgive non-compliance with Rule 26(a)(2) disclosure rules. *See Sanford v. Russell*, No. 17-13062, 2019 WL 2051986, at *4 (E.D. Mich. May 9, 2019) (Lawson, J.).)

  ***Third***, recent developments show the gamesmanship that Plaintiff has continued to employ and the mess that has followed from it. After Plaintiff disclosed eleven experts, FCA US sought deposition dates of those experts just in case the Court denied this motion. *See* Exhibit 1-A, May 28 Correspondence. Despite multiple requests, Plaintiff refused to provide dates until almost a month later—and

a few hours before filing her response here. *See* ECF No. 651-3, PageID.29418. Plaintiff revealed then that she would be withdrawing five of her supposed experts without explanation, while the response itself disclosed that she is withdrawing a sixth expert, Craig Rosenberg. *Id.*; *see also* ECF No. 651, PageID.29405 (Plaintiff explaining that she would not use Rosenberg at trial because she was "unable to subpoena" her own expert). Among others, Plaintiff dumped Richard Clarke, one of the experts who supposedly precipitated the need for late discovery. *See* ECF No. 651-3, PageID.29418. Depositions of all remaining experts must now be crammed into a two-week window spanning the Fourth of July holiday, *id.*, and responsive expert reports must then be prepared. Were all that not enough, Plaintiff announced that she would be inspecting the vehicle at issue on less than 48 hours' notice. *Id.*

Thus, recent events do not render FCA US's motion "academic," as Plaintiff says. Rather, they only further illustrate how Plaintiff has used the limited leeway that the Court afforded her to create real problems. FCA US now faces a frantic race to finish substantial expert discovery over a few short days. Meanwhile, the odd way in which Plaintiff's experts have appeared and then disappeared over a few short weeks has left FCA US to guess as to who might be a "real" expert in this case and who might not be. After all, "Plaintiff [apparently] never had any intention of producing 11 experts at trial." ECF No. 651, PageID.29402. But Plaintiff never shared that intention with FCA US, even when FCA US contacted Plaintiff about

the need to file this motion.  Plaintiff instead "eschewed transparency and cooperation in the discovery process." *Brown v. Tellermate Holdings Ltd.*, No. 2:11-CV-1122, 2014 WL 2987051, at *21 (S.D. Ohio July 1, 2014).

No one relishes filing a discovery motion, and FCA US regrets needing to bring this motion for reconsideration even more so.  But "[t]he orderly progress of discovery in this MDL requires that the parties participate in the discovery process and comply with the deadlines established by the Court." *In re Neurontin Mktg., Sales Practices, & Prod. Liab. Litig.*, No. 1:04-CV-10981, 2010 WL 7154015, at *2 (D. Mass. Aug. 31, 2010).  Because Plaintiff still seems content to "flout" the orders of this Court, the Court should clarify that Plaintiff was only to disclose Pat Donahue and Richard Clarke, the two experts who were said to provide the basis for Plaintiff's recent request for an extension of time.  Alternatively, FCA US asks that the Court reconsider its decision and impose the same limitation.  At the very least, the Court should grant FCA US more time to complete all the expert work that Plaintiff's late disclosures have necessitated.

                                             Respectfully submitted,

                                             BUSH SEYFERTH PLLC

                                             By: /s/ Michael R. Williams
                                             Cheryl A. Bush (P37031)
                                             Michael R. Williams (P79827)
                                             Frank A. Dame (P81307)

Dated: June 24, 2020                             *Attorneys for FCA US LLC*