COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                          SUPERIOR COURT

RECEIVED

DEC 11 2018

SUPERIOR COURT CIVIL
MICHAEL J DONOVAN
CLERK  ATE

CARL ERICKSON,

　　　　　　　Plaintiff,

v.                                                                   CIVIL ACTION
                                                                     NO:
FCA US LLC,

　　　　　　　Defendant.

## COMPLAINT AND CLAIM FOR JURY TRIAL

### FACTS

1.　　　The plaintiff, Carl Erickson, resides at 10 Valley View Drive, Lincoln, New Hampshire.

2.　　　The defendant, FCA US LLC ("FCA") is a foreign limited liability company organized under the laws of Delaware with a principal place of business located at 1000 Chrysler Drive, Auburn Hills, Michigan.

3.　　　Jurisdiction over FCA arises from the defendant:

(a)　　transacting business in the Commonwealth of Massachusetts;

(b)　　contracting to supply services or things in the Commonwealth of Massachusetts;

(c)　　causing tortious injury by an act or omission in the Commonwealth of Massachusetts;

(d)　　causing tortious injury in the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing and soliciting business, and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts, and/or

(e)　　being registered to do business in the Commonwealth of Massachusetts.

4.      In January, 2016, Carl Erickson was the lessee and operator of a 2015 Jeep Grand Cherokee (the "Jeep").

5.      The Jeep was designed and manufactured by FCA with an electronic, as opposed to mechanical, gear shifter. The gear selection is made by pressing the shifter-paddle forward or backwards like a computer joystick that always returns to the center, upright position. This design was dangerously defective in that it provided no mechanical or physical feedback to tell drivers that they had engaged the intended gear. As a result, vehicles could all too easily be left in gear when the driver had intended to shift into Park.

6.      On August 20, 2015, the Office of Defects Investigation ("ODI") of the National Highway Traffic Safety Administration ("NHTSA") opened an investigation after receiving 14 complaints regarding incidents in which 2014 and 2015 Jeep Grand Cherokees rolled away despite being apparently shifted to the Park position.

7.      On October 6, 2015, about three months before the incident involving the Plaintiff, the ODI informed FCA that it had opened a formal Preliminary Evaluation. The ODI not only informed FCA that it had received 51 reports of this defect, but also enclosed a copy of each report.

8.      FCA was aware of (or should have been aware of) the defectively dangerous design of its Jeep Grand Cherokees at the time of their manufacture, but there is no question it was so aware at the time of the ODI evaluation, well before Plaintiff's January 12, 2016 incident.

9.      It took FCA until April 22, 2016 to issue a formal Safety Recall Report for the 2014 and 2015 Jeep Grand Cherokees. This was too late for Mr. Erickson.

10.     On January 12, 2016, Mr. Erickson was in Boston on business, and parked the Jeep outside the Omni Parker House hotel on School Street. Carl Erickson had exited his vehicle and thought he engaged the shifter into park mode. Upon reaching in to shut off the vehicle, the motor vehicle, without warning, engaged into reverse and dragged the plaintiff several hundred feet up School Street and into the Tremont Street intersection, colliding with other motor vehicles.

11.     Mr. Erickson held on for dear life but ended up beneath his vehicle, covered in blood.  He sustained a 20cm scalp laceration, nasal bone fractures, broken ribs and a broken sternum, injury to his left shoulder and arm and left ankle and foot.  He also suffered vision impairment and cognitive impairments as a result of this incident.

## COUNT I
### (Negligence)

12.     The plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 11.

13.     The defendant FCA, a merchant with respect to goods of the kind involved, failed to use reasonable care when it initiated and participated in the sale of the vehicle.  The vehicle was defective in that its design and construction, including shifter, were such that the shifter would not engage in the intended gear and the motor vehicle would move unexpectedly.

14.     The defendant, FCA knew or should have known of the dangerous and defective nature and condition of the vehicle or its component parts at the time of its design, manufacture, and sale, but also in the weeks and months leading up to the January 12, 2016 incident.

15.     The defendant FCA disposed of the vehicle in a way that FCA foresaw or should have foreseen would probably result in use of the vehicle by a person such as Carl Erickson, who would likely be ignorant of the dangerous nature and condition of the vehicle.

16.     Further, the defendant FCA failed to issue a recall promptly, to avoid harm to persons such as the Plaintiff.

17.     As the direct and proximate result of the defendant FCA's negligence and carelessness, Carl Erickson was caused to suffer severe and permanent personal injuries and cognitive impairments, incur medical and other expenses, and suffer a loss of earning capacity.

WHEREFORE, the plaintiff demands judgment against the defendant FCA in a full, fair and just amount, together with interest and costs and for such other relief as may be appropriate.

## COUNT II
### (Breaches of Warranties)

18.    The plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 17.

19.    The defendant, FCA was and is a merchant with respect to goods of the kind involved in the foregoing accident and expressly and impliedly warranted that the product and its component parts were merchantable, safe and fit for a particular purpose.

20.    The defendant FCA had reason to know the particular purpose for which the goods were required and that the plaintiff was relying on the defendant's skills and judgment to select and furnish suitable goods.  The vehicle, its component parts, and the vehicle's warnings and instructions were defective, and, therefore, the product was not in fact merchantable, safe and fit as warranted by the defendant.

21.    The defendant FCA therefore, breached the warranties of merchantability and of fitness for a particular purpose with respect to the plaintiff.

22.    As the direct and proximate result of the defendant FCA's breaches of warranties, Carl Erickson was caused to suffer severe and permanent personal injuries and cognitive impairments, incur medical and other expenses, and suffer a loss of earning capacity.

WHEREFORE, the plaintiff demands judgment against the defendant, FCA in a full, fair and just amount, together with interest and costs and for such other relief as may be appropriate.

### CLAIM FOR JURY TRIAL

The plaintiff hereby claims the right to a trial by jury on all counts of the complaint. The plaintiff also hereby claims is right to attorney-conducted voir dire at the time of trial.

The Plaintiff,

By his attorneys,

MEEHAN, BOYLE, BLACK
& BOGDANOW, P.C.

Peter J. Ainsworth, Esq., BBO No. 658704
painsworth@meehanboyle.com
Jessica M. Gray, Esq., BBO No. 647533
jgray@meehanboyle.com
Two Center Plaza, Suite 600
Boston, MA 02108-1922
(617) 523-8300

DATED:        December 11, 2018