# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - DETROIT

**IN RE: FCA US LLC MONOSTABLE**
**ELECTRONIC GEARSHIFT**
**LITIGATION**

MDL No. 2744                          Case No. 16-md-02744-DML-DRG
                                      Hon. David M. Lawson

_____

**SOPHIE MANNARINO, as**
**Administrator for the Estate of**
**MICHAEL J. MANNARINO, aka**
**MICHAEL J. MANNARINO, JR.,**

                                      Case No. 2:18-cv-10173-DML-DRG

     **Plaintiff,**

**v.**

**FCA US LLC,**

     **Defendant.**

_____

## DEFENDANT FCA US LLC'S MOTION TO EXCLUDE EXPERT TESTIMONY FROM UNQUALIFIED LAY WITNESSES

Defendant FCA US LLC ("FCA US") submits this motion, pursuant to Federal Rule of Evidence 702 and the United States Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), and requests that the Court exclude expert testimony from unqualified lay witnesses. In support of this Motion, FCA US relies upon the law and argument in its accompanying Brief in support and exhibits.

Under E.D. Mich. L.R. 7.1(a), on February 10, 2021, counsel for FCA US contacted Plaintiff's counsel to (i) explain this Motion and its legal basis, and (ii) request concurrence in the relief sought.  Plaintiff's counsel did not concur.

WHEREFORE, FCA US LLC respectfully requests that this Court grant Defendant FCA US LLC's Motion to Exclude Expert Testimony from Unqualified Lay Witnesses.

Respectfully submitted,

BUSH SEYFERTH PLLC

By:  /s/ Michael R. Williams
Cheryl A. Bush (P37031)
Michael R. Williams (P79827)
100 W. Big Beaver Rd., Suite 400
Troy, MI 48084
Tel: (248) 822-7800
bush@bsplaw.com
williams@bsplaw.com

DYKEMA GOSSETT PLLC

By: /s/ Derek S. Whitefield
James P. Feeney (P13335)
Derek S. Whitefield (P38045)
Fred J. Fresard (P43694)
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304-2820
Tel: (248) 203-0700
jfeeney@dykema.com
dwhitefield@dykema.com
ffresard@dykema.com

Dated: February 12, 2021                    *Attorneys for FCA US LLC*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION - DETROIT

**IN RE: FCA US LLC MONOSTABLE**
**ELECTRONIC GEARSHIFT**
**LITIGATION**

MDL No. 2744                               Case No. 16-md-02744-DML-DRG
                                           Hon. David M. Lawson

_____

**SOPHIE MANNARINO, as**
**Administrator for the Estate of**
**MICHAEL J. MANNARINO, aka**
**MICHAEL J. MANNARINO, JR.,**

                                           Case No. 2:18-cv-10173-DML-DRG

     **Plaintiff,**

**v.**

**FCA US LLC,**

     **Defendant.**

_____

## BRIEF IN SUPPORT OF DEFENDANT FCA US LLC'S
## MOTION TO EXCLUDE EXPERT TESTIMONY
## <u>FROM UNQUALIFIED LAY WITNESSES</u>

## ISSUE PRESENTED

Should this Court exclude opinion testimony about defect and causation from fact witnesses who (1) were not disclosed as experts and (2) are not qualified to offer expert opinions?

**FCA answers:  Yes**

**Plaintiff would answer:  No**

**The Court should answer:  Yes**

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

- *Burnham v. United States*, No. 07-cv-8017, 2009 WL 2169191 (D. Ariz. July 20, 2009)

- *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993)

- *Hines v. City of Columbus*, 676 F. App'x 546 (6th Cir. 2017)

- *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999)

- *United States ex rel. Tenn. Valley Auth. v. 1.72 Acres of Land In Tenn.*, 821 F.3d 742 (6th Cir. 2016).

- *United States v. Garcia*, 413 F.3d 201 (2d Cir. 2005)

- *United States v. Kilpatrick*, 798 F.3d 365 (6th Cir. 2015)

- Fed. R. Civ. P. 26

- Fed. R. Civ. P. 37

- Fed. R. Evid. 701

## I.      INTRODUCTION

Plaintiff may seek to introduce the statements and conclusions of both a police officer who responded to the accident scene and a detective who conducted a post-accident investigation.  Both witnesses authored reports that contain statements and conclusions concerning the gearshifter that Plaintiff alleges caused the accident at issue.  But Plaintiff did not disclose either witness as an expert.  More importantly, neither is qualified to offer expert testimony on defect or causation under *Daubert* and Federal Rule of Evidence 702.  FCA US thus moves to preclude these witnesses from offering opinions about the accident's cause or the subject gearshifter's design (or purported defectiveness).

