UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: FCA US LLC MONOSTABLE
ELECTRONIC GEARSHIFT LITIGATION

Case Number 16-md-02744
Honorable David M. Lawson
Magistrate Judge David R. Grand

MDL No. 2744

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION STYLED AS MOTION TO DECERTIFY ISSUE CLASSES

On December 9, 2019, the Court filed an order conditionally certifying a common-issues class under Federal Rule of Civil Procedure Rule 23(c)(4).  On May 18, 2020, new counsel for the defendant filed a motion styled as a motion to decertify the class.  Although the Court retains the authority to reconsider class certification decisions as the litigation proceeds, a party seeking decertification must submit some new information that justifies revisiting the certification decision.  The defendant has not done so here.  Instead, it submits an argument that could have been raised during the original motion briefing (the authority to address discrete matters for which venue is laid in another district) and cites a court of appeals decision that does not address class certification in multidistrict litigation or otherwise.  The motion, therefore, is more properly characterized as a motion for reconsideration, and as such, it is untimely.  And because the motion also lacks merit, it will be denied.  However, the Court will clarify the certification decision so that the trial will focus on the common issues raised in direct-filed cases.

I.

In their Second Amended Consolidated Master Complaint (SACMC), the plaintiffs' steering committee has identified 39 named individuals from 23 different states asserting several theories of liability based on allegations of defective shifters in the Dodge Charger for model years

2012 through 2014, the Chrysler 300 for model years 2012 through 2014, and the Jeep Grand

Cherokee for model years 2014 through 2015 that the defendant manufactured and sold. In its

order conditionally certifying the issue classes, the Court determined that the plaintiffs failed to

demonstrate that their causes of action set out in the SACMC were amenable to class treatment

under Federal Rule of Civil Procedure 23(b)(2) or (3), but that there are a number of discrete issues

apparent from the record that are suitable subjects for class-wide adjudication under Rule 23(c)(4).

Those issues are:

- Whether the monostable gear shift has a design defect that renders the class vehicles unsuitable for the ordinary use of providing safe transportation.

- Whether the defendant knew about the defect and concealed its knowledge from buyers of the class vehicles.

- Whether information about the defect that was concealed would be material to a reasonable buyer.

Although many of the various claims arising in the several states set out in the SACMC have

different elements, they all require that these common questions be addressed, and therefore they

"predominate within certain issues," and "class treatment of those issues is the superior method of

resolution." *Martin v. Behr Dayton Thermal Prod. LLC*, 896 F.3d 405, 413 (6th Cir. 2018).

The resolution of these issues by a jury for the plaintiffs will not result in a complete victory

for them, although an unfavorable outcome may be fatal to many of the plaintiffs' claims.

Adjudicating these discrete issues through motion practice or trial, therefore, will be a major step

moving this litigation forward. *See id.* at 416 ("Class treatment of the . . . certified issues will not

resolve Defendants' liability entirely, but it will materially advance the litigation. The issue classes

therefore satisfy Rule 23(b)(3)'s superiority requirement.").

II.

The defendant argues that the Sixth Circuit's decision in *In re National Prescription Opiate Litigation*, 956 F.3d 838 (6th Cir. 2020), requires that the issues class be decertified.  It reasons that proceeding with an issue trial on the three certified questions would invade the trial rights of the defendant in the four transferred cases, citing *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), and trying these issues separately from the entire causes of action for each of the respective states may impair the defendant's rights under the Seventh Amendment. The four cases in question have been identified by the defendant as Central District of California Case No. 16-13681 (Goldsmith and Nathan), Eastern District of New York Case No. 16-13678 (Mack), Northern District of New York Case No. 16-13913 (Lynd), and Western District of Missouri Case No. 16-13677 (Brooks).  It is undisputed that, because those cases were transferred here from other districts, the venue for trial in those matters in the first instance does not lie in this district.  Equally obvious, however, is the fact that the Court has full authority to carry through to trial all of the direct-filed matters, which consist of the claims of plaintiffs and absent class members in 16 other class jurisdictions.

Contrary to the defendant's position, the *Opiate Litigation* decision says nothing about the propriety of class certification in an MDL proceeding.  Instead, the issue presented and addressed by the panel was whether the district court erred when granting a grossly untimely motion to amend class complaints that was unsupported by any showing of good cause, where it was undisputed that the plaintiffs had no good reason for omitting the claims from earlier pleadings.  The court of appeals held that the district court's allowance of the amendment squarely was foreclosed by Federal Rule of Civil Procedure 16(b), and "a desire to circumvent [the MDL statute's limits on the transferee court's authority] does not constitute 'good cause' under Rule 16(b)," regardless of

any interests in achieving "efficiency" via the MDL proceeding.  The panel further noted that the claims at issue would have to be tried by the transferor court, not the MDL court, because "under the plain terms of § 1407(a) and the Supreme Court's holding in *Lexecon* — the MDL court's adjudicatory authority in transferred cases is limited to 'pretrial proceedings.'"  *In re Nat'l Prescription Opiate Litig.*, 956 F.3d at 845.

The problem with the defendant's motion is that the issue it raised and the remedy it seeks simply have no logical relationship, and it has failed to advance any good grounds to question the certification of issues classes previously granted.

It is well settled, of course, that "[a] district court 'retains the ability to monitor the appropriateness of class certification throughout the proceedings and to modify or decertify a class at any time before final judgment.'"  *Whitlock v. FSL Mgmt., LLC*, 843 F.3d 1084, 1090 (6th Cir. 2016) (quoting *In re Integra Realty Resources, Inc.*, 354 F.3d 1246, 1261 (10th Cir. 2004)).  And "[t]his includes the duty to decertify the class [at a later stage of the proceeding] where the requirements of class certification [are not] met."  *Ibid.*  However, the party moving for decertification must advance at least some credible facts or authority suggesting that the Court erred in its evaluation of the propriety of class certification.  *See Binta B. ex rel. S.A. v. Gordon*, 710 F.3d 608, 619 (6th Cir. 2013) (holding that district court did not err in continuing class certification because defendant had offered no evidence of the purported inadequacy of a challenged class representative).

