UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: FCA US LLC MONOSTABLE
ELECTRONIC GEARSHIFT LITIGATION

MDL No. 2744

Case Number 16-md-02744
Honorable David M. Lawson
Magistrate Judge David R. Grand

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR SUGGESTION OF REMAND**

Defendant FCS, USA, LLC has filed a motion advancing a suggestion of remand for four cases that were transferred to this Court by the Joint Panel on Multidistrict Litigation (JPML) and consolidated with others matters originally filed in this district for all pretrial proceedings. The cases in question are *Wall v. FCA US, LLC*, No. 16-13681 (C.D. Cal.); *Mack v. FCA US, LLC*, No. 16-13678 (E.D.N.Y.); *Lynd v. FCA US, LLC*, No. 16-13913 (N.D.N.Y.); and *Brooks v. FCA US, LLC*, No. 16-13677 (W.D. Mo.).

The defendant argues that the Court is required to remand the cases "after the August 24, 2022 pretrial conference," because at that time the pretrial proceedings in the matters will be "complete." The defendant cites 28 U.S.C. § 1407(a), which specifies that the Judicial Panel on Multidistrict Litigation (JPML) "shall [] remand[] [all cases transferred] by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." The defendant also argues that failure to remand the transferred cases promptly would violate the rule of *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), in which the Court held that "a district court conducting 'pretrial proceedings' [under 28 U.S.C. 1407(a)] may [not] invoke § 1404(a) to assign a transferred case to itself for trial," *id.* at 28.

The several premises on which the defendant builds its argument are false, and therefore its argument seeking remand is faulty. The motion will be denied.

The pretrial proceedings in the transferred cases will not be complete at the conclusion of the pretrial conference, and a suggestion of remand therefore would be premature. The issuance of a suggestion of remand before pretrial proceedings are completed is dependent on a finding by the Court that further coordinated litigation would not be likely to facilitate the resolution of the transferred matters. The defendant has not established good grounds for any such finding.

"An MDL court has no authority to remand a case on its own. Rather, the Judicial Panel of Multidistrict Litigation must order the remand." *In re Aredia & Zometa Prod. Liab. Litig.*, No. 06-MD-1760, 2010 WL 5387695, at *1 (M.D. Tenn. Dec. 22, 2010) (citing *In re Wilson*, 451 F.3d 161, 165, n. 5 (3rd Cir. 2006)). "Section 1407 not only authorizes the Panel to transfer for coordinated or consolidated pretrial proceedings, but it also obligates the Panel to remand any pending case to its originating court when, at the latest, those pretrial proceedings have run their course." *Ibid.* (citing *Lexecon*). However, "[t]he MDL court plays a vital role in the remand process by entering an order in which it suggests to the Panel that a case is ready to remand," because "[a] suggestion of remand from the MDL court provides the indication that the coordinated or consolidated pretrial proceedings assigned to it by the Panel have been successfully completed." *Ibid.* (citations and footnotes omitted). "A party seeking remand to the transferor court has the burden of establishing that such a remand is warranted." *Id.* at *2 (citing *In re Integrated Resources, Inc.*, 851 F. Supp. 556, 562 (S.D.N.Y.1994)). "The Panel has made clear that it will remand an action prior to completed pretrial proceedings only upon a showing of good cause," and, when considering whether good cause has been established, "[t]he district court's

discretion to suggest remand generally turns on the question of whether the case will benefit from further coordinated proceedings as part of the MDL." *Ibid.*

Good cause has not been shown to remand the cases at this juncture, because the pretrial proceedings in the transferred cases are not complete. After the Court certified a class for trial of three fact questions pertinent to the common disposition of all the product liability and warranty claims, the Court twice previously signaled to the parties its intentions with respect to the trial agenda. As the Court observed in its order denying the defendant's motion to decertify the issue class:

> Finally, any lurking concerns about any supposed invasion of the defendant's trial rights in the four transferred matters, on the basis that a trial in common even of discrete issues could comprise an implied self-assignment of those matters to this Court that would be prohibited by *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1988), may be addressed after the summary judgment motions are decided. Any such concerns may be foreclosed by a separate and modest remedy that does not impair the class certification, such as limiting the trial agenda to jury decisions on the three certified questions only as they pertain to the claims of plaintiffs and absent class members in those cases that were direct-filed here. Thereafter, the Court can determine whether the plaintiffs in the transferred cases also might constitute absent class members in the direct-filed cases, and the parties would be free to seek remedies based on the extent that other plaintiffs or absent class members would be bound by the decisions on those certified issues.

