UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: FCA US LLC MONOSTABLE
ELECTRONIC GEARSHIFT LITIGATION

MDL No. 2744

Case Number 16-md-02744
Honorable David M. Lawson
Magistrate Judge David R. Grand

_____/

## ORDER REGARDING MOTIONS *IN LIMINE*

On August 24, 2022, the Court held a final pretrial conference and a hearing on the parties'

omnibus motions *in limine*.  During the hearing, the Court announced from the bench its rulings

on the various issues presented by the motions.

Accordingly, for the reasons stated on the record, it is **ORDERED** that the plaintiffs'

omnibus motion *in limine* (ECF No. 801) is **GRANTED IN PART AND DENIED IN PART**,

and the following is further **ORDERED**:

1.      The plaintiffs' request to exclude argument that the monostable gear shift is not

defective because the same design was used in "luxury" or "premium" automobiles is **DENIED**

without prejudice.  The Court advises the parties that it is not inclined to permit argument that the

gear shift design is safe because it was used in "luxury" or higher priced vehicles.  This is not a

definitive ruling, and the Court will entertain any appropriate contemporaneous objection.

2.      The plaintiffs' request to exclude evidence or argument that the closing of a

NHTSA investigation in 2015 proves that the monostable gear shift is not defective is taken under

advisement, and a written ruling will be forthcoming.

3.      The plaintiffs' request to exclude from admission into evidence exemplars of gear

shifters that are disconnected from vehicles is **GRANTED**.  The defendant may present exemplar

shifters to be used for demonstrative purposes, and the exemplars may be displayed for the jury in

the courtroom.  The exemplar shifters will not be admitted into evidence and will not be sent to the jury during deliberations.

4.      The plaintiffs' request to exclude argument that the fact that any individual plaintiff does not appear live at trial is probative of any certified issue is **DENIED** without prejudice.  The Court advises the parties that it is not inclined to permit argument that a plaintiff is less credible due to his or her absence if the plaintiff's testimony is admitted solely by way of deposition as part of the defendant's case in chief.  This is not a definitive ruling, and the Court will entertain any appropriate contemporaneous objection.

5.      The plaintiffs' request to exclude records from the North Carolina Accident Database is **DISMISSED** as moot.

6.      The plaintiffs' request to exclude evidence of the defendant's good character is **DENIED** without prejudice.  If the defendant believes that proof of the defendant's character is relevant, then counsel shall seek a sidebar to address the issue before any such evidence is presented to the jury.

7.      The plaintiffs' request to exclude evidence of participation in other litigation by class counsel is **GRANTED**.

8.      The plaintiffs' request to exclude evidence relating to fee arrangements between the plaintiffs and class counsel is **GRANTED**.

It is further **ORDERED**, for the reasons stated on the record, that the defendant's omnibus motion in limine (ECF No. 802) is **GRANTED IN PART AND DENIED IN PART**, and the following is further **ORDERED**:

1.      The defendant's request to exclude evidence that the defendant entered into a consent order with NHTSA on July 24, 2015 regarding its failure to remedy defective vehicles in

connection with three recalls within a reasonable period of time pursuant to 49 U.S.C. § 30120(a), (c) is **GRANTED**.

2.     The defendant's request to preclude any party from reading deposition testimony into the record unless a proper foundation is laid to establish a hearsay exception is **DENIED** without prejudice.  The Court advises the parties that it will permit the presentation of video deposition testimony by the defendant's Rule 30(b)(6) representatives if a sufficient foundation is established to show that the witness is a managing agent of the defendant.  However, the Court is not inclined to permit cross-examination by plaintiffs' counsel of a witness who testifies during the defendant's case in chief on any matters covered by previously presented video deposition testimony by that same witness.  This is not a definitive ruling, and the Court will entertain any appropriate contemporaneous objection.

3.     The defendant's request to permit counter-designation of additional deposition excerpts under Rule 32(a)(6) is **GRANTED IN PART**.  The Court advises the parties that the treatment of any such excerpts will honor the letter and spirit of Rule 32(a)(6), and any appropriate contemporaneous objection will be entertained.

4.      The defendant's request to exclude any references to pretrial discovery and sealing disputes is **GRANTED IN PART AND DENIED IN PART**.  The plaintiffs will be allowed to present evidence of discrete assertions of fact memorialized in the record that imply directly that documents filed in the record never before publicly were disclosed.  However, all other references to the relief sought or grounds argued in any motion or the ultimate dispositions of any motion by the Court shall be **EXCLUDED**.

5.     The defendant's request to exclude newspapers, journal articles, and other press reports discussing the monostable gear shifter and certain class vehicles is **DENIED** without

prejudice.  The Court advises the parties that if email correspondence that touches on the certified issues is offered for a proper purpose, it likely will be admitted, and the Court will entertain any appropriate contemporaneous request for a limiting instruction.

6.      The defendant's request to exclude documents comprising accounts of either complaints or incidents involving class vehicles is **DENIED** without prejudice.  The Court advises the parties that evidence of other incidents or reports of the same will not be admitted unless the plaintiffs first establish a foundation to show that the incidents reported were substantially similar to those placed in issue at trial, and that the evidence may be received for a proper purpose.  The Court will entertain any appropriate contemporaneous request for a limiting instruction.

7.      The defendant's request to exclude evidence relating to the death of Anton Yelchin is **GRANTED**.

8.      The defendant's request to exclude evidence about the polystable gear shift design is **GRANTED**.  Other questions presented by the same request concerning the admissibility of evidence about the auto park feature will be addressed in the Court's forthcoming ruling on related issues which the Court has taken under advisement.

9.      The defendant's request to exclude evidence about personal injury cases is **DENIED** without prejudice.  Any such evidence will be considered according to the same principles noted above regarding establishment of a proper foundation and substantial similarity of injury accidents or incidents.

10.      The defendant's request to exclude evidence about correspondence between the chief patent counsel for Jaguar Land Rover and defendant's patent counsel is taken under advisement.

11.     The defendant's request for an order clarifying the issues to be decided at trial is **DENIED** subject to the guidance stated by the Court on the record and in previously filed opinions and orders.

It is further **ORDERED** that the plaintiff's expedited motion to admit certain exhibits (ECF No. 816) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   August 29, 2022