**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE:  FCA US LLC MONOSTABLE
ELECTRONIC GEARSHIFT
LITIGATION                                       Case No: 16-md-02744
                                                 Honorable David M. Lawson
          MDL No. 2744                           Magistrate Judge David R. Grand

_____/

### DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION OF UTAH CLASS AND APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL

# **TABLE OF CONTENTS**

COUNTERSTATEMENT OF ISSUES PRESENTED............................................. iii

STATEMENT OF CONTROLLING AUTHORITY ............................................. iv

TABLE OF AUTHORITIES ...............................................................................v

I.    INTRODUCTION ...............................................................................1

II.   BACKGROUND ................................................................................2

    A.   Plaintiff Trevor Marble Buys A Used Vehicle. ...............................2

    B.   Plaintiffs Move To Certify Consumer Protection Classes. ...........2

    C.   The Court Denies The Motion To Certify Rule 23(b)(3) Classes But
       Certifies A Rule 23(c)(4) Class. ...................................................3

III.  ARGUMENT.......................................................................................4

    A.   Plaintiff's Motion Is Untimely, Makes Forfeited Arguments, And Is Barred
       By The Law-Of-The-Case Doctrine. ...........................................4

    B.   The Jury Findings Defeat The Claims Plaintiff Seeks To Certify. ...............6

    C.   Plaintiff's Proposed Class Does Not Satisfy The Requirements Of
       Rule 23(a). ......................................................................................6

        1. Plaintiff Has Not Proven Commonality. .................................7

        2. Trevor Marble Is Not Typical of All Utah Purchasers.........................7

    D.   Plaintiff Has Not Satisfied The Requirements Of Rule 23(b). ...................11

        1. Individual Questions Of Fact Predominate. .......................................11

        2. Individual Issues Of Law Predominate. .............................................13

        3. Plaintiff Has Not Established A Classwide Damages Theory
           Tethered To His Claims. ...................................................................16

    E.   This Court Lacks Jurisdiction To Certify A Utah Magnuson-Moss
       Warranty Act Claim. ...................................................................17

IV.   CONCLUSION ...............................................................................18

## <u>COUNTERSTATEMENT OF ISSUES PRESENTED</u>

1. Whether any extraordinary circumstances exist to justify reconsideration of the Order dated December 9, 2019 (ECF No. 492), denying Plaintiffs' motion to certify a class under Federal Rule of Civil Procedure 23(b)(3).

2. If so, whether a claim for breach of implied warranty under Utah law remains viable after the jury findings from the issues trial.

3. If so, whether the Court should certify a Rule 23(b)(3) class for the implied warranty and Magnuson-Moss Warranty Act claims in Utah.


The Court should answer NO to all questions.

## STATEMENT OF CONTROLLING AUTHORITY

Fed. R. Civ. P. 23(a)

Fed. R. Civ. P. 23(b)

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011)

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abraham v. Volkswagen of Am., Inc.*,
  795 F.2d 238 (2d Cir. 1986)................................................................................17

*Andersen v. Atl. Recording Corp.*,
  2010 U.S. Dist. LEXIS 44168 (D. Or. May 4, 2010) .........................................13

*Arizona v. California*,
  460 U.S. 605 (1983) ..............................................................................................5

*Beattie v. CenturyTel, Inc.*,
  511 F.3d 554 (6th Cir. 2007).................................................................................7

*Bench Billboard Co. v. City of Covington*,
  547 F. App'x 695 (6th Cir. 2013) ..........................................................................5

*Boelens v. Redman Homes, Inc.*,
  748 F.2d 1058 (5th Cir. 1984) .............................................................................17

*C.A. Johnson Trenching, L.C. v. Vermeer Mfg. Co.*,
  2005 UT App 94.................................................................................................8, 9

*Callegari v. Blendtec, Inc.*,
  2018 U.S. Dist. LEXIS 190746 (D. Utah Nov. 6, 2018) ....................................12

*Carlson v. General Motors Corp.*,
  883 F.2d 287 (4th Cir. 1989)...............................................................................17

*Christopher v. Larson Ford Sales, Inc.*,
  557 P.2d 1009 (Utah 1976) .................................................................................12

*Churchill Village, L.L.C. v. General Electric*,
  361 F.3d 566 (9th Cir. 2004)...............................................................................17

*Cohen v. Implant Innovations, Inc.*,
  259 F.R.D. 617 (S.D. Fla. 2008) .........................................................................12

