# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE: FCA US LLC MONOSTABLE
ELECTRONIC GEARSHIFT
LITIGATION

MDL No. 2744

_____/

Case No: 16-md-02744
Honorable David M. Lawson
Magistrate Judge David R. Grand

## DEFENDANT FCA US LLC'S REPLY IN SUPPORT OF ITS MOTION FOR ENTRY OF JUDGMENT AND RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

After Plaintiffs insisted that the "heart of . . . all our claims" is whether the monostable shifter is defective, Class Cert. Hr'g Tr. 6-7, ECF No. 436, PageID.20793-20794, the Court certified that question and two others for resolution in an issues class. The Court also appointed class representatives from each of the 21 certified States, including California and New York, and Plaintiffs notified all class members that they "will be bound by the outcome of any trial" if they did not opt out. ECF No. 650-1, PageID.29384. The Court never amended the class definition to exclude any member from any State, never removed any class representative, and never changed the three certified questions.

Plaintiffs try to whitewash those facts. They now claim the jury findings do *not* bind class members from California and New York because the claims of those members "were *excluded* from that trial." Opp'n 6 (emphasis in original); *see also id.* at 10. According to Plaintiffs, class members in those two States were excluded from the class when "FCA argued in its Remand Motion that this Court had no power to try the claims made in transferred cases." *Id.* at 7; *see also id.* at 10.

That makes no sense. FCA US cannot unilaterally exclude members from the class, alter the class definition, or rewrite the issues for trial. Nor, for that matter, did FCA US move to exclude anyone or any claim from the class. FCA US moved for a suggestion of remand of the four transferred cases, and the Court *denied* that motion as "faulty" and resting on "false" premises. ECF No. 808, PageID.35393.

1

Plaintiffs also argue that the Court's order *denying* FCA US's motion for a suggestion of remand somehow "purposefully excluded California and New York from the issues trial." Opp'n 5. That too makes no sense. The Court's order refused to suggest a remand. It did not change the composition of the class, the identity of the class representatives, or the issues for trial.

Even if the Court had suggested a remand, and even if the JPML had agreed with the suggestion, that *still* would not have excluded anyone from the class. It simply would have remanded the transferred cases. The plaintiffs in those cases would have remained in the class because (i) they are from a certified State and (ii) they never opted out of the class. As the Court explained: "I certified a class, an issues class, and that will affect those [transferred] cases, and it would regardless of whether they were transferred or not." Hr'g Tr. 44, ECF No. 514, PageID.21667.

Plaintiffs falsely claim the class notice told members in California and New York only that "their claims would be *litigated* at the issues trial." Opp'n 7 (emphasis in original). The notice never even uses the word "litigated." Plaintiffs also falsely claim that FCA US "speciously argues" that the class notice told members in California and New York that they would be "bound" by the results of the issues trial, *id.* at 6, but that is exactly what the notice says—repeatedly: "You will be bound by the outcome of any trial." ECF No. 650-1, PageID.29381; *see also id.* at 29382 ("[E]veryone in the Class will be bound."); *id.* at 29384 (similar).

The rest of Plaintiffs' arguments similarly fail on the facts, the law, or both.

First, Plaintiffs argue that "California and New York Class members did not consent to be bound by the results of the issues trial." Opp'n 11. Not so. As explained above, all class members—including the plaintiffs in the transferred cases—consented to be bound by failing to opt out of the class. *See* Mot. 4-5.

It is simply not true that "*no one* represented th[e] interests" of California and New York class members at trial. Opp'n 12 (emphasis in original) (discussing *Taylor v. Sturell*, 553 U.S. 880, 885 (2008)). The Court appointed class representatives from California and New York, *see* ECF No. 492, PageID.21417, and *the Court never removed those representatives* or amended the class definition. The class went to trial with the class representatives the Court originally appointed on the issues the Court originally certified. As such, Plaintiffs' discussion of "virtual representation" and "nonparty preclusion" is irrelevant. Opp'n 10-15. Class members from California and New York were represented by class representatives from those States, and those members consented to be bound by the results of the issues trial. *See Taylor*, 553 U.S. at 894 ("Representative suits with preclusive effect on nonparties include properly conducted class actions.").

