UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: FCA US LLC MONOSTABLE
ELECTRONIC GEARSHIFT LITIGATION

MDL No. 2744

Case Number 16-md-02744
Honorable David M. Lawson
Magistrate Judge David R. Grand

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFFS'
MOTION TO CERTIFY NEW YORK AND CALIFORNIA CLASSES**

This matter is before the Court on the plaintiffs' motion to certify classes under Federal Rule of Civil Procedure 23(b)(3) to advance the claims of the surviving plaintiffs from New York and California, and the defendant's motion to strike the motion for class certification. The Court has reviewed the submissions of the parties and heard oral argument on September 27, 2023. For the reasons that follow, the Court finds that the motion for class certification is tardy and procedurally improper, and the defendant's motion to strike therefore will be granted.

In October and November 2016, the Judicial Panel on Multidistrict Litigation (JPML) issued orders transferring numerous cases to this district for consolidation with the proceedings in the Monostable Gearshift Litigation, MDL No. 16-2744. Among those were *Goldsmith v. FCA US LLC*, No. 16-1341, which was transferred from the Central District of California, *Mack v. FCA US LLC*, No. 16-4133, from the Eastern District of New York, and *Lynd v. FCA US LLC*, No. 16-984, from the Northern District of New York. After the cases were transferred to this Court and consolidated with other economic loss track cases, the parties proceeded to conduct discovery and engaged in motion practice.

On December 9, 2019, the Court granted in part the MDL plaintiffs' motion for class certification and certified a common issues class under Federal Rule of Civil Procedure 23(b)(3) and (c)(4) for trial of the following certified factual questions:

- Whether the monostable gear shift has a design defect that renders the class vehicles unsuitable for the ordinary use of providing safe transportation.

- Whether the defendant knew about the defect and concealed its knowledge from buyers of the class vehicles.

- Whether information about the defect that was concealed would be material to a reasonable buyer.

*In re FCA US LLC Monostable Elec. Gearshift Litig.*, 334 F.R.D. 96, 117, 2019 WL 6696110 (E.D. Mich. 2019), *clarified on denial of reconsideration*, 340 F.R.D. 251, 2022 WL 34675 (E.D. Mich. 2022). In the same opinion, the Court appointed plaintiffs Janella Mack and John Lynd as class representatives for the class of New York purchasers and owners of the class vehicles, and plaintiffs David Goldsmith and Michael Vincent Nathan, Jr., were appointed as class representatives for the class of California purchasers and owners of the class vehicles. *Ibid.* The Court subsequently denied the defendant's first and second motions to decertify the class, *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 340 F.R.D. 251, 2022 WL 34675 (E.D. Mich. 2022); *In re FCA US LLC Monostable Elec. Gearshift Litig.*, No. 16-MD-02744, 2022 WL 4211149, at *1 (E.D. Mich. Sept. 12, 2022), and the defendant's motion for summary judgment, *In re FCA US LLC Monostable Elec. Gearshift Litig.*, No. 16-MD-02744, 2022 WL 998091, at *1 (E.D. Mich. Mar. 31, 2022).

The Court held a jury trial to address the certified class common questions, which began on September 6, 2022 and concluded with a verdict on September 20, 2022. However, before the trial began, the Court addressed a motion for suggestion of remand by the defendant in a ruling that denied the request for a suggestion of remand, but which granted alternative relief to address the defendant's due process concerns by expressly excluding from the common issues trial the determination of any claims by California and New York plaintiffs and absent class members. *See In re FCA US LLC Monostable Elec. Gearshift Litig.*, No. 16-MD-02744, 2022 WL 19001834, at

\*3 (E.D. Mich. July 27, 2022) ("It is further ORDERED that the issue class trial shall constitute an adjudication by the jury of the three certified questions as they pertain to the parties and claims involved in the direct-filed MDL cases. After the conclusion of the issue trial, the Court will entertain appropriate motions on the questions whether and to what extent the results of the issue trial may, by operation of law, be binding on parties and absent class members in *[Goldsmith] v. FCA US, LLC*, No. 16-13681 (C.D. Cal.); *Mack v. FCA US, LLC*, No. 16-13678 (E.D.N.Y.); *Lynd v. FCA US, LLC*, No. 16-13913 (N.D.N.Y.); and *Brooks v. FCA US, LLC*, No. 16-13677 (W.D. Mo.)."). On September 20, 2022, the jury returned a unanimous verdict on the first two certified questions, finding that the class vehicles have a design defect under the law of one state (Utah), but not under the laws of eighteen others. In accordance with the Court's previous rulings, the jury was not instructed on, nor did it decide, any fact questions under the laws of New York or California.

