**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| IN RE: FCA US LLC MONOSTABLE ELECTRONIC GEARSHIFT LITIGATION<br><br>MDL NO, 2744 | Case Number 16-md-02744<br><br>Honorable David M. Lawson<br>Magistrate David R. Grand |

| | |
|---|---|
| TREVOR MARBLE,<br><br>       Plaintiff,<br><br>v.<br><br>FCA US LLC<br><br>       Defendant. | Case Number 17-10983<br><br>Honorable David M. Lawson |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THIS COURT'S OPINION AND ORDER DENYING PLAINTIFFS' MOTIONS TO CERTIFY CLASS AND FOR SUMMARY JUDGMENT, AND SCHEDULING STATUS CONFERENCE**

Plaintiff Marble respectfully moves for reconsideration, pursuant to Eastern District of Michigan Local Rule 7.1(h), of this Court's Opinion and Order Denying Plaintiffs' Motions to Certify Class and for Summary Judgment, and Scheduling Status Conference. ECF No. 929.

On October 24, 2024, counsel for Plaintiffs sought concurrence from defense counsel pursuant to L.R. 7.1(a)(1)(2), which was denied.

Dated: October 24, 2024

**THE MILLER LAW FIRM, P.C.**

/s/ *E. Powell Miller*

E. Powell Miller (P39487)
Dennis A. Lienhardt (P81118)
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: (248) 841-2200
Fax: (248) 652-2852
epm@millerlawpc.com
dal@millerrlawpc.com

*Plaintiffs' Lead Counsel and Chair of
Plaintiffs' Steering Committee*

**HAGENS BERMAN SOBOL
SHAPIRO LLP**

Steve W. Berman
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tel: (206) 623-7292
Fax: (206) 623-0594
steve@hbsslaw.com

Christopher R. Pitoun
301 N. Lake Ave, Suite 920
Pasadena, CA 91101
Tel: (213) 330-7150
Fax: (213) 330-7152
christopherp@hbsslaw.com

**KESSLER TOPAZ
MELTZER & CHECK, LLP**

Joseph H. Meltzer
Tyler S. Graden
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
jmeltzer@ktmc.com

trgaden@ktmc.com

**GUSTAFSON GLUEK PLLC**
Daniel E. Gustafson
David A. Goodwin
Canadian Pacific Plaza
120 S. Sixth St., Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
dgoodwin@gustafsongluek.com

**LOCKRIDGE GRINDAL
NAUEN P.L.LP.**
Robert K. Shelquist
Rebecca A. Peterson
100 Washington Ave., Suite 2200
Minneapolis, MN 55401
Tel: (612) 339-6900
Fax: (612) 339-0981
rkshelquist@locklaw.com
rapeterson@locklaw.com

**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
Gregory F. Coleman
Mark E. Silvey
Adam E. Edwards
800 South Gay Street
Suite 1100
Knoxville, TN 37929
(865) 247-0080
gcoleman@milberg.com
msilvey@milberg.com
aedwards@milberg.com

*Plaintiffs' Steering Committee*

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| IN RE: FCA US LLC MONOSTABLE ELECTRONIC GEARSHIFT LITIGATION<br><br>MDL NO, 2744 | Case Number 16-md-02744<br><br>Honorable David M. Lawson<br>Magistrate David R. Grand |

| | |
|---|---|
| TREVOR MARBLE,<br><br>   Plaintiff,<br><br>v.<br><br>FCA US LLC<br><br>   Defendant. | Case Number 17-10983<br><br>Honorable David M. Lawson |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF THIS COURT'S OPINION AND ORDER DENYING PLAINTIFFS' MOTIONS TO CERTIFY CLASS AND FOR SUMMARY JUDGMENT, AND SCHEDULING STATUS CONFERENCE

## <u>STATEMENT OF ISSUE PRESENTED</u>

1. Whether this Court should reconsider its Opinion and Order Denying Plaintiffs' Motions to Certify Class and for Summary Judgment, and Scheduling Status Conference. ECF No. 929.

