UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

IN RE: FCA US LLC MONOSTABLE
ELECTRONIC GEARSHIFT
LITIGAITON

MDL No. 2744

Case No. 16-md-02744
Honorable David M. Lawson
Magistrate Judge David R. Grand

_____/

TREVOR MARBLE,

       Plaintiff,

v.

FCA US, LLC,

       Defendant.

Case No. 17-10983
Hon. David M. Lawson

_____/

**FCA US LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
FOR RECONSIDERATION OF THIS COURT'S OPINION AND ORDER
DENYING PLAINTIFF'S MOTIONS TO
CERTIFY CLASS AND FOR SUMMARY JUDGMENT**

## **<u>TABLE OF CONTENTS</u>**

INTRODUCTION ....................................................................................................1

LEGAL STANDARD ............................................................................................2

ARGUMENT ..........................................................................................................3

    I.     Plaintiff's Motion Fails Because It Improperly Raises New Arguments. ................................................................................................3

    II.    Pre-Purchase Knowledge Of An Alleged Defect Is A Complete Defense To Plaintiff's Implied Warranty Claim...................................6

    III.   There Is Ample Evidence Of Pre-Sale Knowledge............................10

    IV.   The Court Does Not Have To Certify A Rule 23(b)(3) Class Just Because It Certified A Rule 23(c)(4) Class. ........................................12

    V.    Reconsideration Is Not Warranted Because Any Conceivable Error Is Not Outcome Determinative. ..........................................................13

CONCLUSION .....................................................................................................14

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## Cases

*Beacham v. Lee-Norse*,
    714 F.2d 1010 (10th Cir. 1983) ............................................................8

*Bylsma v. Willey*,
    2017 UT 85 ............................................................................................8

*Davidson Lumber Sales, Inc. v. Bonneville Inv., Inc.*,
    794 P.2d 11 (Utah 1990) .......................................................................9

*Durbano Metals v. A & K R.R. Materials*,
    574 P.2d 1159 (Utah 1978) ...................................................................6

*Ernest W. Hahn, Inc. v. Armco Steel Co.*,
    601 P.2d 152 (Utah 1979) .....................................................................8

*Kirkbride v. Terex USA, LLC*,
    798 F.3d 1343 (10th Cir. 2015) .............................................................9

*Mulherin v. Ingersoll-Rand Co.*,
    628 P.2d 1301 (Utah 1981) ........................................................... *passim*

*Phillips v. UAW Int'l*,
    2016 U.S. Dist. LEXIS 65869 (E.D. Mich. May 19, 2016) ..................3

*Roger Miller Music, Inc. v. Sony/ATV Publ'g*,
    477 F.3d 383 (6th Cir. 2007) .................................................................1

*Schuette v. Jackson Cty.*,
    2022 U.S. Dist. LEXIS 105048 (E.D. Mich. June 13, 2022) ..............11

*Sobiech v. Int'l Staple & Mach. Co.*,
    867 F.2d 778 (2d Cir. 1989) ..................................................................6

*Southfield Educ. Ass'n v. Bd. of Educ. of the Southfield Pub. Sch.*,
    319 F. Supp. 3d 898 (E.D. Mich. 2018).................................................2

*United States v. A.F.F.*,
   144 F. Supp. 2d 809 (E.D. Mich. 2001)................................................................5

*United States v. Douglas*,
   2022 U.S. Dist. LEXIS 26627 (E.D. Mich. Feb. 14, 2022)...................................2

**Statutes**

Utah Code Ann. § 70A-2-316 ........................................................... *passim*

**Rules**

E.D. Mich. L.R. 7.1(h)(2) ...................................................................2, 12

Fed. R. Civ. P. 23(b)(3) ................................................................... *passim*

Fed. R. Civ. P. 23(c)(4)...................................................................11, 12

## <u>COUNTERSTATEMENT OF ISSUES PRESENTED</u>

1.  Whether the Court should reconsider its Opinion and Order Denying Plaintiff's Motions to Certify Class and for Summary Judgment, and Scheduling Status Conference, *see* ECF No. 929, PageID.40730, based on new arguments Plaintiff could have raised before the Order issued.