## II.     FACTUAL BACKGROUND

This lawsuit arises from a February 15, 2017 accident in a shopping center parking lot in Brooklyn, New York.  Plaintiff's decedent, Michael Mannarino, was exiting his 2015 Jeep Grand Cherokee when the vehicle began to roll backwards.  Plaintiff alleges that Mr. Mannarino was knocked down and that the vehicle rolled over him before coming to rest against a neighboring vehicle.

New York City Police Officer Sheldon White responded to the shopping center within minutes.  When he arrived at the scene, Officer White found Mr. Mannarino laying on the ground in front of the Jeep.  Exhibit A, Accident Report, p. 1; Exhibit B, White Dep. 15:23-16:11.  None of the on-scene witnesses seemed to

1

know how the accident had occurred, White Dep. 24:9-18, and Mr. Mannarino told Officer White that he did not remember what happened, Accident Report, p. 1; White Dep. 16:4-7, 25:19-26:11. Based upon his observations of the accident site, Officer White prepared an accident report that concluded that Mr. Mannarino was "presumably run over by his own car due to it not being in park." Accident Report, p. 3.

The day after the accident, Officer White's supervisor amended the Accident Report to indicate that "the cause of this collision was a mechanical defect from a manufacture safety recall that was not corrected." White Dep. 74:19-75:21; Exhibit C, Amended Police Accident Report, p. 3. At his deposition, however, Officer White testified that he has never even reviewed the recall; he also does not have any first-hand knowledge about the alleged mechanical defect. White Dep. 76:23-78:13. Nothing suggests that Officer White has special training or expertise in evaluating vehicle defects or determining whether alleged defects have caused automobile accidents.

Detective Steve Horn of the NYPD Collision Investigation Squad opened in a formal investigation the day after the accident. As part of that investigation, Detective Horn determined that the Jeep was subject to an open recall that involved the vehicle's gearshifter. After reviewing the recall information, Detective Horn wrote that the accident happened because Mr. Mannarino (1) failed to ensure that

the vehicle was in park before to exiting his vehicle and (2) failed to complete the gearshifter-related recall. Exhibit D, New York City Police Department Investigative Report, pp. 22, 43.

## III. LEGAL STANDARD

### A. Expert Testimony

Federal Rule of Evidence 702 sets forth the basic guidelines for expert testimony. For expert testimony to be admissible under this Rule, the Court must determine that (1) the witness is qualified; (2) the expert's methodology is reliable; and (3) the testimony will assist the trier of fact to understand the evidence or to determine a fact in issue. *Pride v. BIC Corp.*, 218 F.3d 566, 577 (6th Cir. 2000).

Under the Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), courts are obligated to act as "gatekeepers" and should not admit expert testimony unless the testimony is both reliable and relevant. *Johnson v. Manitowoc Boom Trucks, Inc.*, 484 F.3d 426, 429 (6th Cir. 2007). The court's gatekeeping function applies to all expert testimony, whether based on scientific, technical, or other specialized knowledge, *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999), and "[t]he party proffering the expert testimony bears the burden of showing its admissibility under Rule 702 by a preponderance of the proof," *Estate of Collins v. Wilburn*, 253 F. Supp. 3d 989, 991 (E.D. Ky. 2017).

**B.     Lay Witness Testimony**

Under Federal Rule of Evidence 701, a lay witness may only offer testimony in the form of opinions or inferences after satisfying foundational requirements that the opinion is "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, *and* (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701 (emphasis added).

The "purpose of the foundation requirements of the federal rules governing opinion evidence is to ensure that such testimony does not so usurp the fact-finding function of the jury." *United States v. Garcia*, 413 F.3d 201, 210-11 (2d Cir. 2005) (citing Fed. R. Evid. 704, Advisory Committee Notes on 1972 Proposed Rules). Further, the requirement that lay testimony not be based on scientific or technical knowledge is in place "to prevent a party from conflating expert and lay opinion testimony thereby conferring an aura of expertise on a witness without satisfying the reliability standard for expert testimony set forth in Rule 702 and the pre-trial disclosure requirements set forth in . . . Fed. R. Civ. P. 26." *Id*. at 215 (citing Fed. R. Evid. 701, Advisory Committee Notes on 2000 Amendments).