Here, the defendant bases its motion entirely on *Opiate Litigation*, which did not concern class certification at all, and it has not cited any authority for the novel proposition that class certification is not appropriately within the power of the MDL court to address.  Of course, it has been settled law for decades that an MDL court "conducting . . . 'pretrial proceedings' [under the

authority of 28 U.S.C. § 1407(a)] may [not] invoke § 1404(a) to assign a transferred case to itself for trial." *Lexecon*, 523 U.S. at 28. But this Court unquestionably has full authority to try all claims in the matters that were direct-filed in the Eastern District of Michigan and reassigned as companion proceedings to be consolidated with the MDL.

It is equally well settled that "[d]istrict courts have substantial discretion to order presentation of issues and evidence at trial as they deem appropriate." *Certain Underwriters v. Am. Realty Advisors*, No. 16-940, 2017 WL 5195864, at *3 (E.D.N.C. Nov. 9, 2017) (citing Fed. R. Civ. P. 42; *Huddleston v. United States*, 485 U.S. 681, 690 (1988) ("[A] trial court has traditionally exercised the broadest sort of discretion in controlling the order of proof at trial."); *Atl. Greyhound Corp. v. Eddins*, 177 F.2d 954, 959 (4th Cir. 1949) ("Direction of the orderly presentation of evidence is in the discretion of the trial court.")). It is true, as held by *Lexecon*, that "consolidated cases retain their separate character [and] consolidation [must] not affect the parties' substantive rights," particularly where "consolidated cases originating in different jurisdictions may require application of different [rules of law]." *Ibid.* But the defendant's anemic and undeveloped argument that the Court cannot feasibly try the certified questions of fact "in any context" common to these consolidated matters is belied by the parties' able presentations on the motion for summary judgment, in which they concisely identified, and argued their positions based on, the several pertinent rules of decision prevailing in the class jurisdictions.

Moreover, the defendant has not addressed any of the factors germane to the Rule 23 commonality analysis, and its motion barely mentions the Sixth Circuit's binding decision in *Martin v. Behr Dayton Thermal Prod. LLC*, 896 F.3d 405 (6th Cir. 2018), which endorsed the procedure outlined by this Court in its issue class certification order. Nothing in the *Opiate Litigation* decision abrogated *Martin*'s holding that, "[w]hen appropriate, an action may be

brought or maintained as a class action with respect to particular issues," via Federal Rule of Civil

Procedure P. 23(c)(4), and that "Rule 23(c)(4) contemplates using issue certification to retain a

case's class character where common questions predominate within certain issues and where class

treatment of those issues is the superior method of resolution." *Id.* at 413. In its prior opinion, the

Court discussed at length why issue certification was appropriate in this case, and the defendant

has offered no substantial basis to question that ruling.

The defendant also contends that trying the three certified issues may run afoul of the

Seventh Amendment's Reexamination Clause, because it believes that even if the issues are

resolved against it, a trial will be required to determine the remaining elements of the respective

causes of action. There are several reasons why that argument has no purchase. For one, the

Court's authority to order a separate trial on discrete issues is well recognized. *See* Fed. R Civ. P.

42(b) (stating that "the court may order a separate trial of one or more separate issues"); *Yung v.*

*Raymark Indus., Inc.*, 789 F.2d 397, 400 (6th Cir. 1986). For another, once these issues are settled

by motion practice or trial, there is no reason to revisit them. Moreover, the case is still in its

pretrial stages and motions for summary judgment are pending. If there are no fact questions that

need deciding to resolve the certified issues, the Court can determine them as a matter of law — a

procedure well established by the rules, *see* Fed. R. Civ. P. 56(g) — and try the remaining ones to

a jury, or remand the cases for trial in the respective transferor district. In such case, "no fact tried

by [the] jury" would be "re-examined," even if there would be overlapping evidence presented on

the open issues.

In its motion, the defendant also asks the Court, on grounds unrelated to *Opiate Litigation*,

to revisit some of the reasoning behind the finding that certification of an issues class is a sensible

procedure to advance the litigation. That request to reconsider, however, is woefully late. *See*

E.D. Mich. LR 7.1(h) ("Motions for reconsideration of non-final orders . . . must be filed within 14 days after entry of the order . . . .").

Finally, any lurking concerns about any supposed invasion of the defendant's trial rights in the four transferred matters, on the basis that a trial in common even of discrete issues could comprise an implied self-assignment of those matters to this Court that would be prohibited by *Lexecon*, may be addressed after the summary judgment motions are decided. Any such concerns may be foreclosed by a separate and modest remedy that does not impair the class certification, such as limiting the trial agenda to jury decisions on the three certified questions only as they pertain to the claims of plaintiffs and absent class members in those cases that were direct-filed here. Thereafter, the Court can determine whether the plaintiffs in the transferred cases also might constitute absent class members in the direct-filed cases, and the parties would be free to seek remedies based on the extent that other plaintiffs or absent class members would be bound by the decisions on those certified issues.

## III.

The defendant's motion to decertify the class is more properly characterized as a motion for reconsideration of the class certification order. As such, it is untimely. It also lacks merit.

Accordingly, it is **ORDERED** that the defendant's motion to decertify the issues class (ECF No. 614) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date:   January 4, 2022