ECF No. 745, PageID.33504. In its recent order establishing final pretrial procedures, the Court reminded the parties about the lurking issue and invited them to file appropriate motions by July 8, 2022. The parties declined that invitation. No motion regarding establishment or limitation of the trial agenda or suggesting any consensus relief to resolve in advance the legal impact of the class issue trial findings has been presented. Because the parties have declined the Court's invitation to raise such issues on their own initiative in advance of trial, further motion practice will be necessary after the issue class trial is concluded to decide whether and to what extent the jury's findings may by operation of law be binding on parties and absent class members in the transferred matters. Consequently further *pretrial* motion practice will be required to settle

remaining legal issues after the issue class trial has concluded. The Court anticipates that the resolution of those questions in a coordinated manner likely would facilitate the preparation of the transferred cases for trial — or resolve them without trial — when, eventually, they may be remanded to the transferor districts.

In this motion and in other filings, the defendant repeatedly has argued that failure to remand the transferred cases in advance of the issue class trial would violate the prohibition on implied trial assignments under *Lexecon*. However, the procedure that the Court has adopted for addressing common issues in this case is one that is well established and explicitly recognized as appropriate by the guidance in the Manual for Complex Litigation, Fourth (2004). As the Manual explains:

> [T]he policy reasons for the [pre-*Lexecon*] practice remain: (1) during the often protracted time of the section 1407 assignment, the transferee judge gains a solid understanding of the case, and it makes sense for trial to be conducted by the judge with the greatest understanding of the litigation; (2) the transferee judge may already be trying the constituent centralized action(s), and there may be efficiencies in adjudicating related actions or portions thereof in one trial; and (3) the transferee judge, if empowered to try the centralized actions, may have a greater ability to facilitate a global settlement.
>
> Accordingly, evolving alternatives, such as those below, *permit the transferee court to resolve multidistrict litigation through trial while remaining faithful to the* Lexecon *limitations*:
>
>> Prior to recommending remand, the transferee court could conduct a bellwether trial of a centralized action or actions originally filed in the transferee district, the results of which (1) *may, upon the consent of the parties to constituent actions not filed in the transferee district, be binding on those parties and actions*, or (2) may otherwise promote settlement in the remaining actions.

Manual for Complex Litigation, Fourth § 20.132 (2004) (emphasis added). The Court has established a procedure that comports fully with the guidance of the Manual, which will be followed through to trial. As previously indicated by the Court, the issue class trial constitutes a bellwether trial of sorts, directed to resolving the three certified questions as they pertain to the

parties and claims in the cases originally filed in this district. Those issue are common to the claims of the parties across the range of various state-law causes of action, and they may impact the transferred cases. Because the parties in the transferred cases have not indicated their consent to be bound by the resolution of the same factual questions pertaining to their cases, further motion practice will be needed to determine whether and to what extent they may be bound by operation of law. After the Court resolves those remaining issues, then further consideration will be given to when the cases should be remanded.

Accordingly, it is **ORDERED** that the defendant's motion for a suggestion of remand (ECF No. 795) is **DENIED**.

It is further **ORDERED** that the issue class trial shall constitute an adjudication by the jury of the three certified questions as they pertain to the parties and claims involved in the direct-filed MDL cases. After the conclusion of the issue trial, the Court will entertain appropriate motions on the questions whether and to what extent the results of the issue trial may, by operation of law, be binding on parties and absent class members in *Wall v. FCA US, LLC*, No. 16-13681 (C.D. Cal.); *Mack v. FCA US, LLC*, No. 16-13678 (E.D.N.Y.); *Lynd v. FCA US, LLC*, No. 16-13913 (N.D.N.Y.); and *Brooks v. FCA US, LLC*, No. 16-13677 (W.D. Mo.).

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   July 27, 2022