*Cole v. Gen. Motors Corp.*,
  484 F.3d 717 (5th Cir. 2007)...............................................................................13

*Da Air Taxi LLC v. Diamond Aircraft Indus.*,
  2009 U.S. Dist. LEXIS 139017 (S.D. Fla. Nov. 4, 2009) ..................................17

*Davidson Lumber Sales, Inc. v. Bonneville Inv., Inc.*,
  794 P.2d 11 (Utah 1990) ........................................................................................15

*DiPonio Constr. Co. v. Int'l Union of Bricklayers & Allied Craftworkers*,
  739 F. Supp. 2d 986 (E.D. Mich. 2010) .................................................................4

*Doyle v. Chrysler Grp. LLC*,
  2014 U.S. Dist. LEXIS 181177 (C.D. Cal. Oct. 9, 2014) ......................................8

*Durbano Metals v. A & K R.R. Materials*,
  574 P.2d 1159 (Utah 1978) ...................................................................................10

*Falcon v. Philips Elecs. N. Am. Corp.*,
  304 F. App'x 896 (2d Cir. 2008) ............................................................................8

*Harris v. Albrecht*,
  86 P.3d 728 (Utah 2004) ........................................................................................15

*In re FCA US LLC Monostable Elec. Gearshift Litig.*,
  334 F.R.D. 96 (E.D. Mich. 2019) .........................................................................11

*In re Jackson Nat'l Life Ins. Co. Premium Litig. v. Jackson Nat'l Life Ins. Co.*,
  209 F.R.D. 134 (W.D. Mich. 2002) ........................................................................5

*Losey v. N. Am. Philips Consumer Elecs. Corp.*,
  792 F.2d 58 (6th Cir. 1986) ...................................................................................16

*LWT, Inc. v. Childers*,
  19 F.3d 539 (10th Cir. 1994) ...................................................................................9

*Macris v. Sculptured Software, Inc.*,
  24 P.3d 984 (Utah 2001) ........................................................................................16

*Martinez v. Nissan N. Am., Inc.*,
  2022 U.S. Dist. LEXIS 65765 (D. Utah Apr. 8, 2022) .........................................12

*Mattson v. New Penn Fin.*,
  2021 U.S. Dist. LEXIS 74788 (D. Or. Mar. 8, 2021) ...........................................10

*McNulty v. Arctic Glacier, Inc.*,
  2016 U.S. Dist. LEXIS 14826 (E.D. Mich. Feb. 8, 2016) ..................................... 5

*Robinson v. GE Co.*,
  2016 U.S. Dist. LEXIS 50166 (E.D. Mich. Apr. 14, 2016) ................................. 13

*Rodney v. Northwest Airlines, Inc.*,
  146 F. App'x 783 (6th Cir. 2005) ........................................................................ 15

*Salt Lake City Corp. v. Sekisui SPR Ams., LLC*,
  2018 U.S. Dist. LEXIS 196177 (D. Utah Nov. 16, 2018) ................................. 15

*Smith v. Mount Pleasant Pub. Schs.*,
  298 F. Supp. 2d 636 (E.D. Mich. 2003) ............................................................... 4

*Sobiech v. Int'l Staple & Mach. Co.*,
  867 F.2d 778 (2d Cir. 1989) ................................................................................ 10

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) ...................................................................................... 6, 14

*Waste Mgmt. Holdings, Inc. v. Mowbray*,
  208 F.3d 288 (1st Cir. 2000) .............................................................................. 15

*Westside Mothers v. Olszewski*,
  454 F.3d 532 (6th Cir. 2006) ............................................................................... 5

*Young v. Nationwide Mut. Ins. Co.*,
  693 F.3d 532 (6th Cir. 2012) ............................................................................. 12

**Statutes**

28 U.S.C. § 1332(d)(2) ................................................................................. 17

Utah Code Ann. § 70A-2-725(1) ................................................................. 15

Utah Code Ann. § 70A-2-316(3)(b) ............................................................ 13

Utah Code Ann. § 70A-2-316(2) ................................................................... 8

Utah Code Ann. § 70A-2-316(2)-(3) ........................................................... 10

Utah Code Ann. § 70A-2-607(3)(a) ............................................................. 12

**Rules**

E.D. Mich. L.R. 7.1(h)(2) ........................................................................4

Fed. R. Civ. P. 23(a)........................................................................6, 7