Plaintiffs' discussion of standing is irrelevant for the same reasons. *See* Opp'n 12. It does not matter whether a plaintiff in a direct-filed action would have standing to bring claims on behalf of purchasers in California and New York because the

3

Court appointed class representatives for those two States. All class members were represented at the issues trial by a class representative from their respective States.

Second, Plaintiffs argue that the jury's answers to the "defect" question were "limited in scope" because "the issues trial jury did not decide, and was not asked to decide, whether, prior to April 22, 2016, the monostable gear shifter had *usability flaws* that were central to the Class Vehicles' operation." Opp'n 3 (emphasis in original). According to Plaintiffs, the jury's defect findings do not apply to the consumer protection claims because those "claims simply *do not* require proof of a 'design defect.'" *Id.* at 4 (emphasis in original); *see also id.* at 15-16 (similar).

But the jury was not asked to decide whether the shifter has "usability flaws" because that question is not raised in the SACMC. That phrase appears nowhere in that pleading. And the jury was not asked to decide the "defect" question for the pre- and post-AutoPark periods because Plaintiffs repeatedly represented, including in their SACMC, that AutoPark "is basically irrelevant to the nature of the defect theory on which they are proceeding." Order Denying Mot. for Summ. J. 23, ECF No. 751; *see also* Order Denying Mot. to Dismiss, ECF No. 173, PageID.5252-5255. As Plaintiffs told the Court: "Our theory is that every single person who bought a car, whether it was during the period before they had an autopark or whether it's a period after they got an autopark, overpaid because the cars are still defective and dangerous." Hr'g Tr. Jan. 9, 2020, ECF No. 514, PageID.21644.

4

Plaintiffs "cannot make a fundamental change in theory . . . in post-trial briefing." *Jadian, Inc. v. Nat'l Quality Assurance USA, Inc.*, 2020 U.S. Dist. LEXIS 101325, at *66 (W.D. Mich. June 10, 2020).  As FCA US has explained, the law-of-the-case doctrine, judicial estoppel, and due process bar Plaintiffs from trying to reformulate their claims after they convinced the Court to certify an issues class by repeatedly representing that "defect" is a question common to *all* of their claims.  *See* Defs. Opp'n to Mot. to Certify 9-15, ECF No. 881, PageID.39909-39915.

<u>Third</u>, Plaintiffs claim the jury's "no concealment" findings were limited to Utah because "that is the only state where the jury ruled a defect existed."  Opp'n 4.  The "concealment" findings, however, were not State-specific, and FCA US could not have concealed a "defect" in a State where the jury found no "defect."

Plaintiffs also argue that the jury was not asked whether FCA US "concealed the defect at the point of sale," Opp'n 17, but Plaintiffs never objected to the jury instructions on that basis, and it is too late for them to do so now, *see, e.g.*, *Cranpark, Inc. v. Rogers Grp.*, 821 F.3d 723, 736 (6th Cir. 2016).  This argument is also disingenuous: Plaintiffs have admitted in other post-trial papers that they would try to use *the same concealment instructions* at any future trial.  *See* Mot. to Certify Multistate Consumer Class at 25, ECF No. 874, PageID.38694.

<u>Fourth</u>, Plaintiffs waste ink arguing that concealment is not an element of their Utah implied warranty and Magnuson-Moss Warranty Act claims.  Opp'n 16-17.

5

FCA US never argued otherwise. Instead, FCA US argued that the "no concealment" findings, combined with the undisputed evidence that class members could (and did) test drive their vehicles, mean that Plaintiffs cannot prove causation because they knew or should have known about the supposed defect before purchasing. *See* Mot. 19-22 (discussing Utah Code § 70A-2-316(3)(b)). Indeed, Plaintiff Marble test drove his vehicle, had "no idea for sure . . . what gear it was in," and yet bought the vehicle anyway. Marble Dep. 51:3-21, ECF No. 883-2, PageID.40002. Plaintiffs' assertion that "he did not find the shifter confusing to operate the first time he test drove his vehicle," Opp'n 18, is simply false.