On August 3, 2023, after the common issues trial concluded, the Court denied a motion by the defendant for entry of judgment as a matter of law in its favor on the claims of the New York and California plaintiffs and class members. *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 2023 WL 4964335 (E.D. Mich. Aug. 3, 2023). In that same ruling, the Court also denied a motion by the plaintiffs to certify a new nationwide, multi-state class to pursue claims that the defendant's vehicles were defective based on "usability flaws." However, that ruling did not address the plaintiffs' separately filed motions to certify classes under Federal Rule of Civil Procedure 23(b)(3) to pursue claims pleaded by the New York and California plaintiffs under the laws of their respective states. The Court also deferred a ruling on the defendant's motion to strike, in which the defendant argued that the motion to certify New York and California classes was tardy and procedurally improper, and in substance amounted to a belated attempt by the plaintiffs to

secure reconsideration of the Court's 2019 ruling that denied the plaintiffs' request to certify state-by-state or consolidated 23(b)(3) classes, and instead granted certification for a common issues class under Rule 23(c)(4).

The defendant argues that the motion for class certification should be stricken because (1) the motion is woefully untimely, since it was filed long after the deadline previously established by the Court for the plaintiffs to present a motion for class certification, (2) in substance it is an untimely motion for reconsideration of the Court's 2019 ruling on class certification, (3) the plaintiffs have not presented any good grounds for reconsideration of that prior ruling, and (4) the motion also should be denied under the law-of-the-case doctrine.  The plaintiffs respond that (1) the motion does not seek "reconsideration" of the Court's 2019 ruling, because the plaintiffs did not previously seek certification of distinct New York or California classes, (2) the present motion "does the heavy lifting" of identifying common elements of causes of action proposed for certification, which the Court found that the plaintiffs had failed to perform adequately in the briefing on their original motion for class certification, (3) the Court has authority at any time to "alter" or "amend" class definitions before trial or final disposition of the case, and (4) the law-of-the-case doctrine does not apply because the present motion does not raise the "same issues" that were presented for decision by the Court previously.

The Court established a deadline of January 31, 2019 for the plaintiffs' to file their motion for class certification.  Pretrial Order No. 15, ECF No. 250, PageID.6645.  The plaintiffs' initial class certification motion was filed timely by that date.  The parties sought and were granted substantial extensions of the usual page limits and briefing schedule, of which they made full use. When it ruled on the original class certification motion, the Court found that certification of any class or classes under Rule 23(b)(3) was not appropriate because the plaintiffs had failed to identify

and establish the commonality of the elements of any of the dozens of causes of action pleaded under the laws of the various states.  As the Court explained:

> Although they propose state-by-state certification as an alternative, the plaintiffs do not attempt anywhere in their briefing to explain how certification on a state-by-state basis can be soundly sustained, merely leaving it to "the Court's discretion," without further elaboration. As noted above, neither of the plaintiffs' proposed schemes are supported by any citations of pertinent legal authorities in the motion brief.
>
> Before certifying any claim for class treatment, the Court must conduct a rigorous analysis, examining the elements of each cause of action proposed for certification. The plaintiffs need not show that every element of every claim can be sustained by common proofs, but they must at least identify the elements of their claims so that the Court can weigh the common and individualized issues to determine which predominate. The plaintiffs have not supplied any substantial basis for such determinations here, and they therefore have not cleared the ground on which the Court must stand to certify their claims.
>
> Because the plaintiffs have scarcely approached, let alone carried, their burden of demonstrating the predominance of common over individualized issues on their claims, the Court will not certify classes under Rule 23(b)(3) on either of the alternative schemes that the plaintiffs proposed.

*In re FCA US LLC Monostable Elec. Gearshift Litig.*, 334 F.R.D. 96, 109-10, 2019 WL 6696110 (E.D. Mich. 2019), *clarified on denial of reconsideration*, 340 F.R.D. 251, 2022 WL 34675 (E.D. Mich. 2022) (cleaned up).

In their present motion, the plaintiffs essentially ask for a do-over, except they confine their request (by necessity after the jury's verdict) to the surviving causes of action under New York and California law.  Contrary to the plaintiffs' position, they did previously expressly seek state-by-state certification under Rule 23(b)(3), and that request was denied.  The Court never granted leave to file any second or subsequent motion for class certification, and the present motion amounts to an attempt to secure the same relief that was denied by the Court more than five years ago in the ruling on the plaintiffs' original class motion.  Moreover, the relief sought is of questionable utility because there is an existing class which the Court already has certified

embracing the California and New York plaintiffs — the issue class for which the trial of the factual questions in the first instance is yet to be conducted. As the Court previously ruled, the trial of the fact questions under New York and California law must occur in the first instance in the transferor districts, because the claims of those plaintiffs were excluded entirely from the issue trial conducted by this Court.

The plaintiffs' motion — or renewed motion — for class certification in substance constitutes a request for reconsideration of the Court's 2019 ruling that denied the same relief that now is sought once again. However, the plaintiffs fail to establish any viable legal grounds for revisiting the class certification question at this late stage of the proceeding.