## <u>STATEMENT OF MOST APPROPRIATE AUTHORITY</u>

*Beacham v. Lee-Norse*,
    714 F.2d 1010 (10th Cir. 1983)

*Bridging Communities Inc. v. Top Flite Fin. Inc.*,
    843 F.3d 1119 (6th Cir. 2016)

*Mulherin v. Ingersoll-Rand Co.*,
    628 P.2d 1301 (Utah 1981)

*Speerly v. Gen. Motors, LLC*,
    343 F.R.D. 493(E.D. Mich. 2023), aff'd, 115 F.4th 680 (6th Cir. 2024))

E.D. Mich. LR 7.1(h)

# <u>TABLE OF CONTENTS</u>

STATEMENT OF ISSUE PRESENTED .................................................................. ii

STATEMENT OF MOST APPROPRIATE AUTHORITY ................................... iii

TABLE OF CONTENTS......................................................................................... iv

TABLE OF AUTHORITIES .................................................................................... v

I.    INTRODUCTION ........................................................................................1

II.   LEGAL STANDARD .................................................................................2

III.  ARGUMENT ...............................................................................................3

A.  Under Utah Law, Knowledge Cannot Predominate on Liability Because Knowledge is an Affirmative Defense on Damages. .........................................3

B.  FCA's Knowledge Defense Cannot Defeat Predominance Because It is Unsupported by the Record. .................................................................................6

C.  The Order Is Inconsistent with the Stated Purposes of Rule 23(c)(4). ......11

IV.   CONCLUSION ..........................................................................................12

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Alger v. FCA US LLC*,
   334 F.R.D. 415 (E.D. Cal. 2020) ............................................................................6

*Bais Yaakov of Spring Valley v. ACT, Inc.*,
   12 F.4th 81 (1st Cir. 2021) .....................................................................................7

*Beacham v. Lee-Norse*,
   714 F.2d 1010 (10th Cir. 1983) .............................................................................4

*Braver v. Northstar Alarm Servs., LLC*,
   329 F.R.D. 320 (W.D. Okla. 2018) ........................................................................7

*Bridging Communities Inc. v. Top Flite Fin. Inc.*,
   843 F.3d 1119 (6th Cir. 2016) ...............................................................................7

*Ernest W. Hahn, Inc. v. Armco Steel Co.*,
   601 P.2d 152 (Utah 1979) ......................................................................................4

*In re FCA US LLC Monostable Elec. Gearshift Litig.*,
   685 F. Supp. 3d 540 (E.D. Mich. 2023) ............................................................4, 5

*In re FCA US LLC Monostable Elec. Gearshift Litig.*,
   597 F. Supp. 3d 1121 (E.D. Mich. 2022) ............................................................10

*In re Flint Water Cases*,
   2024 WL 2725040 (E.D. Mich. May 28, 2024) ....................................................3

*In re MyFord Touch Consumer Litig.*,
   2018 WL 3646895 (N.D. Cal. Aug. 1, 2018) ........................................................6

*Leyva v. Medline Indus. Inc.*,
   716 F.3d 510 (9th Cir. 2013) .................................................................................5

*Martin v. Behr Dayton Thermal Prod. LLC*,
   896 F.3d 405 (6th Cir. 2018) ................................................................................11

*Mulherin v. Ingersoll-Rand Co.*,
   628 P.2d 1301 (Utah 1981)...................................................................................4

*Roger Miller Music, Inc. v. Sony/ATV Publ'g*,
   477 F.3d 383 (6th Cir. 2007) .................................................................................3

*Smilow v. Sw. Bell. Mobile Sys., Inc.*,
   323 F.3d 32 (1st Cir. 2003)....................................................................................7

*Smith v. LifeVantage Corp.*,
   341 F.R.D. 82 (D. Utah 2022) ...............................................................................7