2.  If the Court considers Plaintiff's new arguments, whether the Order contains a mistake that, if corrected, would change the outcome of the Order.

The Court should answer "No" to both questions.

## **INTRODUCTION**

Plaintiff's Motion for Reconsideration should be retitled "New Arguments for Certification and Summary Judgment." Most of his arguments are new. His main argument, for example, is that the Court mistakenly treated pre-sale knowledge as a defense to liability, when pre-sale knowledge is supposedly "a defense on damages." Mot. 1. But FCA repeatedly raised pre-sale knowledge as a defense to liability when opposing Plaintiff's Motion for Summary Judgment and Motion to Certify a Utah Class, and Plaintiff *never* countered that such knowledge is a defense to only damages. It is far too late for Plaintiff to make that argument now. As Plaintiff admits, he "may not use a motion for reconsideration to raise new legal arguments that could have been raised before the . . . decision was issued." *Id.* at 3 (citing *Roger Miller Music, Inc. v. Sony/ATV Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007)).

Even if this new argument were timely, Plaintiff is wrong. The case he cites that supposedly says pre-sale knowledge is a defense on damages did not even involve an implied warranty claim. *See Mulherin v. Ingersoll-Rand Co*., 628 P.2d 1301 (Utah 1981). *Mulherin* addressed whether misuse bars recovery on a strict products liability claim—something not at issue here. Plaintiff cites no case applying *Mulherin* in the context of an implied warranty claim.

Plaintiff's other two arguments fare no better. First, he says "FCA has never presented any evidence supporting its pre-sale knowledge defense." Mot. 1-2. That

is not true.  The Court discussed FCA's evidence in its Order, including Plaintiff's testimony that he test drove his vehicle before buying it and "had no idea" what gear it was in.  Order, ECF No. 929, PageID.40745-40746.  Second, in another new argument, Plaintiff says failing to certify a Rule 23(b)(3) class would "undercut[ ] the progress made during the issues trial."  Mot. 2.  Even if that were true, it is not a basis for reconsideration.  And the issues trial successfully ended proceedings on all but one of Plaintiff's claims.  That's progress.  It might not be the result Plaintiff wanted, but disappointment is not grounds for reconsideration.  Nor is it a basis to certify a class under Rule 23(b)(3).

## LEGAL STANDARD

"Motions for reconsideration of non-final orders are disfavored" and may be brought only if (i) the Court made an outcome-determinative mistake, (ii) the controlling law has changed, or (iii) new facts have been discovered.  *United States v. Douglas*, 2022 U.S. Dist. LEXIS 26627, at *2 (E.D. Mich. Feb. 14, 2022) (Lawson, J.) (citing E.D. Mich. L.R. 7.1(h)(2)).  "A motion for reconsideration is not intended as a means to allow a losing party simply to rehash rejected arguments or to introduce new arguments."  *Southfield Educ. Ass'n v. Bd. of Educ. of the Southfield Pub. Sch.*, 319 F. Supp. 3d 898, 901 (E.D. Mich. 2018) (Lawson, J.).  "The Sixth Circuit has firmly established the rule that parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before [an

order] was issued." *Phillips v. UAW Int'l*, 2016 U.S. Dist. LEXIS 65869, at *6 (E.D. Mich. May 19, 2016) (Lawson, J.) (cleaned up).

## ARGUMENT

### I.    Plaintiff's Motion Fails Because It Improperly Raises New Arguments.

Plaintiff's main argument for reconsideration is that "pre-sale knowledge is a defense on damages," not liability. Mot. 1. He has never made that argument before. A motion for reconsideration is not a tool for disappointed litigants "to raise arguments which could, and should, have been made before" the Court issued its decision. *Phillips*, 2016 U.S. Dist. LEXIS 65869, at *6 (cleaned up).