## IV.   ARGUMENT

The Court could exclude the proposed defect and causation opinions from these police officers for two independent reasons. First, Plaintiff never disclosed

them as potential experts.  Second, neither police office is qualified to opine on the human-factors or vehicle-design-related issues that defect and causation opinions implicate here.

### A.   Plaintiff did not disclose these officers as experts.

As this Court has already explained (while excluding many of Plaintiff's other experts for untimely disclosure), Federal Rule of Civil Procedure 26(a)(2) requires parties to provide certain disclosures as to witnesses who will provide expert testimony.  That's true even for non-retained experts.  *See* Fed. R. Civ. P. 26(a)(2)(C).  "[T]hese disclosures shall be made at the time and in the sequence directed by the court," Rule 26(a)(2), and this Court ordered the parties here to make their expert disclosures by May 22, 2020.

If a party fails to disclose, then that party is generally not allowed to use the proposed expert's testimony at trial.  *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless.").  In other words, Federal Rule of Civil Procedure 37 calls for "automatic and mandatory [exclusion] unless non-disclosure was justified or harmless." *Dickenson v. Cardiax and Thoracic Surgery of Eastern Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004).  "[A]bsolute compliance" is required because the rule is such a central part of trial preparation.  *United States ex*

*rel. Tenn. Valley Auth. v. 1.72 Acres of Land In Tenn.*, 821 F.3d 742, 752 (6th Cir. 2016).

Plaintiff did not disclose either Police Officer White or Detective Horn as an expert witness before the May 2020 deadline—or at any point in the ensuing eight months.  That nondisclosure, by itself, warrants their preclusion from offering any expert opinions on the supposed defect at issue in this litigation or the cause of the accident.  *See, e.g., Hines v. City of Columbus*, 676 F. App'x 546, 554 (6th Cir. 2017) (finding that the district court properly prevented a police officer from offering an expert opinion where he was not disclosed as an expert witness); *accord Bryant v. Colo. Dep't of Transp.*, No. 16-CV-01638-NYW, 2018 WL 2445831, at *5 (D. Colo. May 31, 2018) (excluding proposed expert testimony from trooper who was not disclosed as expert); *Nichols v. Johnson*, No. 00 C 7785, 2002 WL 826482, at *5 (N.D. Ill. May 1, 2002) (same).

    **B.**    **Plaintiff cannot establish that these officers are qualified to offer experts opinions—or establish that their conclusions reflect sound science.**

Only an expert would be fit to offer testimony on the cause of this accident or the existence of any defect in the Jeep's gearshifter.  The functioning of an automobile—and, in particular, the vehicle's transmission and gearshifter—is a complex process which demands specialized technical knowledge.  Expert knowledge is likewise required to parse what happened during this accident.  Among

other things, understanding the specifics of this accident requires an understanding of accident reconstruction, human factors analysis, biomechanics, occupant kinematics, and automobile design and engineering. These issues are so complex, that even the most well-credentialed experts have sometimes been unable to meet the task. *See, e.g., Graves v. Mazda Motor Corp.*, 405 F. App'x 296, 300 (10th Cir. 2010) (Gorsuch, J.) (holding that expert opining on purportedly defective gearshifter was properly excluded where he failed to apply human-factors analysis with sufficient rigor and affirming grant of summary judgment); *cf. Ctr. for Auto Safety, Inc. v. Lewis,* 685 F.2d 656, 663 (D.C. Cir. 1982) (Ginsburg, J.) (noting that NTHSA might have had difficulty sustaining a defect finding based on park-to-reverse allegations because "the interaction between driver and vehicle seemed a critical factor in the transmission malfunction"). Opinions on these subjects would not rely on any matters personally observed, either.