Fed. R. Civ. P. 23(b) ............................................................... *passim*

Fed. R. Civ. P. 23(c)(4)............................................................................3

**Treatises**

18B Charles A. Wright et al., *Federal Practice & Procedure* § 4478 (2d ed. 2022)...............................................................................................5

## I.   <u>INTRODUCTION</u>

Class actions are designed to "achieve economies of time, effort, and expenses, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *AmchemProds., Inc. v. Windsor*, 521 U.S. 591, 615 (1997).  This motion does not further those ends.  It defies them.  Despite already unsuccessfully moving to certify a Rule 23(b)(3) class for the Utah claims, and despite already unsuccessfully requesting that he be appointed as the representative of that class, Plaintiff Trevor Marble now asks this Court to consider doing so again.  He makes this request even though the deadline for a motion for reconsideration expired nearly three years ago, and even though he offers no exceptional circumstances to warrant reconsideration.

Specifically, Plaintiff already moved to "certify separate, individual state classes for each of the states for which there is a class representative."  First Mot. to Certify, ECF No. 286, PageID.7656.  That included Utah.  The Court, however, denied that motion because the putative class failed to carry their burden of "affirmatively demonstrating compliance with Rule 23."  Certification Order, ECF No. 492, PageID.21398 (cleaned up).

Plaintiff Marble now tries to fix that failure.  But he already had his chance and lost, and he has failed again anyway.  Even if this motion were not procedurally

barred, he has failed to present common issues that predominate over individualized issues.  The Court should once again refuse to certify a Utah class.

## II.   <u>BACKGROUND</u>

The Court is familiar with the history of these proceedings, which FCA US detailed in its Motion for Entry of a Judgment.  *See* ECF No. 872.  FCA US focuses on the key facts relevant to this motion.

### A.   <u>Plaintiff Trevor Marble Buys A Used Vehicle.</u>

Plaintiff Trevor Marble purchased his used 2014 Jeep Grand Cherokee on January 16, 2014.  Ex. B (purchase agreement).  The vehicle had 21,352 miles on it at the time of sale.  *Id.*  The contract of sale disclaimed the implied warranty of merchantability.  *Id.*

### B.   <u>Plaintiffs Move To Certify Consumer Protection Classes.</u>

In January 2019, Plaintiffs moved to certify a nationwide class and also certify either 16 or 23 subclasses under Rules 23(b)(2) and (b)(3).  Among the proposed classes, Plaintiffs sought to certify State-specific classes, with Trevor Marble as the representative for Utah.  *See* First Mot. to Certify at 27, 28, ECF No. 286, PageID.7614-7615; *see also id.* at 29, PageID.7656 (proposing "individual state classes for each of the states for which there is a class representative").

2

C.      **The Court Denies The Motion To Certify Rule 23(b)(3) Classes But Certifies A Rule 23(c)(4) Class.**

The Court denied the motion to certify a Rule 23(b)(3) class because Plaintiffs had not shown "the predominance of common issues over individual issues." Certification Order, ECF No. 492, PageID.21384. Further, "the plaintiffs [did] not attempt anywhere in their briefing to explain how certification on a state-by-state basis can be soundly sustained." *Id.* at 18, PageID.21401.

The Court ultimately certified an issues class under Rule 23(c)(4), reasoning that "there are several discrete issues that can be litigated on a collective basis . . . [to] efficiently advance the litigation." Certification Order at 1, PageID.21384. The three issues the Court certified—defect, concealment, and materiality—were the same "common" ones Plaintiffs identified in their first motion to certify. *See id.* at 19, PageID.21402.

Two weeks after the Court certified the issues class, Plaintiffs moved to amend the class definition to change the phrase "who currently own or lease a class vehicle" with the phrase "who have purchased or leased a class vehicle." ECF No. 496, PageID.21426. That was the sole request in the motion to amend. Plaintiffs did not ask the Court to reconsider the denial of their motion to certify under Rule 23(b)(3). The Court granted the motion. *See* ECF No. 510.

III.   **ARGUMENT**

A.   **Plaintiff's Motion Is Untimely, Makes Forfeited Arguments, And Is Barred By The Law-Of-The-Case Doctrine.**

Although Plaintiff styles his motion as a "Motion for Class Certification," it is actually a motion for reconsideration of the Order denying the first motion to certify.  That first motion sought to certify a class of Utah purchasers for all claims pleaded under Utah law.  *See* ECF No. 412-1, PageID.19751-2.  This new motion again seeks to certify a Rule 23(b)(3) class for Utah purchasers, only this time the proposed class is limited to the breach of implied warranty and Magnuson-Moss Warranty Act ("MMWA") claims.