Plaintiffs try to distinguish *Durbano Metals v. A & K R.R. Materials*, 574 P.2d 1159 (Utah 1978), arguing that the buyer in that case "*orally agreed*" to purchase defective goods after inspecting them and was thus barred from bringing a claim for breach of implied warranty. Opp'n 19 (emphasis in original). That distinction hardly helps Plaintiff Marble; he signed a *written* purchase agreement after inspecting his vehicle. *See* ECF No. 883-3, PageID.40004. Regardless, what matters under Utah Code § 70A-2-316(3)(b) is not whether a purchase agreement is oral or written but whether, "before entering into the contract," a buyer discovered or should have discovered a defect with a reasonable inspection. *See* Mot. 18-22.

Fifth, Plaintiffs argue that certifying additional classes is the most "appropriate" path forward for the claims that supposedly survive the jury verdict,

6

and Plaintiffs accuse FCA US of making arguments opposing class certification "that have or should have been raised years ago." Opp'n 21. That is strong medicine coming from Plaintiffs, who have filed *three* new motions to certify *four* new classes based on the same arguments they made years ago. *See* ECF Nos. 873-875.

In any event, no claims survive the jury findings and, even if they did, class treatment would be inappropriate. Plaintiffs claim that contractual limits on the implied warranty "are unconscionable, and therefore unenforceable, because FCA had knowledge of the defect but failed to disclose it." Opp'n 23. But unconscionability is a matter of state law, *see Stutler v. T.K. Constructors*, 448 F.3d 343, 345 (6th Cir. 2006), and Utah expressly allows sellers "to exclude or modify the implied warranty of merchantability," Utah Code § 70A-2-316(2). Further, the jury already rejected Plaintiffs' allegation that FCA US concealed the alleged defect.

Finally, Plaintiffs argue that whether each class member gave notice of the alleged breach is not a predominating individualized issue because "notice can be comprised of a civil complaint when filed within a reasonable time." Opp'n 24 (quotation marks omitted). That is wrong. Utah puts an "affirmative burden" on a plaintiff to give notice "*prior to his filing suit*." *Johnson v. Blendtec, Inc.*, 500 F. Supp. 3d 1271, 1290 (D. Utah 2020) (emphasis added; quotation marks omitted).

## **CONCLUSION**

The Court should enter judgment in favor of FCA US on all claims.

| | |
|---|---|
| Dated: November 28, 2022 | Respectfully submitted,<br><br>**KLEIN THOMAS & LEE**<br><br>By: */s/ Brandon L. Boxler*<br>Fred J. Fresard (P43694)<br>Ian K. Edwards (P82021)<br>101 W. Big Beaver Rd.<br>Suite 1400<br>Troy, MI 48084<br>(248) 509-9271<br>Fred.Fresard@kleinthomaslaw.com<br>Ian.Edwards@kleinthomaslaw.com<br><br>Brandon L. Boxler<br>919 E. Main St.<br>Suite 1000<br>Richmond, VA 23219<br>(703) 621-2109<br>Brandon.Boxler@kleinthomaslaw.com<br><br>and<br><br>John E. Berg (P40428)<br>CLARK HILL PLC<br>500 Woodward Ave.<br>Suite 3500<br>Detroit, MI 48226<br>(313) 965-8417<br>jerb@clarkhill.com<br><br>*Attorneys for Defendant FCA US LLC* |

8

## CERTIFICATE OF SERVICE

I certify that on November 28, 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing to all counsel of record.

**KLEIN THOMAS & LEE**

By: */s/ Brandon L. Boxler*
Brandon L. Boxler
919 E. Main St.
Suite 1000
Richmond, VA 23219
(703) 621-2109
Brandon.Boxler@kleinthomaslaw.com

*Attorney for Defendant FCA US LLC*