If viewed as a motion for reconsideration under Eastern District of Michigan Local Rule 7.1, the present motion is considerably tardy, since it was filed years after the earlier ruling was issued. E.D. Mich. LR 7.1(h)(2) ("Motions for reconsideration of non-final orders . . . must be filed within 14 days after entry of the order."). However, there are other avenues through which parties may seek to revisit interlocutory rulings. "District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tennessee Laborers Health and Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citations omitted). A party seeking that relief generally must show "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Ibid.* The plaintiffs do not point to any intervening change in the legal landscape, nor have they identified any new evidence that would lead to a different outcome on the question of class certification. The plaintiffs have not identified any clear error in the Court's prior ruling, and they have not explained how any manifest injustice

would result from proceeding to the conclusion of the litigation with the existing issue class intact. The grounds for reconsideration under Rule 54(b) have not been established.

As the plaintiffs point out, it is well settled that "[a] district court 'retains the ability to monitor the appropriateness of class certification throughout the proceedings and to modify or decertify a class at any time before final judgment.'" *Whitlock v. FSL Mgmt., LLC*, 843 F.3d 1084, 1090 (6th Cir. 2016) (quoting *In re Integra Realty Resources, Inc.*, 354 F.3d 1246, 1261 (10th Cir. 2004)). But the plaintiffs here do not seek to "modify" an existing class — instead they request the certification of two wholly new classes. Moreover, the underlying facts and circumstances pertinent to the claims of the New York and California plaintiffs have not changed since 2019 in any way that would alter materially the reasoning on which the Court relied when it refused to certify a 23(b)(3) class and instead certified the 23(c)(4) issue class. In particular, the outcome of the limited class issue jury trial has not altered the landscape for the New York and California cohorts at all, because their claims expressly were excluded from resolution in that proceeding, and no questions of fact elemental to their causes of action were decided by the jury. That is why the Court previously concluded that the jury's verdict in the issue trial had no preclusive effect on the claims of any of the New York or California plaintiffs, and the defendant's motion for entry of judgment on the New York and California claims was denied on that ground. *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 2023 WL 4964335, at *14 (E.D. Mich. Aug. 3, 2023) ("[T]he question of the existence of a defect under New York and California law was not 'identical to' any issue decided by the jury in the class issue trial, nor was it 'clearly raised' in the trial where the jury was not instructed on the law of either jurisdiction. Moreover, the class issues trial — by design — explicitly foreclosed the 'full and fair consideration of the common issues' as they pertained to claims and parties involved in the transferred cases.").

In similar situations, federal courts readily have rejected attempts to secure a second bite at the apple on the question of class certification. *E.g.*, *Stockinger v. Toyota Motor Sales, U.S.A., Inc.*, No. 17-35, 2020 WL 7314794, at *4 (C.D. Cal. Nov. 30, 2020) ("Plaintiffs' only justification for their proposed motion is that they have now narrowed their class based on evidence they previously had access to. Specifically, Plaintiffs seek to change their former class which encompassed 84 distinct vehicle models, including the 2010-2015 Toyota Prius, to a class that only includes the 2012-2014 Toyota Prius. Plaintiffs cite no changed circumstances that prevented them from seeking a narrower class initially. In essence, Plaintiffs made an all or nothing bet on seeking class certification on the broader class. Allowing a renewed motion for class certification under the present circumstances would promote tactics that waste the limited resources of the Court and unnecessarily protract the litigation."); *Barton v. RCI, LLC*, No. 10-03657 PGS, 2014 WL 5762214, at *2 (D.N.J. Nov. 5, 2014) ("The Court must determine whether there are significant changes in circumstances which warrant a review of the transacting class certification. Class counsel's brief and revised expert report show no change of circumstances. Moreover, there was little, if any, discovery completed between April 1, 2014 (denial of initial class certification motion) and May 5, 2014 (the date of the new motion), hence, no new facts were disclosed. In addition, there were no material updates in the law which may show a change of circumstances. . . . In the absence of any material change in circumstances, the Plaintiff does not meet the standard to certify a new class.").

The plaintiffs have failed to present good grounds for the Court to revisit the question of class certification for the claims of the New York and California plaintiffs, and their motion to certify new classes for those jurisdictions is tardy and procedurally improper at this stage of the litigation. The Court therefore will grant the defendant's motion to strike. There presently are no

other pending pretrial motions remaining to be addressed that impact the New York and California cases. The Court therefore will enter notices of suggestion of remand for the cases transferred from those jurisdictions.

Accordingly, it is **ORDERED** that the defendant's motion to strike (ECF No. 884) is **GRANTED**, and the plaintiffs' motion to certify New York and California classes (ECF No. 873) is **STRICKEN**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: March 15, 2024