*Speerly v. Gen. Motors, LLC*,
   343 F.R.D. 493 (E.D. Mich. 2023), aff'd, 115 F.4th 680 (6th Cir. 2024) .........5, 6

## Rules

E.D. Mich. LR 7.1(h)(2) ........................................................................................3
E.D. Mich. LR 7.1(h)(2)(A)....................................................................................3
Fed. R. Civ. P. 23(b)(3)................................................................................. *passim*
Fed. R. Civ. P. 23(c)(4)......................................................................................8, 11

## I.    INTRODUCTION

On October 10, 2024, the Court issued its order denying Plaintiff Trevor Marble's Motion for Class Certification and for Summary Judgment and Scheduling Status Conference ("Order"). ECF No. 929. Plaintiff appreciates the Court's thorough consideration of Plaintiffs' Motions but respectfully submits that the Order should be reconsidered to correct certain mistakes which would change the outcome of the decision.

First, the Order correctly identifies pre-sale knowledge as an affirmative defense to a breach of warranty claim. However, the Order misidentifies pre-sale knowledge as a defense on liability. Under Utah law, pre-sale knowledge is a defense on damages. Because pre-sale knowledge cannot act as a complete bar to recovery, liability can be determined as a matter of law and will not be predominated by any individualized inquiries. As a result, all that remains is a determination of damages. This is outcome determinative for both Plaintiff's class certification and summary judgment motions because the Court has recognized that damages are a common issue that predominate. *See* Sec. III.A. *infra*.

Second, the Order mistakenly relies on a pre-sale knowledge defense that is rooted in speculation. Under well-established Sixth Circuit law, in deciding whether individual issues predominate over common questions, a court cannot rely on speculation that individual issues may arise. Despite years of litigation, FCA has

never presented any evidence supporting its pre-sale knowledge defense. It is therefore entirely speculative as to whether the evidence necessary to support FCA's knowledge defense even exists. This issue is outcome determinative on Plaintiff's class certification motion because it undermines the validity of pre-sale knowledge as an individualized defense. *See* Sec. III.B. *infra*.

Third, the Order entirely undercuts the progress made during the issues trial. As the Court intended, the issues trial succeeded in efficiently resolving the three common issues identified in the Court's original order on class certification. While resolution of these issues informed the Court and the Parties of the viability of a number of Plaintiff's claims, none spoke to the validity of FCA's pre-sale knowledge defense. Accordingly, it is illogical that this affirmative defense—which FCA has pled from the outset—now defeats predominance when it could not do so earlier in this litigation. *See* Sec. III.C. *infra*.

Rule 23(b)(3) certification is appropriate here because no liability issues remain on the single remaining claim of breach of implied warranty. Damages is the singular common issue that remains and it undisputably predominates. Accordingly, Plaintiff's Motion for Reconsideration should be granted.

## II.   LEGAL STANDARD

To prevail on a motion for reconsideration, a movant must establish (i) a mistake by the Court, (ii) an "intervening change in controlling law," or (iii) new

facts which warrant a different outcome. *In re Flint Water Cases*, 2024 WL 2725040, at *1 (E.D. Mich. May 28, 2024) (quoting E.D. Mich. LR 7.1(h)(2)). A mistake by the Court must be "based on the record and law before the court at the time of its prior decision," and a movant must show that "correcting the mistake changes the outcome of the prior decision." E.D. Mich. LR 7.1(h)(2)(A). A movant may not use a motion for reconsideration to raise new legal arguments that could have been raised before the prior decision was issued. *See Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007).

## III.    ARGUMENT

### A. Under Utah Law, Knowledge Cannot Predominate on Liability Because Knowledge is an Affirmative Defense on Damages.

The Order identifies two questions that remain for a trial on Plaintiff's implied warranty claim. The first is whether each purchaser of a class vehicle had knowledge of the defect before he or she bought the vehicle. ECF No. 929, PageID.40740. The second is what damages were suffered by purchasers as a result of overpaying for a defective vehicle. *Id.* However, under Utah law, the knowledge question is subsumed by the much broader (and thus predominating) damages question because knowledge is an affirmative defense on damages—not liability.