Plaintiff knew that pre-sale knowledge was a key issue. For example, when opposing Plaintiff's Motion for Summary Judgment, FCA argued that pre-sale knowledge was a "threshold" issue for the implied warranty claim. ECF No. 885, PageID.40042 (emphasis omitted). FCA explained that, under Utah law, an implied warranty does not exist "'when the buyer before entering into the contract has examined the goods . . . as fully as he desired,'" and such an examination should have "'revealed'" the alleged defect. *Id.* (quoting Utah Code Ann. § 70A-2-316). FCA further explained that "there are at least factual disputes as to whether Plaintiff Marble (and the other putative class members) knew or should have known about the alleged defect before buying their vehicles: they either inspected the vehicles or had an opportunity to do so." *Id.* at PageID.40044. FCA then highlighted Plaintiff's

3

testimony that he "test drove his vehicle, used the monostable shifter, thought it was 'odd,' had 'no idea for sure . . . what gear it was in,' and yet bought the vehicle anyway." *Id.* (quoting Marble Dep. Tr. 49:21-51:21, ECF No. 883-2, PageID.40000-40002). "At the very least," FCA continued, "this evidence supports a reasonable inference that Plaintiff Marble (and other members of the putative class) knew or should have known about the alleged defect, meaning they cannot rely on that defect to support a claim for breach of implied warranty." *Id.* (citing cases). The implied warranty claim "fails out of the gate." *Id.* at PageID.40042.

FCA made similar arguments when opposing Plaintiff's Motion to Certify a Utah Class. For example, FCA reiterated that a buyer "cannot prevail on an implied warranty claim under Utah law" if the buyer knew or should have known about an alleged defect before buying the product. ECF No. 883, PageID.39982. FCA then noted that Plaintiff test drove his vehicle and had "no idea" what gear he was in, "meaning he knew about the alleged defect when he bought his vehicle." *Id.* FCA explained that pre-sale knowledge is an individual question of fact that would predominate at trial because all common questions—e.g., "whether a defect exists"—have "already been resolved by a jury." *Id.* at PageID.39983-39985.

In his replies to FCA's opposition briefs, Plaintiff *never* argued that pre-sale knowledge is a defense to only damages. He made other arguments. In his reply in support of the Motion for Summary Judgment, Plaintiff insisted that he "did not have

4

knowledge of the defect."  ECF No. 892, PageID.40172-40173.  And in his reply in support of his Motion to Certify a Utah Class, Plaintiff ignored FCA's argument that pre-sale knowledge is a predominating individual issue and, instead, addressed pre-sale knowledge only in the context of whether his claims are typical of the putative class.  *See id.* at PageID.40127-40128.

Yet now Plaintiff argues that "knowledge cannot predominate on liability because knowledge is an affirmative defense on damages."  Mot. 3 (cleaned up).  That is a new position.  Plaintiff's chief authority for his new argument is *Mulherin*, a case from 1981, but he *never* cited that decades-old case in any of the briefing on the two motions.  The *Mulherin*-based argument was clearly available to him at the time of the initial briefing, and it is far too late for him to make the argument now.  "[A] motion for reconsideration is an inappropriate vehicle for advancing new arguments . . . which could have been raised in prior briefing."  *United States v. A.F.F.*, 144 F. Supp. 2d 809, 812 (E.D. Mich. 2001) (Lawson, J.) (cleaned up).

The Court should refuse to consider Plaintiff's new arguments about pre-sale knowledge.  He had two reply briefs to respond to FCA's arguments about pre-sale knowledge, and neither brief made the argument he makes now.

In fact, Plaintiff had a third opportunity to make his new argument.  After the issues trial, FCA moved for entry of judgment and argued that any continued class treatment is inappropriate because, among other reasons, some putative class

members likely had pre-sale knowledge of the alleged defect, and determining who had such knowledge would "require numerous individual inquiries." ECF No. 872, PageID.38528. Once again, Plaintiff never argued in response that pre-sale knowledge is relevant only to damages. *See* ECF No. 880.

## II.   Pre-Purchase Knowledge Of An Alleged Defect Is A Complete Defense To Plaintiff's Implied Warranty Claim.

The Court should deny the Motion for Reconsideration even if it considers Plaintiff's new argument that pre-sale knowledge is a defense to only damages.