Thus, Plaintiff cannot offer testimony on the alleged defect in the Jeep or the supposed cause of the accident if they are merely lay witnesses. *See, e.g.*, *Burnham v. United States*, No. CV-07-8017-PHX-DGC, 2009 WL 2169191, at *4 (D. Ariz. July 20, 2009) (holding that a lay witness "cannot provide opinions as to the cause of the accident under Rule 701"); *Stepp v. Takeuchi Mfg Co (U.S.) Ltd.*, No. C07-5446RJB, 2008 WL 4460268, at *3 (W.D. Wash. Oct. 2, 2008) ("Takeuchi fails to persuade the Court that the cause of Mr. Stepp's accident is the proper subject of

opinion testimony by lay witnesses who were not present at the time of the accident."); *Montag by Montag v. Honda Motor Co.*, 75 F.3d 1414, 1421 (10th Cir. 1996) (holding that "testimony from the [lay] witness that the seat belt system was 'defective' or 'poorly conceived' would intrude into the realm of the expert witness").

Police Officer White and Detective Horn are not qualified to offer expert opinions on the cause of the accident or the alleged defect at issue.  In this case, neither Police Officer White nor Detective Horn purport to be, nor could they qualify as, experts in the fields of human-factors analysis or automobile design and engineering.  No other experience, training, education, or otherwise would equip them to speak to the complicated design and causation issues that this accident presents.  *See, e.g., Bowie v. Am. Home Assur. Co.*, No. CIV.A. 05-1381-JJB, 2009 WL 960202, at *3 (M.D. La. Apr. 7, 2009) (excluding testimony from police officer about cause of accident given that proffering party had not offered any evidence that officer was qualified to so opine).

Further, even if the officers were somehow qualified, their opinions here do not derive from any reliable methodology.  They did not perform an accident reconstruction, and they did not inspect the Jeep's gearshifter—let  alone examine it with the level of scientific methodology that could render their conclusions admissible under *Daubert* and Rule 702.  Moreover, Police Officer White and

Detective Wilson have no information concerning how Mr. Mannarino used the shifter was used, how he used the brake pedal, how he used the accelerator, what he did to set the vehicle in motion, or what he did once it began moving.  In short, any opinions these witnesses may hold about the gearshifter or the accident's cause amount to nothing more than mere possibilities based solely upon review of recall information, not reasonably certain probabilities.  Such opinions are insufficiently reliable to be admissible under *Daubert* and  Rule 702 and should be excluded by the Court.

Police Officer White and Detective Horn are not qualified to opine on whether the subject accident resulted from a supposed defect or operator error.  These individuals may testify as to their personal observations of the evidence at the accident scene, the activities they undertook at the accident scene, the investigation that they conducted, and specific tasks they performed.  But they should not be permitted to offer defect and causation opinions that require specialized scientific or technical knowledge.  They lack such knowledge.  And nothing in the record suggests that their views on defect or causation derived from reliable methodologies recognized in those scientific and technical fields.  *See, e.g., Adams v. Pro Transp., Inc.*, No. 8:00CV558, 2002 WL 801911, at *8 (D. Neb. Jan. 9, 2002) (excluding proposed testimony from trooper about cause of accident where trooper did not establish that he used a reliable methodology).

Allowing Plaintiff to introduce such opinions through fact witnesses would only serve to create the risk of "conferring an aura of expertise on a witness without satisfying the reliability standard for expert testimony." *United States v. Kilpatrick*, 798 F.3d 365, 381 (6th Cir. 2015) (quoting *Garcia*, 413 F.3d at 215).  Accordingly, the Court must draw the line at factual testimony, and preclude any non-expert fact witnesses  from testifying as to any opinions or conclusions concerning the supposed defect at issue in this litigation or the cause of the subject accident.

## V. <u>CONCLUSION</u>

For all these reasons, FCA US LLC requests that this Court preclude these witnesses from offering opinions or conclusions concerning the supposed defect at issue in this litigation or the cause of the subject accident.

Respectfully submitted,

BUSH SEYFERTH PLLC

By:  /s/ Michael R. Williams
Cheryl A. Bush (P37031)
Michael R. Williams (P79827)
100 W. Big Beaver Rd., Suite 400
Troy, MI 48084
Tel: (248) 822-7800
bush@bsplaw.com
williams@bsplaw.com

10

DYKEMA GOSSETT PLLC

By: /s/ Derek S. Whitefield
James P. Feeney (P13335)
Derek S. Whitefield (P38045)
Fred J. Fresard (P43694)
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304-2820
Tel: (248) 203-0700
jfeeney@dykema.com
dwhitefield@dykema.com
ffresard@dykema.com

Dated: February 12, 2021                    *Attorneys for FCA US LLC*