 "To the extent any new arguments are raised, Plaintiff has failed to demonstrate why those arguments could not have been previously offered." *DiPonio Constr. Co. v. Int'l Union of Bricklayers & Allied Craftworkers*, 739 F. Supp. 2d 986, 1004 (E.D. Mich. 2010).  "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Pub. Schs.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003).

For this reason alone, the Court should deny the motion as an untimely and improper motion for reconsideration.  The fourteen-day window for Plaintiff to move to reconsider the Certification Order has long expired.  *See* Local R. 7.1(h)(2). And Plaintiff has not identified a mistake in that order, an intervening change of law,

4

or some factual development that justifies reconsideration.  *See id.* (listing bases for motions for reconsideration).

The motion is also barred by the law-of-the-case doctrine, which "developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit."  18B Charles A. Wright et al., *Federal Practice & Procedure* § 4478 (2d ed. 2022).  Under this doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983).  In other words, "a decision on an issue made by a court at one stage of a case should be given effect in successive stages of the same litigation." *McNulty v. Arctic Glacier, Inc.*, 2016 U.S. Dist. LEXIS 14826, at *56 (E.D. Mich. Feb. 8, 2016) (quotation marks omitted).  Absent "'exceptional circumstances,'" the law-of-the-case doctrine precludes reconsideration of a previously decided issue. *Bench Billboard Co. v. City of Covington*, 547 F. App'x 695, 705-06 (6th Cir. 2013) (quoting *Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006)).

Plaintiff has "made no showing, nor even argued, that there are extraordinary circumstances warranting reconsideration of the Court's prior ruling." *In re Jackson Nat'l Life Ins. Co. Premium Litig. v. Jackson Nat'l Life Ins. Co.*, 209 F.R.D. 134 (W.D. Mich. 2002) (refusing to consider a motion to certify filed years after the Court denied a previous motion to certify a similar class).

5

**B.    The Jury Findings Defeat The Claims Plaintiff Seeks To Certify.**

Even if this motion were procedurally proper, the Court still should deny it for the independent reason that the implied warranty claim Plaintiff seeks to certify is no longer viable, and the MMWA claim fails without an underlying state law warranty claim.  *See generally* Mot. for Judgment, ECF No. 872, PageID.38522-38525.  Among other reasons, Plaintiff's breach of implied warranty claim fails because the jury found that FCA US did not conceal the alleged defect, Plaintiff inspected his vehicle before purchasing it, and his purchase agreement disclaimed all implied warranties.  *See id.*; *see also infra* page 8-10.

**C.    Plaintiff's Proposed Class Does Not Satisfy The Requirements Of Rule 23(a).**

Under Rule 23(a)(2), Plaintiff must prove that "there are questions of law or fact common to the class."  "That language is easy to misread, since any competently crafted class complaint literally raises common 'questions.'"  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011) (internal citation omitted).  "What matters to class certification . . . is not the raising of common 'questions'—even in droves—but, rather the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation."  *Id.* at 350.  An issue is not common unless "determination of its truth or falsity will resolve an issue that is central to the validity of each of the claims in one stroke."  *Id*.  This is not "a mere pleading standard."  *Id.* Rather, as with all Rule 23 requirements, Plaintiff "must affirmatively demonstrate

6

[his] compliance with the Rule—that is, [he] must be prepared *to prove* that there are *in fact* . . . common questions of law or fact." *Id*. (former emphasis added; latter emphasis in original).

### 1.    Plaintiff Has Not Proven Commonality.

Plaintiff argues that he has already proven commonality because the Court previously found that his defect allegations are a common question. *See* Mot. 9. This argument fails because the jury *already resolved* the defect question for Utah, *see* ECF No. 853 (verdict form), meaning the question of defect is no longer a live *question* common to the proposed class. It is a pre-existing *answer* that is common to the class. Plaintiff offers no other argument or example of common questions of law or fact, and therefore has not carried his burden under Rule 23(a).

### 2.    Trevor Marble Is Not Typical of All Utah Purchasers.

Plaintiff also has failed to carry his burden of proving the elements of typicality and adequacy. A class may be certified only if "the claims or defenses of the representative parties are typical of the claims or defenses of the class," and the representative parties will fairly and adequately represent the class. Fed. R. Civ. P. 23(a)(3)-(4). To be typical, claims must "arise[ ] from the same event or practice or course of conduct that gives rise to the claims of other class members," and be "based on the same legal theory." *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007).