Although never cited by FCA in its Oppositions, the Court extensively cited *Ernest W. Hahn, Inc. v. Armco Steel Co.* for its analysis of Utah law on breach of implied warranty. "[T]he elements of strict liability and breach of warranty 'are

essentially the same." ECF No. 929 at PageID.40744-45 (quoting *Ernest W. Hahn, Inc. v. Armco Steel Co.*, 601 P.2d 152, 159 (Utah 1979)). "There are two defenses to strict products liability, namely, (1) misuse of the product by the user or consumer; and (2) knowledge of the defect by the user or consumer, who is aware of the danger and yet unreasonably proceeds to make use of the product, i. e., assumption of risk." *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 685 F. Supp. 3d 540, 559 (E.D. Mich. 2023) (quoting *Ernest W. Hahn*, 601 P.2d at 158). While the holding in *Ernest W. Hahn, Inc.* established these defenses, the Utah Supreme Court did not decide whether these defenses merely reduced a plaintiff's recovery or barred recovery altogether. 601 P.2d at 158-59.

Two years later, in *Mulherin v. Ingersoll-Rand Co.*, the Utah Supreme Court answered this question. In *Mulherin*, Utah Supreme Court held that "[t]he defense in a products liability case, where both defect and misuse contribute to cause the damaging event, will limit the plaintiff's recovery to that portion of his damages equal to the percentage of the cause contributed by the product defect." *Mulherin v. Ingersoll-Rand Co.*, 628 P.2d 1301, 1303-04 (Utah 1981); *see also Beacham v. Lee-Norse*, 714 F.2d 1010, 1014 (10th Cir. 1983) (citing *id.* at 1303-04) (interpreting *Mulherin* to apply to 'unreasonable use…despite knowledge' defense). In short, for an implied warranty claim, knowledge is a defense on damages—not liability. Although *Mulherin* clarifies a critical nuance of Utah law, it is not mentioned

anywhere in the Order. *See generally* ECF No. 929; *see also In re FCA US LLC Monostable Elec. Gearshift Litig.*, 685 F. Supp. 3d 540 (E.D. Mich. 2023).

The Order raises concerns that "the individualized inquiries necessary for adjudication of the defendant's affirmative defense of pre-sale knowledge will entirely predominate the liability phase of any ensuing trial." ECF No. 929, PageID.40742. However, *Mulherin* counsels that the Court need not be so concerned because knowledge is not relevant to liability. The liability phase will be all the more simplified since Plaintiff has already established the *prima facie* elements of the implied warranty claim. ECF No. 929, PageID.40745. In short, no mis-shift or rollaway experience during a test drive can cancel out a jury's finding that a vehicle is unsafe for the purposes of ordinary transportation.

All that is left is damages. This Court has acknowledged that "the presence of individualized damages cannot, by itself, defeat class certification under Rule 23(b)(3) . . . At the class certification stage, [the plaintiffs need only] show that damages can 'feasibly and efficiently be calculated once the common liability questions are adjudicated.'" *Speerly v. Gen. Motors, LLC*, 343 F.R.D. 493, 523 (E.D. Mich. 2023), aff'd, 115 F.4th 680 (6th Cir. 2024)) (quoting *Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 514 (9th Cir. 2013)). Here, evidence of consumer knowledge of the defect—which FCA does not have—might suggest the presence of individualized damages. But it is not enough to defeat predominance. In contrast,