Plaintiff is simply wrong about the law. The Utah Uniform Commercial Code ("U.C.C.") provides that a buyer cannot prevail on an implied warranty claim—indeed, the implied warranty *does not exist*—"when the buyer before entering into the contract has examined the goods . . . as fully as he desired," and such an examination "ought" to have revealed the alleged defect. Utah Code Ann. § 70A-2-316(3)(b). Pre-sale knowledge means the claim fails on the merits, not that the plaintiff may still be entitled to damages. *See, e.g.*, Order, ECF No. 901, PageID.40427 (recognizing "that 'knowledge of the defect' by a consumer is a defense to an implied warranty . . . claim under Utah law"); *Durbano Metals v. A & K R.R. Materials*, 574 P.2d 1159, 1162 (Utah 1978) ("As [purchaser] admittedly inspected the goods itself, the District Court did not err in failing to hold [seller] to an implied warranty."); *Sobiech v. Int'l Staple & Mach. Co.*, 867 F.2d 778, 783 (2d

Cir. 1989) ("[A] purchaser cannot recover damages for breach of implied . . . warranties that an examination of the goods should have revealed to him.").

As explained above, Plaintiff test drove his vehicle before buying it, had "no idea . . . what gear it was in," and yet chose to proceed with the purchase. Marble Dep. Tr. 49:21-51:21, ECF No. 883-2, PageID.40000-40002. Given those facts, there is at least a material factual dispute over whether Plaintiff should have known about the alleged defect before buying the vehicle, precluding summary judgment in his favor. *See* ECF No. 885, PageID.40044. Further, determining whether each putative class member had similar pre-sale knowledge would require predominating individual factual inquiries, defeating Plaintiff's request to certify a Rule 23(b)(3) class. *See* ECF No. 883, PageID.39985 ("Whether each putative class member inspected the vehicle and what they discovered or should have discovered are . . . individual factual inquiries.").

Plaintiff urges the Court to ignore Section 70A-2-316(3) because, in his view, "knowledge is a defense on damages—not liability." Mot. 4 (citing *Mulherin*). But again, *the statute* says that the implied warranty does not exist if a plaintiff should have had pre-sale knowledge of an alleged defect—meaning pre-sale knowledge defeats an implied warranty claim on the merits. *See* Utah Code Ann. § 70A-2-316(3)(b) ("[W]hen the buyer before entering into the contract has examined the goods or the sample or model as fully as he desired or has refused to examine the

7

goods *there is no implied warranty* with regard to defects which an examination ought in the circumstances to have revealed to him." (emphasis added)).

Plaintiff relies on *Mulherin* to support his belief that pre-sale knowledge is a "damages question." Mot. 3-4. But *Mulherin* did not even involve an implied warranty claim. Nor did it involve a dispute over pre-sale knowledge under Section 70A-2-316(3)(b). Plaintiff cites no case involving an implied warranty claim holding that pre-sale knowledge concerns damages, not liability.

*Mulherin* involved jury verdict findings that a valve was defective but that the plaintiff misused the valve. The question presented was "whether a finding of misuse by an injured user should completely bar recovery in a claim on strict liability in tort." *Mulherin*, 628 P.2d at 1302. The Utah Supreme Court said no, reasoning that "where both defect and misuse contribute to cause the damaging event, [the misuse defense] will limit the plaintiff's recovery to that portion of his damages equal to the percentage of the cause contributed by the product defect." *Id.* at 1303-04. That holding has nothing to do with whether pre-sale knowledge is relevant to liability or damages for an implied warranty claim. The words "implied warranty" appears nowhere in *Mulherin*. Neither do the words "pre-sale knowledge." Those words also are not in the other case Plaintiff cites, *Beacham v. Lee-Norse*, 714 F.2d 1010 (10th Cir. 1983), which involved a strict products liability

8

claim.  Although *Mulherin* was decided more than forty years ago, Plaintiff cites no case applying *Mulherin* in the context of an implied warranty claim.