7

Plaintiff makes no effort to demonstrate that he is typical of all absent class members.  Rather, he merely says he "satisfies the typicality requirement."  Mot. 10. Not so.  Plaintiff seeks to represent *all* Utah purchasers, but he *purchased his vehicle used*.  *See* Marble Dep. 35:3-4 (Ex. A).  The express warranty applicable to class vehicles limits the duration of the implied warranty to the express warranty period. *See* ECF No. 328-24 (new vehicle limited warranty).  Thus, whether an implied warranty arose with respect to purchases of *used* vehicles depends on the date and mileage at the time the used vehicle was purchased.  In that way, Plaintiff Marble is not typical of new vehicle purchasers in the proposed class.  He therefore cannot establish typicality because he "will be subject to an additional obstacle which does not burden the claims of other class members."  *Doyle v. Chrysler Grp. LLC*, 2014 U.S. Dist. LEXIS 181177, at *7-8 (C.D. Cal. Oct. 9, 2014) (class certification reversed by 663 F. App'x 576 (9th Cir. 2016)); *see also Falcon v. Philips Elecs. N. Am. Corp.*, 304 F. App'x 896 (2d Cir. 2008).

Plaintiff Marble is also atypical because the seller of his used vehicle disclaimed the implied warranty of merchantability.  *See* Ex. B at 2 (purchase agreement).  Under Utah law, "a merchant can disclaim the implied warranties, provided the disclaimers are 'conspicuous' . . . [and] expressly 'mention merchantability.'"  *C.A. Johnson Trenching, L.C. v. Vermeer Mfg. Co.*, 2005 UT App 94 (quoting Utah Code Ann. § 70A-2-316(2)).  Plaintiff's sales contract states:

**NO WARRANTIES, EXPRESS OR IMPLIED, ARE MADE OR WILL BE DEEMED TO HAVE BEEN MADE BY EITHER SELLER OR THE MANUFACTURER OF THE NEW MOTOR VEHICLE OR MOTOR VEHICLE CHASSIS FURNISHED HEREUNDER, EXCEPTING ONLY THE CURRENT PRINTED WARRANTY APPLICABLE TO SUCH VEHICLE OR VEHICLE CHASSIS, WHICH WARRANTY IS INCORPORATED HEREIN AND MADE A PART HEREOF AND A COPY OF WHICH WILL BE DELIVERED TO PURCHASER AT THE TIME OF DELIVERY OF THE NEW MOTOR VEHICLE OR MOTOR VEHICLE CHASSIS. SUCH WARRANTY SHALL BE EXPRESSLY IN LIEU OF ANY OTHER WARRANTY, EXPRESS OR IMPLIED, INCLUDING, BUT NOT LIMITED TO ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.**

Ex. B at 2 (purchase agreement) (capitalization and emphasis in original).

This disclaimer was conspicuously printed in its own section and was printed entirely in bold, capital letters—unlike the remainder of the purchase agreement, which followed normal typeset and capitalization rules. "The determination of whether a warranty disclaimer is conspicuous is a question of law for the court. A disclaimer will be conspicuous if it is so written that a reasonable person against whom it is to operate ought to have noticed it." *LWT, Inc. v. Childers*, 19 F.3d 539, 543 (10th Cir. 1994) (internal citations omitted). Here, a reasonable person would have noticed a bold, capitalized paragraph on the first page of a contract. Therefore, Plaintiff Marble is not typical because his implied warranty of merchantability was disclaimed, and his claim therefore fails on the merits. *C.A. Johnson Trenching*,

L.C., 2005 UT App 94 (sustaining trial court's dismissal of breach of implied warranty claims when the implied warranties were disclaimed).

Plaintiff Marble is also inadequate because his implied warranty claim and his piggyback MMWA claim fail as a matter of law.   A buyer cannot prevail on an implied warranty claim under Utah law if the "buyer before entering into the contract has examined the goods . . . as fully as he desired," and such an examination revealed or should have "revealed" the alleged defect in the goods.   Utah Code Ann. § 70A-2-316(2)-(3); *see also Durbano Metals v. A & K R.R. Materials*, 574 P.2d 1159, 1162 (Utah 1978) ("As [purchaser] admittedly inspected the goods itself, the District Court did not err in failing to hold [seller] to an implied warranty."); *Sobiech v. Int'l Staple & Mach. Co.*, 867 F.2d 778, 783 (2d Cir. 1989) ("[A] purchaser cannot recover damages for breach of implied or express warranties that an examination of the goods should have revealed to him.").