Plaintiff has long ago satisfied his burden by showing that his conjoint damage model can efficiently calculate damages on a class-wide basis using common proofs. *See* ECF No. 423 at PageID.20738 and ECF No. 827 at PageID.36247 (denying FCA's *two* attempts to exclude Plaintiff's conjoint experts Dr. Justine Hastings and Dr. J. Michael Dennis); *see also Speerly*, 343 F.R.D. at 523; *Alger v. FCA US LLC*, 334 F.R.D. 415, 430 (E.D. Cal. 2020) ("Adjudication of individualized affirmative defenses typically does not defeat predominance under Rule 23(b)(3) because 'the Court has various tools at its disposal to manage the resolution of those issues to the extent that they arise.'") (citing *In re MyFord Touch Consumer Litig.*, 2018 WL 3646895, at *2 (N.D. Cal. Aug. 1, 2018)).

### B. FCA's Knowledge Defense Cannot Defeat Predominance Because It is Unsupported by the Record.

The Order holds that the "question whether each purchaser of a class vehicle had knowledge of the defect before the sale is one that is decidedly subjective and individualized." ECF No. 929, PageID.40741. The Order then proceeds to identify what forms of proof—such as a mis-shift or rollaway during the test drive—which "may be put forth to show that a particular buyer was in fact fully aware of the confusing nature of the shifter interface and the safety risks that it posed prior to buying their car." ECF No. 929, PageID.40741. However, despite the extensive record in this case, there is simply no evidence that *any* buyer became aware of the defect before buying their class vehicle.

The absence of any evidence regarding any plaintiff's knowledge of the defect makes a knowledge defense speculative. *Braver v. Northstar Alarm Servs., LLC*, 329 F.R.D. 320, 333 (W.D. Okla. 2018). "[S]peculation alone regarding individualized [defenses] [i]s insufficient to defeat plaintiffs' showing of predominance under Rule 23(b)(3)." *Bridging Communities Inc. v. Top Flite Fin. Inc.*, 843 F.3d 1119, 1126 (6th Cir. 2016) (collecting cases). "In deciding whether individual issues predominate over common questions, a court must not rely on mere speculation that individual issues may arise." *Smith v. LifeVantage Corp*., 341 F.R.D. 82, 109 (D. Utah 2022) (quoting *Bais Yaakov of Spring Valley v. ACT, Inc.*, 12 F.4th 81, 89 (1st Cir. 2021)). "Even where defendants point to some evidence that a defense will indeed apply to some class members, which is more than [FCA] did here, courts routinely grant certification because Rule 23(b)(3) requires merely that common issues predominate, not that all issues be common to the class." *Bridging Communities Inc.*, 843 F.3d at 1126 (quoting *Smilow v. Sw. Bell. Mobile Sys., Inc.*, 323 F.3d 32, 39 (1st Cir. 2003)).

In the eight years of litigation, FCA has *never* presented this Court with any evidence that Plaintiff Marble—or any other Utah plaintiff—gained knowledge of the defect through a test drive. In fact, the Court has repeatedly rejected FCA's knowledge arguments as unsupported by the record. In 2017, this Court's initial motion to dismiss ruling held that "the defendant has not pointed to any information

that it gave to buyers about any aspect of the shifter design that would inform prospective buyers that the gear shifter was unreliable in those ways." ECF No. 173, PageID.5261.

In 2019, FCA raised the "knowledge by test drive" argument in its opposition to Plaintiffs' original motion for class certification. *See* ECF No. 328, PageID.14142. As Plaintiffs explained in their Reply, "[w]hile FCA points to three Plaintiffs who noticed during a test drive that the shifter was unusual, none testified that, at the time, they thought the shifter was defective or dangerous, and each was assured that he or she would 'get used to' the shifter." ECF No. 350, PageID.17309-10. In its order granting class certification pursuant to Rule 23(c)(4), this Court noted that FCA's contention that concealment "cannot be resolved on a class-wide basis because public knowledge about the defect varied throughout the relevant class period. But that argument is particularly disingenuous considering the defendant's recent fraught attempt to conceal from public disclosure the crucial proofs offered by the plaintiffs to prove the existence of the defect." ECF No. 492, PageID.21412. The Court went on to explain:

> The studies that the defendant made such vigorous, repeated attempts to sequester under seal as 'confidential information' suggest a singular striking proposition that, on this record, has never been conceded or disclosed by the defendant to anyone, namely the conclusion, reached through multiple repeated studies, that *nearly all ordinary drivers presented with the monostable shifter design were unable to learn to operate it reliably after a reasonable number of tries*.