To be sure, the Utah Supreme Court has stated that the elements for strict products liability and breach of implied warranty are "essentially the same." *Ernest W. Hahn, Inc. v. Armco Steel Co.*, 601 P.2d 152, 159 (Utah 1979).  But any overlap is limited to *tort* actions for breach of warranty "that seek[ ] damages for personal injury [and] are essentially strict liability claims."  *Bylsma v. Willey*, 2017 UT 85, ¶ 15 n.10; *see also Kirkbride v. Terex USA, LLC*, 798 F.3d 1343, 1354 (10th Cir. 2015) (explaining that strict liability claims are "essentially the same" as warranty claims when brought as "tort causes of action" (cleaned up)).  Plaintiff asserts a *statutory* U.C.C. action for breach of implied warranty, *see* Second Am. Compl., ECF No. 182, ECF No. 5832, and he seeks damages for only alleged economic losses.  *See Davidson Lumber Sales, Inc. v. Bonneville Inv., Inc.*, 794 P.2d 11, 14 (Utah 1990) (distinguishing between U.C.C.-based and tort-based warranty claims). *Compare* Utah Model Civil Jury Instruction No. 1030 (contractual breach of implied warranty under the U.C.C.); *with* Utah Model Civil Jury Instruction No. 1031 (tort breach of implied warranty).

Plaintiff's statutory implied warranty claim is governed by the plain language of Section 70A-2-316(3), which states that no implied warranty exists if the plaintiff had an opportunity to inspect the allegedly defective product before purchase and

should have discovered the defect.  Put differently, pre-sale knowledge is a defense to liability.  "[T]here is no implied warranty" if the plaintiff bought the product with knowledge of its alleged defect.  Utah Code Ann. § 70A-2-316(3)(b).

## III.  <u>There Is Ample Evidence Of Pre-Sale Knowledge.</u>

Plaintiff next argues that the Court should reconsider its Order because "there is simply no evidence that *any* buyer became aware of the defect before buying their class vehicle."  Mot. 6; *see also id.* at 1 (asserting that FCA's pre-sale knowledge defense "is rooted in speculation").  That is not true.  As the Court recognized, there is evidence that Plaintiff struggled to put his shifter into the correct gear during his test drive and yet bought the car anyway.  *See* Order, ECF No. 929, PageID.40741; *see also* Marble Dep. Tr. 49:21-51:21, ECF No. 883-2, PageID.40000-40002. Although the Court reasoned that this evidence does not necessarily establish pre-sale knowledge as a matter of law, the evidence at least creates a "close" factual dispute on the issue, which a jury must resolve.  Order, ECF No. 929, PageID.40746; *see also id.* at PageID.40745 ("[FCA's] invocation of its knowledge defense is not automatically fatal to the warranty claim, but there is evidence that could lead a jury reasonably to find for the defendant on that defense, which would preclude the plaintiff's recovery.").

If a jury could construe the evidence to find that Plaintiff should have had pre-sale knowledge of the alleged defect, the jury could find that other putative class

members also had pre-sale knowledge based on the unique circumstances of their test drives or other pre-purchase experiences.  The only way to make those determinations is with predominating individual inquiries.  As the Court explained, "the question whether each purchaser of a class vehicle had knowledge of the defect before the sale is one that is decidedly subjective and individualized, which cannot be resolved on the basis of class-wide proofs."  Order, ECF No. 929, PageID.40741. And because the issues trial already resolved the common issues, "the individualized inquiries necessary for adjudication of [FCA's] affirmative defense of pre-sale knowledge will *entirely* dominate the liability phase of any ensuing trial."  *Id.* at PageID.40742.

Plaintiff quotes the Court's past orders that described evidence supposedly showing FCA tried to "conceal" the alleged defect, *see* Mot. 8-9, but the jury weighed the evidence and found no concealment, *see* Verdict, ECF No. 853, PageID.36913.  So it is unclear why Plaintiff is arguing about concealment.  He lost that issue.  And as FCA has explained, that it did *not* conceal the alleged defect makes it more likely that consumers should have known about the alleged defect before buying a class vehicle.  *See* ECF No. 885, PageID.40044.  The jury found that the alleged defect was not hidden from consumers.

**IV.    The Court Does Not Have To Certify A Rule 23(b)(3) Class Just Because
It Certified A Rule 23(c)(4) Class.**

Plaintiff contends that Rule 23(c)(4) somehow requires this Court to certify a
Rule 23(b)(3) class because the issues class "was meant to efficiently advance the
litigation."  Mot. 11 (quotation marks omitted).  That is another new argument
Plaintiff did not raise previously.  The Court should refuse to consider it.  *See, e.g.*,
*Schuette v. Jackson Cty.*, 2022 U.S. Dist. LEXIS 105048, at *4 (E.D. Mich. June 13,
2022) ("[T]he court need not address this issue because it is a new argument.").