Plaintiff Marble admitted that he test drove his vehicle, used the monostable shifter, thought it was "odd" because he had "no idea for sure . . . what gear it was in," and yet bought the vehicle anyway.   Marble Dep. Tr. 49:21-51:21 (Ex. A).   Such confusion about the shifter *is the alleged defect*, meaning he knew about the alleged defect when he bought his vehicle.   His claim therefore fails under Utah Code Ann. § 70A-2-316(2)-(3), making him an inadequate representative of the proposed class. *Mattson v. New Penn Fin.*, 2021 U.S. Dist. LEXIS 74788, at *11 (D. Or. Mar. 8,

10

2021) ("[C]ourts also have denied class certification where the class representative was atypical or inadequate due to unique issues and defenses.") (collecting cases).

### D.   Plaintiff Has Not Satisfied The Requirements Of Rule 23(b).

If this Court needed further proof that Plaintiff is merely relitigating the initial motion for class certification, it would need look no further than Plaintiff's Rule 23(b) arguments.  Plaintiff cites the same cases and makes the same arguments to support his contention that common questions of fact predominate over individual issues.  *Compare* Mot. 13, *with* First Mot. to Certify, ECF No. 412-1, Page.ID19782.

Plaintiff does not actually identify any common facts.  He merely states that the factual questions are common.  This lack of argument does not carry the day. *See, e.g.*, *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 334 F.R.D. 96, 110 (E.D. Mich. 2019) ("Because the plaintiffs have scarcely approached, let alone carried, their burden of demonstrating the predominance of common over individualized issues on their claims, the Court will not certify classes under Rule 23(b)(3) on either of the alternative schemes that the plaintiffs proposed.").  And even if it could, the motion would still fail because individual issues predominate.

### 1.   Individual Questions Of Fact Predominate.

Plaintiff identifies only one putatively common fact: whether a defect exists. But as noted above, the question of whether a defect exists will not predominate at trial because that issue has *already been resolved* by a jury.  Mot. 14.  Plaintiff does

11

not offer any other purported common factual issue, meaning that *any* individual issue would necessarily predominate, and Plaintiff has not carried his burden under Rule 23(b)(3). *See Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537 (6th Cir. 2012) ("The party seeking class certification has the burden to prove the Rule 23 certification requirements.").

Individual questions abound.   For instance, "[u]nder Utah law, a buyer asserting a claim for breach of warranty 'must within a reasonable time after he discovers or should have discovered any breach notify the seller of the breach or be barred from any remedy.'" *Martinez v. Nissan N. Am., Inc.*, 2022 U.S. Dist. LEXIS 65765, at *5-6 (D. Utah Apr. 8, 2022) (citing Utah Code Ann. § 70A-2-607(3)(a)). Section 70A-2-607(3)(a) "places an *affirmative burden* on a would-be plaintiff" to show that he notified the seller of the breach "prior to his filing suit, rather than merely requiring that a defendant be on notice of a breach." *Callegari v. Blendtec, Inc.*, 2018 U.S. Dist. LEXIS 190746, at *16 (D. Utah Nov. 6, 2018) (emphasis added)*; see also Johnson v. Blendtec, Inc.*, 500 F. Supp. 3d 1271, 1290 (D. Utah 2020) (same).   Whether any given Utah consumer provided FCA US with pre-suit notice, and whether that notice was reasonable, are individual questions of fact that predominate. *See Cohen v. Implant Innovations, Inc.*, 259 F.R.D. 617, 625 (S.D. Fla. 2008) (certification of implied warranty class denied where each claimant was required to provide statutory notice to proceed on claim); *see also Christopher v.*

*Larson Ford Sales, Inc.*, 557 P.2d 1009, 1012 (Utah 1976) ("What constitutes 'a reasonable time' . . . is usually a question of fact to be determined from the circumstances of each case.").

Additionally, as explained above, a plaintiff cannot pursue a claim for breach of implied warranty under Utah law when he has inspected the goods and discovered or reasonably could have discovered the alleged defect. *See* Utah Code § 70A-2-316(3)(b). Whether each putative class member inspected the vehicle and what they discovered or should have discovered are additional individual factual inquiries.