In its 2016 recall notice, the defendant cast the sole 'defect' with the shifter as being entirely due to 'misuse' by drivers who failed to put their vehicles in park before exiting. It has insisted repeatedly throughout this litigation that the gear shifter is 'not defective' and that it works as designed when properly used, tarring all of the plaintiffs' claimed misfortunes as the product of mere 'user error.' The defendant *never* has admitted, or informed affected buyers of its vehicles, that it learned during repeated trials of the design that the monostable shifter confounded attempts at routine operation by *almost all of the ordinary drivers who were asked to try it*. Whether the defendant disclosed the substance or conclusions of its 2010 and 2012 studies to any class members, and the implications of those conclusions for the safety of its shifter design, is a factual question that readily can be addressed by proofs common to the entire class, particularly since, based on the present record, it appears that the information never came publicly to light until it was disclosed as part of the recent filings in this litigation. The defendant's determined efforts to maintain the 'confidentiality' of the studies defies any presumption that they previously publicly were disclosed.

The defendant asserts that nothing remains to be disclosed about the gear shift design because every operator of a class vehicle could learn all there is to know about it from a test drive, or certainly after years of driving their cars. But even if the plaintiffs individually found the gear shift confounding to use, there is nothing in the record to suggest that they were informed before buying their cars that nearly all other drivers of the vehicles had the same problems using it. That knowledge of the design's allegedly nearly universal awkwardness reasonably could be found to be far more material to a potential buyer than mere individual distaste for it.

This issue likewise predominates over non-common issues, and collectively determining it is a superior method of adjudication.

*Id.* (emphasis in original).

Even in the Order at issue in this Motion, the Court has yet again rejected

FCA's arguments that Plaintiff Marble knew anything about the defect prior to

purchase. In support, the Court cited its own prior holding for the proposition that "the record in this litigation contains sufficient common proofs to allow a plaintiff plausibly to establish that she did not comprehend fully the nature of the alleged gearshift defect until, at the earliest, the initiation of the voluntary recall in 2016." ECF No. 929, PageID.40741 (quoting *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 597 F. Supp. 3d 1121, 1130-31 (E.D. Mich. 2022)).

The only evidence in the record regarding any buyer's pre-sale knowledge came from the plaintiffs who testified at the issues trial. With remarkable consistency, each plaintiff testified that they had no pre-sale knowledge of the defect. *See e.g.* Plaintiff Danelle Hackett, 2022-09-09 Trial Transcript Vol. 4 at 72:15-20 ("Q. And at the time you bought the car, can you tell us whether you thought it was a safe car? A. I thought it was safe. Q. And can you tell us whether you thought it was a car free of defects? A. Yes."); *see also* Plaintiff Debra Felker, 2022-09-09 Trial Transcript Vol. 4 at 107:20-24 ("Q. At the time you bought your Jeep, did you feel it was a safe car? A. Yes, sir. Q. Did you feel it was car free of defects? A. Yes, sir. That's what I believed."); *see also* Plaintiff Todd Fisher, 2022-09-10 Trial Transcript Vol. 5 at 105:3-5 ("Q. When you bought it, you thought it was defective? A. Well when I bought it, I thought it was – no, I didn't expect it to be defective at that point."). This fact alone distinguishes this case from the non-Utah cases cited

by this Court for the contention that pre-sale knowledge must necessarily be an individualized inquiry. ECF No. 929, PageID.40739-40 (collecting cases).