Regardless, the issues class *did* advance the litigation: it disposed of all claims
for most states.  And it led to Plaintiff abandoning all of his claims except the implied
warranty claim.  *See* Order, ECF No. 929, PageID.40736 ("Presently, the sole
surviving cause of action from the SACMC standing before this Court is Count CV
(105), which pleads a breach of implied warranty of merchantability under the State
of Utah's enactment of the Uniform Commercial Code (UCC).").  So for Utah, the
only thing left to do is try Plaintiff Marble's individual implied warranty claim.
Plaintiff's real concern seems to be that the issues trial did not promote his pursuit
of a Rule 23(b)(3) class.  But he cites no rule, case, or other authority suggesting that
a Rule 23(b)(3) class must follow on the heels of a Rule 23(c)(4) class.

The issues class advanced this case by resolving common questions, leaving
only individual issues to resolve.  *See* Order, ECF No. 929, PageID.40742.  With no

common issues left, the individual issues "will *entirely* predominate the liability phase of any ensuring trial," precluding certification under Rule 23(b)(3).  *Id.*

## V.   <u>Reconsideration Is Not Warranted Because Any Conceivable Error Is Not Outcome Determinative.</u>

Even if the Court made some "mistake," it still should deny Plaintiff's motion because the mistake does not "change the outcome."  E.D. Mich. L.R. 7.1(h)(2)(A). There are many reasons to deny Plaintiff's Motion to Certify a Utah Class and Motion for Summary Judgment.  FCA incorporates and preserves all of its arguments from briefing on those motions, including that Plaintiff's pre-sale knowledge defeats causation as a matter of law.  *See* ECF No. 885, PageID.40047.  That said, FCA highlights two independent reasons that support denying the motions.

<u>First</u>, the Court can and should strike Plaintiff's Motion to Certify a Utah Class.  *See* Mot. to Strike, ECF No. 884, PageID.40011.  In fact, the Court *granted* in full FCA's motion to strike Plaintiff's renewed Rule 23(b)(3) motions, which include the Motion to Certify a Utah Class.  *See* ECF No. 920 ("[I]t is ORDERED that the defendant's motion to strike (ECF No. 884) is GRANTED.").  That Order explained that Plaintiff's new Rule 23(b)(3) motions are "tardy and procedurally improper," as plaintiffs moved to certify such classes in 2019 and "fail[ed] to establish any viable legal grounds for revisiting the class certification question at this late stage of the proceeding."  *Id.*  That reasoning applies equally to the Motion to Certify a Utah Class.

13

Second, Plaintiff signed a purchase agreement that disclaimed *all* warranties, "express or implied." ECF No. 883-3, PageID.40006. That disclaimer is a "conspicuous" writing that "makes plain that there is no implied warranty" and defeats his implied warranty claim as a matter of law. Utah Code Ann. § 70A-2-316(3)(b); *see also* ECF No. 885, PageID.40042-40043. The disclaimer also defeats certification under Rule 23(b)(3) because it means that Plaintiff is neither an adequate nor a typical class representative. *See* ECF No. 883, PageID.39980-39982; *see also id.* at PageID.39986-39987. Further, determining whether putative class members agreed to similar disclaimers will require additional individualized inquiries, which further defeats predominance. *See id.* at PageID.39986-39987.

## CONCLUSION

The Court should deny Plaintiff's Motion for Reconsideration.


Dated: November 15, 2024            Respectfully submitted,

**KLEIN THOMAS LEE & FRESARD**

/s/Ian K. Edwards
Fred J. Fresard (P43694)
Ian K. Edwards (P82021)
Klein Thomas Lee & Fresard
101 W. Big Beaver Rd., Suite 1400
Troy, MI 48084
Tel.: (248) 509-9272
Fred.Fresard@kleinthomaslaw.com
Ian.Edwards@kleinthomaslaw.com

Brandon L. Boxler
919 E. Main St.
Suite 1000
Richmond, VA 23219
Tel.: (703) 621-2109
Brandon.Boxler@kleinthomaslaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on November 15, 2024, a true and correct copy of the foregoing document was served on all counsel of record.

<u>/s/Ian Edwards          </u>

16