### 2.    Individual Issues Of Law Predominate.

Plaintiff's recitation of the elements of breach of the implied warranty and the elements of the MMWA is inadequate to prove that he is entitled to class certification under Rule 23(b). "[M]erely recit[ing] the elements of [Plaintiff's] claims . . . without an analysis of how those elements are interpreted or analyzed" has been "rejected by courts as overstating the similarities of various . . . laws." *Andersen v. Atl. Recording Corp.*, 2010 U.S. Dist. LEXIS 44168, at *24 (D. Or. May 4, 2010). This approach "oversimplifie[s] the required analysis." *Cole v. Gen. Motors Corp.*, 484 F.3d 717, 725-26 (5th Cir. 2007); *see also Robinson v. GE Co.*, 2016 U.S. Dist. LEXIS 50166, at *29-30 (E.D. Mich. Apr. 14, 2016). Moreover, Plaintiff has not met the jurisdictional threshold to certify a MMWA class in federal court.

First, Plaintiff's argument that common questions of law predominate as to the breach of implied warranty claim has the same fatal flaws as his argument that common questions of fact predominate.  Plaintiff continues to rely on the mistaken assertion that defect is a common question.  It is not.  "What matters to class certification [is] . . . the capacity of a classwide proceeding to generate common answers."  *Wal-Mart Stores, Inc.*, 564 U.S. at 350 (internal quotation omitted).  The proposed class cannot give a common answer to the question of whether the subject vehicles are defective because that question has already been answered.

Second, Plaintiff misleadingly argues that the questions of whether FCA US sold any given class vehicle and whether any given class member has purchased a vehicle have been answered.  Mot. 15.  For support, Plaintiff cites to the issue class joint final pretrial order (ECF No. 832) and asserts that FCA US has stipulated "to the fact that it sold and leased the Class Vehicles in Utah."  Mot. 15.  But in reality, FCA US stipulated only to the fact that it "sold or leased more than 800,000 Class Vehicles nationwide and more than 580,000 Class Vehicles within the 21 certified states."  ECF No. 832, PageID.36443.  That is not an admission that FCA US sold any given class vehicle in Utah, and it ignores that Plaintiff's proposed Utah class includes *used* vehicle purchasers, who did not purchase their vehicles from FCA US.

Third, Plaintiff ignores the foundational legal issue of whether an implied warranty exists.  A substantial number of putative class members, like Plaintiff,

14

purchased their vehicle used.  The express warranty applicable to class vehicles limits the duration of the implied warranty to the express warranty period.  *See* ECF No. 328-24 (new vehicle limited warranty).  Thus, whether an implied warranty arose with respect to purchasers of used vehicles depends on the date and mileage at purchase—individual questions that can depend on the nature of any contract disclaiming implied warranties.  *See Davidson Lumber Sales, Inc. v. Bonneville Inv., Inc.*, 794 P.2d 11, 18 (Utah 1990) (observing that UCC warranties are "built on contract-rooted warranty rationale").  And "whether a contract . . . exists is a matter of law." *Harris v. Albrecht*, 86 P.3d 728 (Utah 2004).

Finally, Plaintiff ignores that FCA US's statute of limitations defenses will require individualized inquiries and proofs.  *See Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 295 (1st Cir. 2000) ("[W]e regard the law as settled that affirmative defenses should be considered in making class certification decisions."), *quoted in Rodney v. Northwest Airlines, Inc.*, 146 F. App'x 783 (6th Cir. 2005); *see also Butler v. Sterling, Inc.*, 2000 U.S. App. LEXIS 6419, at *20-21 (6th Cir. Mar. 31, 2000).

There is a "four-year statute of limitations for the breach of a warranty under the Utah Uniform Commercial Code."  *Salt Lake City Corp. v. Sekisui SPR Ams., LLC*, 2018 U.S. Dist. LEXIS 196177, at *8 (D. Utah Nov. 16, 2018) (citing Utah Code § 70A-2-725(1).  And "a warranty claim accrues upon delivery of the goods

unless there is an explicit warranty for future performance. If there is an explicit warranty of future performance, the action accrues when the breach 'is or should have been discovered.'" *Id.* at *9. Under this standard, "all that is required to trigger the statute of limitations is sufficient information to put plaintiffs on notice to make further inquiry if they harbor doubts or questions." *Macris v. Sculptured Software, Inc.*, 24 P.3d 984, 990 (Utah 2001). Determining when this date occurred for each class member will require individual questions and proofs regarding the individual's experience with their Class Vehicle. These are highly individualized questions that predominate over any common questions of law.