The testimony of Plaintiff Marble and the Plaintiffs who testified at the issues trial are consistent with FCA's own, internal HMI studies, which showed that the critical problem with the shifter, as noted by the Court in its original class certification opinion, is that consumers "were unable to learn to operate it reliably after a reasonable number of tries." ECF No. 492, PageID.21412. No test drive could have alerted Plaintiff Marble or Utah class members of this defect.

### C. The Order Is Inconsistent with the Stated Purposes of Rule 23(c)(4).

The certification of the issue class pursuant to Fed. R. Civ. P. 23(c)(4) was meant to "efficiently advance the litigation." ECF No. 492, PageID.21384; *see also id.* at PageID.21404 (citing *Martin v. Behr Dayton Thermal Prod. LLC*, 896 F.3d 405, 416 (6th Cir. 2018)). Yet, the Court has determined that a single affirmative defense—which FCA has pled from the outset—now defeats predominance and precludes class certification.

It cannot be that the resolution of common questions on liability in Plaintiff's favor only serves to amplify the importance of a single affirmative defense such that a finding of predominance becomes impossible. That reasoning would necessarily lead to the conclusion that regardless of the outcome of the issues trial, Plaintiffs would have been unable to recover classwide relief, pursuant to Fed. R. Civ. P.

23(b)(3), for the more than 500,000 class members who purchased or leased these vehicles. FCA's test drive defense would have been applicable to Plaintiffs in all 19 of the certified states, meaning that even if Plaintiffs had prevailed at trial as to every state, recovery would have been unavailable. This would render the issues trial, and the last five years of litigation, illusory other than providing class members with a jury finding to be used in thousands of separately filed, individual litigations.

## IV.   CONCLUSION

The Plaintiff respectfully requests the Court grants its Motion for Reconsideration.

Dated: October 24, 2024                **THE MILLER LAW FIRM, P.C.**

/s/ *E. Powell Miller*
E. Powell Miller (P39487)
Dennis A. Lienhardt (P81118)
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: (248) 841-2200
Fax: (248) 652-2852
epm@millerlawpc.com
dal@millerrlawpc.com

*Plaintiffs' Lead Counsel and Chair of Plaintiffs' Steering Committee*

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Steve W. Berman
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Tel: (206) 623-7292

Fax: (206) 623-0594
steve@hbsslaw.com

Christopher R. Pitoun
301 N. Lake Ave, Suite 920
Pasadena, CA 91101
Tel: (213) 330-7150
Fax: (213) 330-7152
christopherp@hbsslaw.com

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Joseph H. Meltzer
Tyler S. Graden
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
jmeltzer@ktmc.com
trgaden@ktmc.com

**GUSTAFSON GLUEK PLLC**
Daniel E. Gustafson
Jason S. Kilene
David A. Goodwin
Canadian Pacific Plaza
120 S. Sixth St., Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com
jkilene@gustafsongluek.com
dgoodwin@gustafsongluek.com

**LOCKRIDGE GRINDAL**
**NAUEN P.L.LP.**
Robert K. Shelquist
Rebecca A. Peterson
100 Washington Ave., Suite 2200
Minneapolis, MN 55401

13

Tel: (612) 339-6900
Fax: (612) 339-0981
rkshelquist@locklaw.com
rapeterson@locklaw.com

**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
Gregory F. Coleman
Mark E. Silvey
Adam E. Edwards
William A. Ladnier
800 South Gay Street
Suite 1100
Knoxville, TN 37929
(865) 247-0080
gcoleman@milberg.com
msilvey@milberg.com
aedwards@milberg.com
wladnier@milberg.com
*Plaintiffs' Steering Committee*

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

/s/ *E. Powell Miller*
E. Powell Miller
**THE MILLER LAW FIRM, P.C.**
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: (248) 841-2200
Fax: (248) 652-2852
epm@millerlawpc.com