### 3.     Plaintiff Has Not Established A Classwide Damages Theory Tethered To His Claims.

Plaintiff proposes a benefit-of-the-bargain theory of damages that he claims the Sixth Circuit recognizes. Mot. 19. However, the proper measure of damages for Plaintiff's claims are determined by *state law*, not federal law. *Losey v. N. Am. Philips Consumer Elecs. Corp.*, 792 F.2d 58, 62 (6th Cir. 1986) ("Under the *Erie* doctrine, state law must provide the substantive legal principles in a diversity case, while federal law governs procedure. . . .  The law of tort liability and damages is substantive law, not procedural."). Plaintiff cites no authority stating that "benefit of the bargain" is the appropriate measure of damages for breach of implied warranty of merchantability under Utah law.

**E.**     **This Court Lacks Jurisdiction To Certify A Utah Magnuson-Moss Warranty Act Class.**

The MMWA has strict prerequisites for class certification.  Plaintiff fails to meet them, and therefore the MMWA class cannot be certified.

Section 2310(d)(3)(C) of the MMWA prohibits class actions "if the number of named plaintiffs is less than one hundred."  "A trial court may certify a Magnuson-Moss class action only if there are, at the time of certification, at least 100 named plaintiffs left in the case."  *Carlson v. General Motors Corp.*, 883 F.2d 287, 289 n.3 (4th Cir. 1989); *see also Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566, 574 n. 5 (9th Cir. 2004); *Abraham v. Volkswagen of Am., Inc*., 795 F.2d 238, 246 (2d Cir. 1986); *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1067 n 13 (5th Cir. 1984); *Da Air Taxi LLC v. Diamond Aircraft Indus.*, 2009 U.S. Dist. LEXIS 139017, at *7 (S.D. Fla. Nov. 4, 2009).  Plaintiff Marble is the only named plaintiff, so a MMWA class cannot be certified.

Some courts have held that an MMWA class can be certified even when the 100-named-plaintiff requirement is not met if the plaintiff can show the class meets the Class Action Fairness Act's ("CAFA") three jurisdictional prerequisites (1) at least one class member have diversity of citizenship from one defendant, (2) more than 100 class members, and (3) an aggregate amount in controversy exceeding $5 million.  28 U.S.C. § 1332(d)(2).

Plaintiff has not met the amount-in-controversy requirement.  He alleges there are 7,322 class vehicles in Utah, and each class member has suffered $680.40 in damages.  Mot. 1, 21.  This amounts to $4,981,888.80 in damages, which is shy of CAFA's $5 million jurisdictional prerequisite.  Therefore, even if the Court holds that CAFA provides an alternative jurisdictional basis for MMWA claims, Plaintiff cannot cure his noncompliance with the MMWA's 100-named-plaintiff requirement by relying on CAFA, and the Court would lack jurisdiction to certify a class for the MMWA claims.

## IV.   <u>CONCLUSION</u>

The Court should deny the motion.

18

Dated: November 14, 2022       Respectfully submitted,

**KLEIN THOMAS & LEE LLC**

By: */s/ Brandon L. Boxler*
Fred J. Fresard (P43694)
Ian K. Edwards (P82021)
101 W. Big Beaver Rd.
Suite 1400
Troy, MI 48084
(248) 509-9271
Fred.Fresard@kleinthomaslaw.com
Ian.Edwards@kleinthomaslaw.com

Brandon L. Boxler
919 E. Main St.
Suite 1000
Richmond, VA 23219
(703) 621-2109
Brandon.Boxler@kleinthomaslaw.com

and

John E. Berg (P40428)
CLARK HILL PLC
500 Woodward Ave.
Suite 3500
Detroit, MI 48226
(313) 965-8417
jerb@clarkhill.com

*Attorneys for Defendant FCA US LLC*

19

## **CERTIFICATE OF SERVICE**

I certify that on November 14, 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to all counsel of record.

**KLEIN THOMAS & LEE LLC**

By:  */s/ Brandon L. Boxler*
Brandon L. Boxler
919 E. Main St.
Suite 1000
Richmond, VA 23219
(703) 621-2109
Brandon.Boxler@kleinthomaslaw.com

*Attorney for Defendant FCA US LLC*
